IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-cv-4112-MJD/AJB |
| | ) | |
| EQUIFAX, INC.; EXPERIAN | ) | |
| INFORMATION SOLUTIONS INC.; TRANS | ) | |
| UNION, LLC; and VANTAGESCORE | ) | |
| SOLUTIONS, LLC | ) | |
| Defendants. | | |

## DEFENDANT VANTAGESCORE SOLUTIONS, LLC'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant VantageScore Solutions, LLC ("VantageScore") answers the numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.      VantageScore admits that various financial institutions, lenders, and others use credit scores as a tool in various circumstances to determine whether to provide credit. VantageScore denies the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.      VantageScore admits that the FICO score is the leading credit score in the financial industry today.  VantageScore denies the remaining allegations in paragraph 2 of the Amended Complaint.

3.      VantageScore admits that in March 2006, an announcement was made that the Credit Bureaus had developed a common risk algorithm, that the algorithm would be owned by VantageScore, that the VantageScore$^{SM}$ scoring model is based on a single identical scoring algorithm and leveled definitions, across all three credit bureaus, of the credit characteristic data used within the algorithm, that the VantageScore$^{SM}$ scoring model has a scoring range of 501-

990.  Any statements made would speak for themselves.  VantageScore denies that Fair Isaac has any trademark or trademarks on the numbers 300 through 850 or a scoring range of 300 to 850. VantageScore is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of the Amended Complaint and therefore denies those allegations.

4.     VantageScore is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4 and therefore denies those allegations.   VantageScore denies all of the remaining allegations contained in paragraph 4

5.     VantageScore denies the allegations contained in paragraph 5.

6.     VantageScore denies the allegations contained in paragraph 6.

7.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that a third-party provider of an industry-recognized scoring algorithm like Plaintiff can help a potential competitor enter the credit reporting business, that industry-recognized scoring algorithms that do not use aggregated credit data to evaluate consumer worthiness, such as Plaintiff's Expansion score, can and do act as a catalyst for the development of such sources of information, and that these other sources of information can develop into a competitive alternative to aggregated consumer credit data.   VantageScore denies the remaining allegations contained in paragraph 7.

8.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore denies those allegations.

9.     VantageScore denies the allegations contained in paragraph 9.

10.     VantageScore admits that the Amended Complaint purports to assert acts that Plaintiff contends constitute federal unfair competition, trademark infringement, misleading and false advertising, and antitrust violations, as well as deceptive trade practices, unfair competition, trademark infringement, and antitrust violations under Minnesota law, but VantageScore denies that Plaintiff has any cognizable claim against VantageScore.

11.     VantageScore admits that Plaintiff in paragraph 11 attempts to define certain terms for use in its Amended Complaint but VantageScore denies that Plaintiff has accurately defined either the relevant markets or the term "aggregated credit data" and denies the remaining allegations contained in paragraph 11.

12.     VantageScore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     VantageScore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     VantageScore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     VantageScore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     VantageScore admits that it is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, that its members are Equifax Information Services, LLC, Experian Information Solutions Inc., and Trans Union, LLC, and that VantageScore's registered agent is Corporate Service Company at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.   VantageScore denies that Equifax Inc. is one of its members. VantageScore also denies that it does business in the District of Minnesota and that the

Court has jurisdiction over this matter.  VantageScore further denies that it has committed acts of unfair competition, trademark infringement, misleading and false advertising, deceptive trade practices, unreasonable and illegal restraints of trade, and other unlawful acts in the District of Minnesota, as alleged by Plaintiff.

17.     VantageScore admits that the Court has subject matter jurisdiction over this case but denies that Plaintiff has any cognizable claims against VantageScore and further denies that the Court has personal jurisdiction over VantageScore or that venue is proper before this Court.

18.     VantageScore denies the allegations in paragraph 18 to the extent those allegations pertain to it, and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 to the extent they pertain to the other defendants, and thus also denies those allegations.

19.     VantageScore denies the allegations contained in paragraph 19 except VantageScore states that credit scores may be used to identify certain risks.

20.     VantageScore admits the allegations contained in the first, second, fifth and sixth sentences of paragraph 20.  VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences of that paragraph, and therefore denies the allegations contained in the third and fourth sentences of paragraph 20.

21.     VantageScore denies the allegations contained in paragraph 21.

22.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 and therefore denies those allegations.

