# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.;<br><br>    Plaintiffs,<br><br>v.<br><br>Equifax Inc.; Equifax Information Services LLC; Experian Information Solutions Inc.; TransUnion, LLC; VantageScore Solutions LLC; and Does I through X;<br><br>    Defendants. | Civil Action No:<br>0:06-cv-04112 (ADM/JSM) |

### MEMORANDUM OF LAW IN SUPPORT OF EXPERIAN'S MOTION TO COMPEL PLAINTIFFS TO RESPOND FULLY TO INTERROGATORIES 20, 21, AND 22 OF EXPERIAN'S <u>AMENDED FIRST SET OF INTERROGATORIES</u>

Pursuant to Rules 33 and 37(a)(2) of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of the United States District Court for the District of Minnesota, Defendant Experian Information Solutions, Inc. ("Experian") hereby submits this memorandum of law in support of its accompanying motion to compel Plaintiffs Fair Isaac Corporation and myFICO Consumer Services, Inc. ("Plaintiffs" or "Fair Isaac") to respond fully to Interrogatories 20, 21, and 22 of Defendant Experian's Amended First Set of Interrogatories to Fair Isaac, which were served on March 9, 2007.[1]

---

[1] Defendants Equifax Inc., Equifax Information Services LLC, Experian, Trans Union LLC, and VantageScore Solutions LLC have also brought a motion, being filed today, seeking to compel Plaintiffs to produce documents responsive to Defendants' Second Set

**STATEMENT OF FACTS**

On January 17, 2007, Experian served Plaintiffs with a set of thirteen interrogatories, seeking information regarding Plaintiffs' claims and alleged damages. See Experian's First Set of Interrogatories to Fair Isaac (the "Interrogatories"), Declaration of Bryan D. Gant (hereinafter "Gant Decl."), Ex. 1. On January 29, Plaintiffs wrote to Experian to object to these thirteen Interrogatories on the grounds that they allegedly contained subparts constituting "at least 139 interrogatories." Gant Decl., Ex. 2.[2] On February 16, Plaintiffs served their Answers to the Interrogatories and refused to answer <u>any</u> of those requests. Gant Decl., Ex. 3.

Only after several weeks of lengthy negotiations and six letters discussing this issue did Plaintiffs withdraw these objections, in return for Experian's agreement to remove a small number of duplicative subparts. Experian subsequently served an Amended First Set of Interrogatories on March 9. Gant Decl., Ex. 4.

On April 11 Plaintiffs served their Answers to Experian's Amended First Set of Interrogatories (Numbers 1-5, 8-14, and 18-22).[3] Gant Decl., Ex. 5. However, after

---

of Document Requests. However, because Experian's Interrogatories to Fair Isaac were served only on its behalf, Experian is accordingly filing the present motion separately.

[2] Plaintiffs' claim was that Experian's interrogatories contained multiple subparts – including one (Interrogatory 2) which Plaintiff claimed contained 52 separate and distinct requests. The interrogatory in question contained only 86 words and was only 9 lines long; as such, Plaintiffs' claim was that Experian inquired into a wholly separate subject under Rule 33 every 1.65 words.

[3] Plaintiffs also served answers to Experian's Interrogatories 6-7, and 15-17. However, because these answers were marked Confidential – Attorneys' Eyes Only, Plaintiffs served such answers in a separate document. As none of the answers marked

three months in which to search for and provide responsive information, Plaintiffs failed to provide complete information for two interrogatories (Interrogatory 1-2), stated that they did not have responsive information for a few others (Interrogatory 3-5), and refused to answer three interrogatories. (Interrogatories 20-22).  Interrogatories 20-22 are the subject of the present motion.

