2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,　　　　　　　　CIVIL NO. 06-4112 (ADM/JSM)

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　PRETRIAL SCHEDULING ORDER

EQUIFAX INC.; EXPERIAN INFORMATION
SOLUTIONS INC.; TRANS UNION, LLC; and
VANTAGESCORE SOLUTIONS, LLC,

　　　　Defendants.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings and Disclosures

| | |
|---|---|
| Completed - | All pre-discovery disclosures required by Rule 26(a)(1), including production of documents, have been completed. |
| April 1, 2007 - | All motions which seek to amend the pleadings or add parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading. This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages. Such motions must be brought on or before the non-dispositive motion deadline. |

Discovery and Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

　　　　November 1, 2007 -　　　By plaintiff
　　　　December 1, 2007 -　　　By defendants
　　　　December 15, 2007 -　　Rebuttal by plaintiff

| | |
|---|---|
| November 1, 2007 - | All fact discovery of any kind shall be commenced in time to be completed by this date. |
| February 1, 2008 - | All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date. |
| February 15, 2008 - | All non-dispositive motions and supporting pleadings (affidavits, memorandum of law, and proposed order), including those which relate to discovery and any request for extension of this Pretrial Scheduling Order, shall be served, filed and HEARD by this date. Prior to scheduling any non-dispositive motion, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, non-dispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190. A Reply Memorandum not exceeding 1750 words (including footnotes) may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, 37.1 and 37.2. When a motion, response or reply brief is filed on ECF, one paper courtesy copy of the pleading and all supporting documents shall be mailed or delivered to the undersigned in an envelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously with the documents being posted on ECF. |

Dispositive Motions and Trial

| | |
|---|---|
| April 1, 2008 - | All dispositive motions (affidavits, memorandum of law, and proposed order), shall be served, filed and HEARD by this date. Counsel for the moving party shall call Calendar Clerk Gertie Simon, 612-664-5093 to schedule the hearing. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, one paper courtesy copy of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Gertie Simon, 612-664-5093 contemporaneously with the documents being posted on ECF. |

This case shall be ready for trial as of June 1, 2008. The parties estimate that trial of this Jury matter will take 4 weeks.

Depositions/Interrogatories

Plaintiff may take up to 30 depositions of defendants, including employees of defendants, plus 8 third-party depositions (including former employees of defendants).

Defendants may collectively take up to 30 depositions of plaintiff, including employees of plaintiff, plus 8 third-party depositions (including former employees of plaintiff).

All party, third-party and expert depositions shall be limited to 7 hours as set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure, except that a Rule 30(b)(6) deposition of a party may exceed 7 hours. The 7-hour limit for all third-party depositions shall be allocated as follows: noticing party/side: 5 hours; other side: 2 hours.

In the event that one or more parties believe that more than 7 hours is needed to complete a deposition of any person (except a Rule 30(b)(6) deponent), the procedure set forth below shall be followed:

1. Counsel must use the entire 7 hours allotted for the person's deposition. The Court will not consider any request for additional time if inquiring counsel do not use the entire 7 hours permitted by Rule 30(d)(2).

2. Within the last hour of the 7 hours of deposition, these attorneys who seek additional time to question the deponent shall identify for opposing counsel those areas inquiring counsel believe- cannot be covered in the allotted 7 hours of time and shall state how much additional time is needed to complete the deposition. Opposing counsel will then decide whether to grant the request for additional time to complete the person's deposition.

3. If the parties cannot agree at the deposition on the amount of additional time to be given to complete the person's deposition, the dispute will be resolved as follows: (a) In order to preserve the arguments of counsel for a future motion to the Court, those attorneys who seek additional time to question the deponent shall state on the record the amount of additional time needed to complete the deposition and the areas to be covered in this additional time, and opposing counsel shall state on the record the reasons for not agreeing to the request for additional time; or (b) the attorneys may contact the Court via telephone from the deposition in order to resolve the dispute, at which time those attorneys who seek additional time to question the deponent shall state on the record to the Court the amount of additional time needed to complete the deposition and the areas to be covered in this additional time, and opposing counsel shall state on the record the reasons for not agreeing to the request for more time.