23.     Vantage Score admits the allegations contained in the third and fourth sentences of paragraph 23 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 and therefore denies all of those allegations.

24.     Vantage Score admits the allegations contained in the third sentence of paragraph 24 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 and therefore denies all of those allegations.

25.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 and therefore denies those allegations.

26.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and therefore denies those allegations.

27.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and therefore denies those allegations.

28.     VantageScore admits that Fair Isaac uses a three-digit number range and that a higher credit score corresponds to a lower level of risk but denies the remaining allegations contained in paragraph 28 of the Amended Complaint.

29.     VantageScore denies the allegations contained in paragraph 29.

30.     VantageScore admits that Fair Issac claims to own various trademarks but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and therefore denies those allegations.

31.     VantageScore admits that Fair Issac claims to own various trademarks but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and therefore denies those allegations.

32.     VantageScore admits that Plaintiff uses the name FICO in connection with its credit scores and that it claims to own that name but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 of the Amended Complaint and therefore denies those allegations.

33.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint and therefore denies those allegations.

34.     VantageScore denies the first sentence in paragraph 34, and VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained paragraph 34 of the Amended Complaint and therefore denies those allegations.

35.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint and therefore denies those allegations.

36.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint and therefore denies those allegations.

37.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint and therefore denies those allegations.

38.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Amended Complaint and therefore denies those allegations.

39.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Amended Complaint and therefore denies those allegations.

40.     VantageScore admits that Plaintiff sells credit scoring services, but VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 40 of the Amended Complaint and therefore denies those allegations.

41.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint and therefore denies those allegations.

42.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 42 of the Amended Complaint and therefore denies those allegations.  VantageScore admits the allegations contained in the third sentence of paragraph 42 of the Amended Complaint.

43.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Amended Complaint and therefore denies those allegations.

44.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Amended Complaint and therefore denies those allegations.

45.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Amended Complaint and therefore denies those allegations.

46.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Amended Complaint and therefore denies those allegations.

47.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Amended Complaint and therefore denies those allegations.

48.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Amended Complaint and therefore denies those allegations.

49.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Amended Complaint and therefore denies those allegations.

50.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Amended Complaint and therefore denies those allegations.

51.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Amended Complaint and therefore denies those allegations.

52.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Amended Complaint and therefore denies those allegations.

53.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint and therefore denies those allegations.

54.     VantageScore admits that in March 2006, there was an announcement about the new VantageScore and that VantageScore owns an algorithm, and denies the remaining allegations of paragraph 54 of the Amended Complaint.

55.     VantageScore admits that its scoring ranges from 501-990, that a higher number of a VantageScore represents a lower likelihood of risk, and denies the remaining allegations in paragraph 55 of the Amended Complaint.

56.     VantageScore denies the allegations contained in paragraph 56.

57.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Amended Complaint and therefore denies those allegations.

58.     VantageScore denies the allegations contained in paragraph 58.

59.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Amended Complaint and therefore denies those allegations.

60.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Amended Complaint and therefore denies those allegations.

61.     VantageScore denies the allegations contained in paragraph 61.

62.     VantageScore denies the allegations contained in paragraph 62.

63.     VantageScore denies the allegations in paragraph 63 of the Amended Complaint and further denies that the statements quoted therein fully and fairly characterize the content of the complete exhibits as to VantageScore except admits that the VantageScore website and VantageScore brochure speak for themselves.

64.     VantageScore denies the allegations contained in paragraph 64.

65.     VantageScore denies the allegations set forth in the first sentence of paragraph 65 of the Amended Complaint and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 65, and therefore denies those allegations.

66.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint and therefore denies those allegations, except states that the document attached as Exhibit 10 to the Amended Complaint speaks for itself.

67.     VantageScore denies the allegations in paragraph 67 of the Amended Complaint except states that the document attached as Exhibit 11 to the Amended Complaint speaks for itself.

68.     VantageScore denies the allegations in paragraph 68 of the Amended Complaint except admits that the documents attached as Exhibits 10, 12, 13, 14 and 15 of the Amended Complaint speak for themselves.

69.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint and therefore denies those allegations, except VantageScore admits that VantageScores of 678 and 670 equate to a "D" on the logical score grouping of VantageScore.