On June 1, Experian sent Plaintiffs a letter identifying deficiencies in the Plaintiffs' responses, and requesting that Plaintiffs provide responsive information for Interrogatories 20-22.  Gant Decl. Ex. 6.  These interrogatories call for identification of "all persons with knowledge or information relating to each item of Fair Isaac's claimed damages" for Plaintiffs' antitrust (Interrogatory No. 20), trademark (Interrogatory No. 21), and false advertising (Interrogatory No. 22) claims.  Plaintiffs did not respond to this letter.  Gant Decl. ¶ 7.  On July 11, having heard nothing from Plaintiffs for over a month, Experian wrote a further letter requesting a response.  Gant Decl. Ex. 7.  Plaintiffs responded on July 16 by refusing to provide responsive information to Interrogatories 20-22, on the grounds that these requests somehow would require Plaintiffs to identify anyone with any information relating to any aspect of Plaintiffs' claims.  Plaintiffs provided an example of the way in which they felt these interrogatories were overbroad:

> "As you know, Fair Isaac has alleged . . . that Experian's use of the 330-830 scoring range constitutes trademark infringement.  If I understand you correctly, you would have us identify every employee who knows that Experian is selling a credit score with the scoring range 330-830."

---

Confidential – Attorneys' Eyes Only are relevant to the present Motion, Experian has not included that document here, but would be glad to provide it to the Court upon request.

Gant Decl., Ex. 8.  Plaintiffs then responded that they would not provide responsive information until the expert discovery phase.

On July 19, Experian responded by explaining that Plaintiffs' position conflated <u>damages</u> with <u>liability</u>, that Experian's interrogatories sought information regarding the former, and that Plaintiffs' position improperly would require that Experian wait until fact discovery (and Experian's opportunity to depose Fair Isaac's witnesses) was complete before Plaintiffs would provide information regarding the factual underpinnings of their damages claims.  Gant Decl. Ex. 9.

These interrogatories call for the identification of persons with knowledge of the facts of Plaintiffs' alleged <u>damages</u>, not all of the alleged facts which they believe might support their claims of liability.  By way of example, if Experian were found liable as a result of Plaintiffs' trademark infringement claims, Plaintiffs likely would seek to recover lost profits.  As such, Plaintiffs would be required to present evidence establishing their profits and any losses due to Defendants' conduct.  As Experian has explained to Plaintiffs, "[w]hile Plaintiffs may rely on an expert to help <u>quantify</u> their alleged damages, those damages must nonetheless be based on facts.  These interrogatories call for identification of any persons with knowledge of such facts" – for example, Plaintiffs' profits and any effects on those profits perceived by the knowledgeable Fair Isaac employees.  Letter from Bryan Gant to Michael Collyard, July 19, 2007, Gant Decl. Ex. 9.  Plaintiffs have never responded to Experian's July 19 letter, and after being notified on several occasions that Experian would seek the Court's intervention regarding these

requests, Plaintiffs have not changed their position. Accordingly, Experian hereby moves to compel a full response to its amended First Set of Interrogatories.

## ARGUMENT

The requests at issue and Plaintiffs' responses are as follows:

**INTERROGATORY 20:** With respect to each item of damages that Fair Isaac claims to have suffered as a result any of the Defendants' alleged violations of state or federal antitrust laws, identify all persons with knowledge or information relating to each item of Fair Isaac's claimed damages.

**ANSWER TO INTERROGATORY 20:** Fair Isaac objects to this Interrogatory as premature to the extent that it calls for expert testimony, which Fair Isaac will disclose in accordance with the Scheduling Order. Fair Isaac also objects to this Interrogatory as overbroad and unduly burdensome. Fair Isaac also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine.

**INTERROGATORY 21:** With respect to each item of damages that Fair Isaac claims to have suffered as a result of the alleged infringement of any of the Fair Isaac Designations by any of the Defendants, identify all persons with knowledge or information relating to each item of Fair Isaac's claimed damages.

**ANSWER TO INTERROGATORY 21:** Fair Isaac objects to this Interrogatory as premature to the extent that it calls for expert testimony, which Fair Isaac will disclose in accordance with the Scheduling Order. Fair Isaac also objects to this Interrogatory as overbroad and unduly burdensome. Fair Isaac also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine.