3

In counting depositions, a Rule 30(b)(6) deposition shall count as one deposition, unless it exceeds 7 hours. In the event that a Rule 30(b)(6) deposition exceeds 7 hours, the additional hours shall count as an additional deposition or the pro rata portion of an additional deposition (e.g. if a Rule 30(b)(6) deposition lasts 14 hours, it shall count as 2 depositions in the 30 depositions allocated per side. If a Rule 30(b)(6) deposition lasts 10.5 hours, it shall count as 1 1/2 depositions in the 30 depositions allocated per side).

No more than 25 Interrogatories (including all subparts) shall be served per party.

General

The Court will not establish the number of written discovery devices which may be employed by the parties not covered in this Order. The attention of the parties is called to the provisions of Rule 26(g)(2). If necessary, the Court will rule on objections to specific discovery. See also Rule 26(g)(3) and Rule 37(a)(4).

Each party may depose all disclosed experts.

Each party may call all disclosed experts at trial.

Electronic Discovery -- If electronic data or documents are produced in electronic form, the data or documents will be converted to and produced in a single-page TIFF image format with an Opticon load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

Expert Communications -- Drafts of expert reports and documents reflecting written communications between an expert and a party, or between an expert and counsel, including electronic copies of those documents, are not discoverable and none of these documents need to be retained during the litigation.

Confidential Documents -- All documents produced by a party before and up to the entry of a Protective Order shall be reviewable only by counsel of record for the receiving party (and their office associates, legal assistants, and stenographic and clerical employees), irrespective of the designation on the document. After the entry of a Protective Order, the documents shall be treated according to the particular designation on the documents.

Privileged Documents -- The parties shall not be required to log work-product materials or attorney-client privileged communications relating to the claims and defenses in this lawsuit after a certain date. For plaintiff Fair Isaac Corporation, that date will be June 30, 2006. For the defendants, that date will be October 11, 2006. The parties will produce any discoverable documents that are attached to or that accompanied any attorney-client privileged communications if those documents are not themselves protected as work-product materials or attorney-client privileged communications.

Authentication of Documents -- Any document authored by an employee of a party or third party which is (1) produced by a party or third party out of its files during the course of litigation, and (2) presented to the author of the document at his or her deposition, shall be presumed, unless objected to by the producing party at or prior to the deposition, to be in the form produced during discovery and to be genuine, authentic, and a record of regularly conducted business activities, within the exception set forth in Rule 803(6) of the Federal Rules of Evidence. This provision does not waive any party's right to claim that the document is otherwise inadmissible based on some other appropriate rule of evidence.

Dated:      January 17, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge



UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,                    CIVIL NO. 06-4112 (ADM/JSM)

    Plaintiff,

v.                                         **AMENDED** PRETRIAL
                                           SCHEDULING ORDER

EQUIFAX INC.; EXPERIAN INFORMATION
SOLUTIONS INC.; TRANS UNION, LLC; and
VANTAGESCORE SOLUTIONS, LLC,

    Defendants.

The above matter came on before the undersigned upon the parties' Joint Motion to Amend the Pretrial Scheduling Order [Docket No. 202].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that the parties' Joint Motion to Amend the Pretrial Scheduling Order [Docket No. 202] is granted as follows.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings and Disclosures

    Completed -          All pre-discovery disclosures required by Rule 26(a)(1), including production of documents, have been completed.

    April 1, 2007 -       All motions which seek to amend the pleadings or add parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading. This deadline does not apply to motions which seek to amend

the complaint to add a claim for punitive damages. Such motions must be brought on or before the non-dispositive motion deadline.

Discovery and Nondispositive Motions

**September 15, 2007 -**    The parties shall produce no later than September 15, 2007, the documents that the parties have acknowledged in their responses and Joint Motion at Paragraph 7, will be produced, with the exceptions set forth in the Joint Motion. This deadline does not prohibit a party from producing additional documents that are located incidentally after September 15, 2007, but it does require each party to make a full and good-faith effort to locate its responsive documents and produce them by that date.