70.     VantageScore denies the allegations contained in paragraph 70.

71.     VantageScore denies the allegations contained in paragraph 71.

72.     VantageScore denies the allegations contained in paragraph 72.

73.     VantageScore denies the allegations contained in paragraph 73.

74.     VantageScore denies the allegations contained in paragraph 74.

75.     VantageScore denies the allegations contained in paragraph 75.

76.     VantageScore denies the allegations contained in paragraph 76.

77.     VantageScore denies the allegations contained in paragraph 77.

78.     VantageScore denies the allegations contained in paragraph 78.

79.     VantageScore denies the allegations contained in paragraph 79.

80.     VantageScore denies the allegations contained in paragraph 80.

81.     The allegations in paragraph 81 of the Amended Complaint do not pertain to VantageScore, and VantageScore therefore denies the allegations contained in paragraph 81.

82.     The allegations in paragraph 82 of the Amended Complaint do not pertain to VantageScore, and VantageScore therefore denies the allegations contained in paragraph 82.

83.     The allegations in paragraph 83 of the Amended Complaint do not pertain to VantageScore, and VantageScore therefore denies the allegations contained in paragraph 83.

84.     VantageScore denies the allegations contained in paragraph 84.

85.     VantageScore denies the allegations contained in paragraph 85.

86.     VantageScore denies the allegations contained in paragraph 86.

87.     VantageScore denies the allegations contained in paragraph 87.

88.     VantageScore denies the allegations contained in paragraph 88.

89.     VantageScore denies the allegations contained in paragraph 89.

90.     VantageScore denies the allegations contained in paragraph 90.

91.     VantageScore denies the allegations contained in paragraph 91.

92.     VantageScore denies the allegations contained in paragraph 92.

93.     VantageScore admits that lenders and others usually will conduct their own testing prior to adopting a new type of score.  VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 93 of the Amended Complaint and therefore denies those allegations.

94.     VantageScore denies the allegations contained in paragraph 94, except VantageScore admits that the VantageScore$^{SM}$ scoring model uses the scoring range of 501-990.

95.     VantageScore denies the allegations contained in paragraph 95.

96.     VantageScore denies the allegations contained in paragraph 96.

97.     VantageScore denies the allegations contained in paragraph 97.

98.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Amended Complaint and therefore denies those allegations.

99.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Amended Complaint and therefore denies those allegations.

100.    VantageScore denies the allegations contained in paragraph 100 except that VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Experian contained in the last sentence of paragraph 100 of the Amended Complaint and therefore also denies those allegations.

101.    VantageScore denies the allegations contained in paragraph 101.

102.    VantageScore denies the allegations contained in paragraph 102.

103.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Amended Complaint and therefore denies those allegations.

104.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint and therefore denies those allegations.

105.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Amended Complaint and therefore denies those allegations.

106.    VantageScore denies the allegations contained in paragraph 106.

107.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Amended Complaint and therefore denies those allegations.

108.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Amended Complaint and therefore denies those allegations.

109.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Amended Complaint and therefore denies those allegations.

110.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Amended Complaint and therefore denies those allegations.

111.     VantageScore denies the allegations contained in paragraph 111.

112.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Amended Complaint and therefore denies those allegations.

113.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Amended Complaint and therefore denies those allegations.

114.     VantageScore denies the allegations contained in paragraph 114.

115.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Amended Complaint and therefore denies those allegations.

116.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Amended Complaint and therefore denies those allegations.

117.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Amended Complaint and therefore denies those allegations.

118.     VantageScore admits that the scoring algorithm is a common algorithm that each of the Credit Bureaus may use, denies the remaining allegations in the first sentence of paragraph 118 of the Amended Complaint and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 118, and therefore denies those allegations.

119.     VantageScore denies the allegations contained in paragraph 119.

120.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Amended Complaint and therefore denies those allegations.

121.     VantageScore denies the allegations contained in paragraph 121.

122.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Amended Complaint and therefore denies those allegations.

123.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Amended Complaint and therefore denies those allegations.

124.     VantageScore admits that certain non-traditional information may be used to calculate credit scores and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 124 of the Amended Complaint and therefore denies those allegations.

125.    VantageScore denies the allegations contained in paragraph 125.

126.    VantageScore denies the allegations contained in paragraph 126.

127.    VantageScore denies the allegations contained in paragraph 127.

128.    VantageScore denies the allegations in paragraph 128 to the extent those allegations purport to concern VantageScore and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 128 of the Amended Complaint and therefore denies those allegations.