**INTERROGATORY 22:** With respect to each item of damages that Fair Isaac claims to have suffered as a result of any alleged false or misleading statements made by any of the Defendants, identify all persons with knowledge or information relating to each item of Fair Isaac's claimed damages.

**ANSWER TO INTERROGATORY 22:** Fair Isaac objects to this Interrogatory as premature to the extent that it calls for expert testimony, which Fair Isaac will disclose in accordance with the Scheduling Order. Fair Isaac also objects to this Interrogatory as overbroad and unduly burdensome. Fair Isaac also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine.

I.      **The Factual Underpinnings of Plaintiffs' Damages Claims Are Relevant**

The information requested here is relevant to Plaintiffs' damages claims, and as such is properly subject to discovery. As this Court has explained, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence at trial. See Fed. R. Civ. P. 26(b)(1) ("[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."); see also Minnesota Specialty Crops, Inc. v. Minnesota Wild, 210 F.R.D. 673, 675 (D. Minn. 2002) ("Generally, discovery may inquire into all information, not otherwise privileged, that is relevant to the subject matter of the action, provided that it is reasonably calculated to lead to the discovery of admissible evidence."); Walker v. Northwest Airlines Corp., No. Civ. 00-2604 MJD/JGL, 2002 WL 32539635, at *1 (D. Minn. Oct. 28, 2002)  (Gant Decl. Ex. 10) ("In the context of discovery, 'relevant' has been defined as encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'") (quoting Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

Plaintiffs have brought a series of antitrust, trademark, and false advertising claims against Experian (and the other Defendants) and are seeking damages. Plaintiffs presumably brought this action on the basis of a belief that they had somehow been damaged by some action of Defendants'. See, e.g., 6 James. Wm. Moore et al., Moore's

Federal Practice ¶ 26.22 [4][c][ii] ("A party claiming damages must, of course, have some evidence that an injury occurred and some basis for calculating the damages the party suffered as the result of that injury before filing suit.") (emphasis added); see also Fed. R. Civ. P. 11(b); Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 542 (1991).

That factual basis for Plaintiffs' belief that they were harmed by Defendants' alleged actions is neither privileged nor expert testimony, as Plaintiffs' claim.[4] Evidence of that factual basis could include, among other things, information concerning Fair Isaac's financial performance, business projections, lost sales, and communications with customers. Individuals knowledgeable about these and other areas presumably would testify about the facts supporting (or not) Plaintiffs' claims that it has been injured and suffered damages. Accordingly, Experian is entitled to discover the identity of these individuals so that it may explore Plaintiffs' speculative and, Experian believes, wholly baseless claims that it has suffered damages.

## II.   Discovery into Damages is Routinely Granted

Discovery into a plaintiff's claimed damages is routine. See, e.g., 10 Fed. Proc., L. Ed. § 26:136 ("Discovery as to damages is as much available to a party as discovery on the merits of a claim.") (citing Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933)). Indeed, Plaintiffs intend to take (and have taken) such discovery

---

[4] Plaintiffs' reluctance to either articulate or allow discovery into their alleged damages perhaps points up the simple fact that Plaintiffs have not been harmed by any action of Experian or any other party in this case. Nonetheless, even if Plaintiffs simply have no evidence of being harmed, they are under an obligation to respond fully to these interrogatories.

themselves.  See Plaintiffs' Fifth Set of Requests to Defendant Experian Information Solutions, Inc., Gant Decl. Ex. 11. (requesting factual information regarding Experian's profits from various credit scores, presumably in support of Plaintiffs' damages claim).

Further, Rule 26(a)(1) of the Federal Rules of Civil Procedure requires not only that plaintiffs allow discovery into their claimed damages, but also that they do so as part of their initial disclosures.  See Fed. R. Civ. P. 26(a)(1)(C) (requiring "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered").[5]  Plaintiffs not only refused to do so in their initial disclosures, but now refuse to provide discovery into the factual underpinnings of their damages claims until after fact discovery, including all fact depositions, has concluded.