**October 31, 2007 -**    All parties must serve all privilege logs on or before this date. This deadline does not prohibit a party from serving a follow-up log(s) later, but it does require each party to make a full and good-faith effort to log all documents that would have to be produced by September 15, 2007, if they were not being withheld from production on privilege or work-product grounds.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

      **March 15, 2008 -**    By plaintiff
      **May 15, 2008 -**    By defendants
      **June 15, 2008 -**    Rebuttal by plaintiff

**March 1, 2008 -**    All fact discovery of any kind shall be commenced in time to be completed by this date.

**July 15, 2008 -**    All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

**August 1, 2008 -**    All non-dispositive motions and supporting pleadings (affidavits, memorandum of law, and proposed order), including those which relate to discovery and any request for extension of this Pretrial Scheduling Order, shall be served, filed and HEARD by this date. Prior to scheduling any non-dispositive motion, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference

2

with the Magistrate Judge. To the extent that formal discovery motions will be filed, non-dispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190. A Reply Memorandum not exceeding 1750 words (including footnotes) may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, 37.1 and 37.2. When a motion, response or reply brief is filed on ECF, one paper courtesy copy of the pleading and all supporting documents shall be mailed or delivered to the undersigned in an envelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously with the documents being posted on ECF.

Dispositive Motions and Trial

**October 15, 2008 -** All dispositive motions (affidavits, memorandum of law, and proposed order), shall be served, filed and HEARD by this date. Counsel for the moving party shall call Calendar Clerk Gertie Simon, 612-664-5093 to schedule the hearing. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, one paper courtesy copy of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Gertie Simon, 612-664-5093 contemporaneously with the documents being posted on ECF.

This case shall be ready for trial as of **February 1, 2009.** The parties estimate that trial of this Jury matter will take 4 weeks.

Depositions/Interrogatories

Plaintiff may take up to 30 depositions of defendants, including employees of defendants, plus 8 third-party depositions (including former employees of defendants).

Defendants may collectively take up to 30 depositions of plaintiff, including employees of plaintiff, plus 8 third-party depositions (including former employees of plaintiff).

3

All party, third-party and expert depositions shall be limited to 7 hours as set forth in Rule 30(d)(2) of the Federal Rules of Civil Procedure, except that a Rule 30(b)(6) deposition of a party may exceed 7 hours. The 7-hour limit for all third-party depositions shall be allocated as follows: noticing party/side: 5 hours; other side: 2 hours.

In the event that one or more parties believe that more than 7 hours is needed to complete a deposition of any person (except a Rule 30(b)(6) deponent), the procedure set forth below shall be followed:

1. Counsel must use the entire 7 hours allotted for the person's deposition. The Court will not consider any request for additional time if inquiring counsel do not use the entire 7 hours permitted by Rule 30(d)(2).

2. Within the last hour of the 7 hours of deposition, these attorneys who seek additional time to question the deponent shall identify for opposing counsel those areas inquiring counsel believe- cannot be covered in the allotted 7 hours of time and shall state how much additional time is needed to complete the deposition. Opposing counsel will then decide whether to grant the request for additional time to complete the person's deposition.

3. If the parties cannot agree at the deposition on the amount of additional time to be given to complete the person's deposition, the dispute will be resolved as follows: (a) In order to preserve the arguments of counsel for a future motion to the Court, those attorneys who seek additional time to question the deponent shall state on the record the amount of additional time needed to complete the deposition and the areas to be covered in this additional time, and opposing counsel shall state on the record the reasons for not agreeing to the request for additional time; or (b) the attorneys may contact the Court via telephone from the deposition in order to resolve the dispute, at which time those attorneys who seek additional time to question the deponent shall state on the record to the Court the amount of additional time needed to complete the deposition and the areas to be covered in this additional time, and opposing counsel shall state on the record the reasons for not agreeing to the request for more time.

In counting depositions, a Rule 30(b)(6) deposition shall count as one deposition, unless it exceeds 7 hours. In the event that a Rule 30(b)(6) deposition exceeds 7 hours, the additional hours shall count as an additional deposition or the pro rata portion of an additional deposition (e.g. if a Rule 30(b)(6) deposition lasts 14 hours, it shall count as 2 depositions in the 30 depositions allocated per side. If a Rule 30(b)(6) deposition lasts 10.5 hours, it shall count as 1 ½ depositions in the 30 depositions allocated per side).

No more than 25 Interrogatories (including all subparts) shall be served per party.