129.    VantageScore denies the allegations contained in paragraph 129.

## COUNT ONE

**Federal Unfair Competition, 15 U.S.C. § 1125(a)**
**(Defendants' Use of Fair Isaac's 300-850**
**Credit-score range and Common-Law Trademarks)**

130.    VantageScore repeats and realleges its answers above as its answer to paragraph 130.

131.    VantageScore denies the allegations contained in paragraph 131.

132.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint and therefore denies those allegations.

133.    VantageScore denies the allegations contained in paragraph 133.

134.    VantageScore denies the allegations contained in paragraph 134.

135.    VantageScore denies the allegations contained in paragraph 135.

136.    VantageScore denies the allegations contained in paragraph 136.

137.    VantageScore denies the allegations contained in paragraph 137.

## COUNT TWO

### Infringement of Registered Trademark, 15 U.S.C. § 1114

138.    VantageScore repeats and realleges its answers above as its answer to paragraph 138.

139.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Amended Complaint and therefore denies those allegations.

140.    VantageScore denies the allegations contained in paragraph 140.

141.    VantageScore denies the allegations contained in paragraph 141.

142.    VantageScore denies the allegations contained in paragraph 142.

143.    VantageScore denies the allegations contained in paragraph 143.

## COUNT THREE

### Trademark Infringement, Minnesota Common Law

144.    VantageScore repeats and realleges its answers above as its answer to paragraph 144.

145.    VantageScore denies the allegations contained in paragraph 145.

146.    VantageScore denies the allegations contained in paragraph 146.

## COUNT FOUR

### Unfair Competition and False Advertising, 15 U.S.C. § 1125(a)
### (Defendants' Misleading and False Representations of Fact)

147.    VantageScore repeats and realleges its answers above as its answer to paragraph 147.

148.    VantageScore denies the allegations contained in paragraph 148.

149.    VantageScore denies the allegations contained in paragraph 149.

150.    VantageScore denies the allegations contained in paragraph 150.

151.    VantageScore denies the allegations contained in paragraph 151.

152.    VantageScore denies the allegations contained in paragraph 152.

153.    VantageScore denies the allegations contained in paragraph 153.

## COUNT FIVE

**Deceptive Trade Practices, Minn. Stat. § 325D.44**

154.    VantageScore repeats and realleges its answers above as its answer to paragraph

154.

155.    VantageScore denies the allegations contained in paragraph 155.

156.    VantageScore denies the allegations contained in paragraph 156.

157.    VantageScore denies the allegations contained in paragraph 157.

158.    VantageScore denies the allegations contained in paragraph 158.

159.    VantageScore denies the allegations contained in paragraph 159.

160.    VantageScore denies the allegations contained in paragraph 160.

161.    VantageScore denies the allegations contained in paragraph 161.

162.    VantageScore denies the allegations contained in paragraph 162.

## COUNT SIX

**Unjust Enrichment, Minnesota Common Law**

163.    VantageScore repeats and realleges its answers above as its answer to paragraph

163.

164.    VantageScore denies the allegations contained in paragraph 164.

165.    VantageScore denies the allegations contained in paragraph 165.

## COUNT SEVEN

### Unreasonable and Illegal Restraint of Trade, 15 U.S.C. § 1
### (Joint Creation and Ownership of VantageScore and
### Agreement to Limit Competition among Credit Bureaus)

166.    VantageScore repeats and realleges its answers above as its answer to paragraph 166.

167.    VantageScore denies the allegations contained in paragraph 167.

168.    VantageScore denies the allegations contained in paragraph 168.

169.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 169 of the Amended Complaint and therefore denies those allegations.

170.    VantageScore denies the allegations contained in paragraph 170.

171.    VantageScore denies the allegations contained in paragraph 171.

172.    VantageScore denies the allegations contained in paragraph 172.

173.    VantageScore denies the allegations contained in paragraph 173.

174.    VantageScore denies the allegations contained in paragraph 174.

175.    VantageScore denies the allegations contained in paragraph 175.

176.    VantageScore denies the allegations contained in paragraph 176.

177.    VantageScore admits that the activities alleged in the Amended Complaint occurred in or affect interstate commerce but VantageScore denies that it has committed any acts that have had any anticompetitive effect on interstate commerce.

178.    VantageScore denies the allegations contained in paragraph 178.

## COUNT EIGHT

**Illegal Merger or Acquisition under Section Seven of the Clayton Act,
15 U.S.C. § 18, and Section One of the Sherman Act, 15 U.S.C. § 1
(Joint Creation, Ownership, and Operation of VantageScore)**

179.    VantageScore repeats and realleges its answers above as its answer to paragraph 179.

180.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Amended Complaint and therefore denies those allegations.