Plaintiffs refuse to produce such factual information, because they claim doing so would require "expert discovery."  We note, however, that Plaintiffs' law firm, Robins, Kaplan, Miller, & Ciresi LLP ("Robins, Kaplan"), recently made this same argument in another case in this District in the context of document requests, and Magistrate Judge Boylan rightly rejected it.  In AEI Fund Management, Inc. v. The Geneva Organization, Inc., Robins, Kaplan refused to produce documents showing gross profits and other information going directly to the factual underpinnings of their client's damages claims,

---

[5] Here Plaintiffs refused to do so, stating that they would not be able to provide any estimate until they had conducted discovery from Defendants on damages – the same discovery they now deny Experian.

on the grounds that such requests "improperly request[ed] expert opinion." 06-CV-1633, Dkt. No. 66, at 3 (April 26, 2007) (Gant Decl. Ex. 12).  Magistrate Boylan rejected this view and ordered the production of the factual material called for by the request.  Id. at 6-7.

Here, Experian seeks the identities of witnesses knowledgeable about the very same factual issues, and Plaintiffs should be compelled to provide this discovery.

### III. Plaintiffs' Vagueness Objections Are Unfounded and Do Not Discharge Their Obligations to Respond to This Discovery

Admittedly, Experian's Interrogatories here are less specific than the document requests in AEI Fund Management, which called for specific types of financial information.  Here, Experian's Interrogatories seek information regarding Plaintiffs' damages generally rather than any particular type of damages (such as lost profits or injury to reputation).  This, however, is the result of Plaintiffs' own vagueness in its damages claims and its continued refusal to identify any damages that it has suffered (or to provide any calculation of damages as contemplated by Rule 26(a)(1)).

Plaintiffs have asserted exceedingly vague and speculative damages claims – e.g., suggesting generally that they have been injured by the introduction of VantageScore, even though they have been telling their investors that they have not lost a "single customer" to VantageScore.  See Q3 2007 Fair Isaac Corporation Earnings Conference Call, p. 9, Gant Decl. Ex. 13.  This has forced Experian to inquire generally about those claims in the hopes of discovering some basis for Plaintiffs' claims of damage.  Plaintiffs however, have refused Experian even that discovery.  Experian believes this refusal is

likely for a reason, namely that, consistent with Fair Isaac's recent public statements, it has not suffered any damage as a result of VantageScore. But, whether or not that is the case, Experian is entitled to discovery on these claims.

As such, Experian respectfully submit that Plaintiffs should be ordered to respond fully to Interrogatories 20-22. Further, given the already-six-month delay in providing this information, Experian respectfully submits that Plaintiffs should be ordered to provide this information immediately.

## **CONCLUSION**

Plaintiffs previously refused to produce certain documents relating to their damages claims; this issue is currently before this Court on Defendants' April 25th motion. Now Plaintiffs refuse even to provide the names of the persons who have knowledge of the facts regarding their alleged damages, the very facts which must be in Plaintiffs' possession as the basis for this lawsuit. Plaintiffs should be compelled to provide this information.

## **LOCAL RULE 7.1(C) CERTIFICATE**

The undersigned movants certify that this Memorandum of Law contains 2,526 words. This count was prepared with the word count feature of Microsoft Office Word 2003, the program used to prepare this Memorandum of Law. The word count was applied specifically to include all text, including headings, footnotes, and quotations, but excluding captions, signature text, and certificates of counsel.

Respectfully submitted this 8th day of August, 2007.

**Lindquist & Vennum PLLP**

By: s/ Mark A. Jacobson
    Mark A. Jacobson (MN Bar #188943)
    Mark H. Zitzewitz (MN Bar #0289073)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 371-3211
Fax: (612) 371-3207

– and –

M. Elaine Johnston
Robert A. Milne
Christopher J. Glancy
**White & Case LLP**
1155 Avenue of the Americas
New York, NY 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*