4

General

The Court will not establish the number of written discovery devices which may be employed by the parties not covered in this Order. The attention of the parties is called to the provisions of Rule 26(g)(2). If necessary, the Court will rule on objections to specific discovery. See also Rule 26(g)(3) and Rule 37(a)(4).

Each party may depose all disclosed experts.

Each party may call all disclosed experts at trial.

Electronic Discovery -- If electronic data or documents are produced in electronic form, the data or documents will be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

Expert Communications -- Drafts of expert reports and documents reflecting written communications between an expert and a party, or between an expert and counsel, including electronic copies of those documents, are not discoverable and none of these documents need to be retained during the litigation.

Confidential Documents -- All documents produced by a party before and up to the entry of a Protective Order shall be reviewable only by counsel of record for the receiving party (and their office associates, legal assistants, and stenographic and clerical employees), irrespective of the designation on the document. After the entry of a Protective Order, the documents shall be treated according to the particular designation on the documents.

Privileged Documents -- The parties shall not be required to log work-product materials or attorney-client privileged communications relating to the claims and defenses in this lawsuit after a certain date. For plaintiff Fair Isaac Corporation, that date will be June 30, 2006. For the defendants, that date will be October 11, 2006. The parties will produce any discoverable documents that are attached to or that accompanied any attorney-client privileged communications if those documents are not themselves protected as work-product materials or attorney-client privileged communications.

Authentication of Documents -- Any document authored by an employee of a party or third party which is (1) produced by a party or third party out of its files during the course of litigation, and (2) presented to the author of the document at his or her deposition, shall be presumed, unless objected to by the producing party at or prior to the deposition, to be in the form produced during discovery and to be genuine, authentic, and a record of regularly conducted business activities, within the exception set forth in Rule 803(6) of the Federal Rules of Evidence. This provision does not waive any party's right to claim that the document is otherwise inadmissible based on some other appropriate rule of evidence.

5

Case Management Conference Calls – Pursuant to Local Rule 16.4, the parties are required to schedule and participate in periodic case management telephone conference calls. The first case management conference call will take place between September 15 and 30, 2007.

1. Forty-eight hours prior to each case management conference call, the parties shall submit to the Court in writing or via email a proposed agenda for the conference call.

2. If the parties seek to place on the agenda an item which is disputed, all parties to the dispute must confer thoroughly on this item before placing it on the agenda for the conference call. Disputed matters which have not been the subject of a thorough conference to resolve the dispute, shall not be heard at the conference call.

3. With respect to any items placed on the agenda that are in dispute, 48 hours prior to the case management conference call, each party to the dispute shall submit to the Court a letter describing the dispute, the party's position with respect to the dispute and why the party objects to the position of the opposing party. These letters shall be sent to the chambers of the undersigned and may include attachments, however the parties are reminded that the attachments must be short enough for the Court to review prior to the conference call and to resolve the dispute during the conference. There shall be no rebuttal letters submitted to the Court unless permitted by the Court.

4. Plaintiff's counsel shall initiate each conference call. Once all the parties are on the telephone, the undersigned should be added to the conference at 651-848-1190.

5. The case management conference calls shall not be recorded by the Court. In the event that the parties wish the conference call to be recorded or transcribed, the parties shall arrange for a court reporter.

6. Each subsequent case management telephone conference call will be scheduled at the end of the previous conference call.

Dated:      August 28, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

4

RECYCLED



**U.S. Department of Justice**

Antitrust Division

---

*Joan Farragher*
*Networks & Technology Enforcement Section*
*Phone: 202-307-6355*
*Email: joan.farragher@usdoj.gov*

*Bicentennial Building*
*Suite 9500, 600 E Street, N.W.*
*Washington, DC 20530*

January 24, 2007

**VIA FACSIMILE**
**212 354 8113**

M. Elaine Johnston
White & Case LLP
1155 Avenue of the Americas
New York, New York
10036-2787

      Re:   VantageScore Solutions, LLC

Dear Elaine:

      This letter confirms that the Antitrust Division's investigation into VantageScore Solutions, LLC, has closed without enforcement action.

      Please contact me at (202) 307-6355 to discuss disposal of your client's documents.

                                        Sincerely,

                                        Joan Farragher