181.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Amended Complaint and therefore denies those allegations.

182.    VantageScore denies the allegations contained in paragraph 182.

183.    VantageScore denies the allegations contained in paragraph 183.

184.    VantageScore denies the allegations contained in paragraph 184.

185.    VantageScore denies the allegations contained in paragraph 185.

186.    VantageScore admits that the activities alleged in the Amended Complaint occurred in or affect interstate commerce but VantageScore denies that it has committed any acts that have had any anticompetitive effect on interstate commerce.

187.    VantageScore denies the allegations contained in paragraph 187.

188.    VantageScore denies the allegations contained in paragraph 188.

## COUNT NINE

**Attempt to Monopolize Under Section
Two of the Sherman Act, 15 U.S.C. § 2
(Attempt to Monopolize the Market for Consumer Credit Scores)**

189.     VantageScore repeats and realleges its answers above as its answer to paragraph 189.

190.     VantageScore denies the allegations contained in paragraph 190.

191.     VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of paragraph 191 of the Amended Complaint and therefore denies those allegations.   VantageScore denies the remaining allegations in paragraph 191 of the Amended Complaint.

192.     VantageScore denies the allegations contained in paragraph 192.

193.     VantageScore denies the allegations contained in paragraph 193.

194.     VantageScore admits that the activities alleged in the Amended Complaint occurred in or affect interstate commerce but VantageScore denies that it has committed any acts that have had any anticompetitive effect on interstate commerce.

195.     VantageScore denies the allegations contained in paragraph 195.

## COUNT TEN

**Conspiracy to Monopolize Under Section
Two of the Sherman Act, 15 U.S.C. § 2
(Conspiracy to Monopolize the Market for Consumer Credit Scoring)**

196.     VantageScore repeats and realleges its answers above as its answer to paragraph 196.

197.     VantageScore denies the allegations contained in paragraph 197.

198.     VantageScore admits that credits scores require an algorithm and credit data but denies the remaining allegations contained in paragraph 198.

199.    VantageScore denies the allegations contained in paragraph 199.

200.    VantageScore denies the allegations contained in paragraph 200.

201.    VantageScore denies the allegations contained in paragraph 201.

202.    VantageScore admits that the activities alleged in the Amended Complaint occurred in or affect interstate commerce but VantageScore denies that it has committed any acts that have had an anticompetitive effect on interstate commerce.

203.    VantageScore denies the allegations contained in paragraph 203.

## COUNT ELEVEN

### Illegal Concerted Refusal to Deal under Minnesota Antitrust Act of 1971, Minn. Stat. § 325D.53, subd. 1(3) (Coercing the Agreement of Fair Isaac to Refuse to Deal with Lenders)

204.    VantageScore repeats and realleges its answers above as its answer to paragraph 204.

205.    VantageScore is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Amended Complaint and therefore denies those allegations.

206.    VantageScore denies the allegations contained in paragraph 206.

207.    VantageScore denies the allegations contained in paragraph 207.

## PRAYER FOR RELIEF

VantageScore denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1.    Plaintiff's Amended Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

## INVALID MARKS AND REGISTRATIONS

2.      Plaintiff does not own a valid trademark in the numbers 300-850 or the number range 300 to 850.  If the scope of Plaintiff's 300-850® Marks is construed as alleged (i.e., trademark rights in each number of the 300-850 range, or sub-ranges thereof), the marks and registrations are invalid, among other reasons, because:

(a)      they are generic and/or descriptive with respect to Plaintiff's credit scoring services and/or lack distinctiveness;

(b)      they are functional in that there is a competitive need to use at least some of the numbers in the range 300-850 to compete in the credit scoring industry; and

(c)      they essentially comprise "phantom" marks having changeable elements in violation of the Trademark Act.

## VANTAGESCORE DOES NOT USE PLAINTIFF'S PURPORTED MARKS IN A TRADEMARK SENSE

3.      Even if Plaintiff's 300-850® Marks are valid, VantageScore does not make use of these marks in a trademark sense, but rather in a descriptive manner, if at all.  Plaintiff has no right to stop VantageScore from using any numbers, including either 300 or 850, as a number grade in a credit scoring system.

## FAIR USE

4.      The use of numbers 501-990 or the number range 501 to 990 in the VantageScore[SM] credit score is a descriptive fair use and not a trademark use within the meaning of 15 U.S.C. § 1115(b)(4).

## ACQUIESENCE/ABANDONMENT

5.      Plaintiff has acquiesced in the use of the numbers 501-990 and number range 501 to 990 in the VantageScore[SM] credit score and/or abandoned any alleged trademark rights, if any.

## ESTOPPEL

6.      Plaintiff is estopped from asserting trademark rights in each number of the 300-850 range, or sub-ranges thereof, by statements and admissions made to the U.S. Patent and Trademark Office during prosecution of the 300-850 trademark application.

## TRUTH

7.      Plaintiff's claims are barred in whole or in part because statements made by VantageScore are true.

## LACK OF CONFUSION

8.      Plaintiff's claims are barred because the numbers 501-990 and the number range 501 to 990 are sufficiently different than the numbers 300-850 and the number range 300 to 850 such that no confusion is likely.

## UNCLEAN HANDS
### (as to alleged trademark rights)

9.      Plaintiff is guilty of unclean hands by alleging trademark rights that are contrary to the trademark laws and inconsistent with its own statements and admissions to the U.S. Patent and Trademark Office with respect to the alleged marks.

## IMPROPER USE OF PURPORTED TRADEMARK RIGHTS

10.      Plaintiff is improperly using its purported trademark rights to further its dominant position in the provision of credit scores and to prevent lawful competition.

## NO ANTITRUST INJURY

11.      Plaintiff's antitrust claims are barred, in whole or in part, because Plaintiff has not suffered any antitrust injury.

## LACK OF STANDING

12.     Plaintiff's antitrust claims are barred, in whole or in part, because Plaintiff lacks standing to seek relief for such claims.

## LACK OF DAMAGES

13.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages.

## FAILURE TO MITIGATE DAMAGES

14.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate alleged damages.

## LACK OF PROXIMATE CAUSE

15.     Plaintiff's claims are barred, in whole or in part, because there is no direct or proximate casual connection between any claims of harm or injury to Plaintiff and any acts alleged to have been committed by VantageScore.

## UNCLEAN HANDS

16.     Plaintiff's claims for any form of equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

## EQUITABLE ESTOPPEL

17.     Plaintiff's claims are barred by the doctrine of equitable estoppel.

## WAIVER

18.     Plaintiff's claims are barred by the doctrine of waiver.

## LEGITIMATE BUSINESS INTERESTS/BUSINESS JUDGMENT

19.      Plaintiff's claims are barred because all of VantageScore's actions challenged by Plaintiff were carried out in furtherance of VantageScore's legitimate business interests and were the product of VantageScore's independent business judgment.

## NO DANGEROUS PROBABILITY OF ACHIEVING MONOPOLY POWER

20.      Plaintiff's attempt to monopolize claim fails because there is no dangerous probability that VantageScore will achieve monopoly power.

## PROCOMPETITIVE EFFECTS

21.      Plaintiff's claims that VantageScore has conspired in violation of Sections 1 and 2 of the Sherman Act fail because VantageScore's participation in the formation of VantageScore is procompetitive and will significantly benefit lenders and consumers.  VantageScore brings new competition to the market that would not have been possible without the formation of VantageScore.

## INCORPORATION OF OTHER DEFENDANTS' AFFIRMATIVE DEFENSES

22.      Any affirmative defenses pleaded by other Defendants and not pleaded by VantageScore are incorporated herein to the extent they do not conflict with VantageScore's affirmative defenses.

### Reservation of Right to Assert Other Defenses

VantageScore reserves the right to assert other defenses as this action proceeds. Additional facts may become known during the course of discovery and investigation which will support affirmative defenses that currently are unknown to VantageScore.

WHEREFORE, Defendant VantageScore Solutions, LLC requests:

A.      Judgment dismissing Plaintiff's Amended Complaint with prejudice;

B.      the costs of defending this action, including attorneys' fees and expenses; and

26

      C.       such other relief as the Court deems just and proper.

Dated:  November ___, 2006.             KELLY & BERENS, P.A.


                          By:      s/ Barbara P. Berens
                               Barbara P. Berens, #209788
                               John D. Bessler, #218418
                               3720 IDS Center
                               80 South Eighth Street
                               Minneapolis, MN 55402
                               (612) 349-6171
                               ***Attorneys for VantageScore Solutions, LLC***