IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.; <br><br> Plaintiffs, <br><br> v. <br><br> Equifax Inc.; Equifax Information Services LLC; Experian Information Solutions Inc.; TransUnion, LLC; VantageScore Solutions LLC; and Does I through X; <br><br> Defendants. | Civil Action No: <br> 0:06-cv-04112 (ADM/JSM) |

## DECLARATION OF BRYAN GANT

Pursuant to 28 U.S.C. § 1746, I, Bryan Gant, declare and say as follows:

1. I am an associate with White & Case LLP, counsel for Experian Information Solutions, Inc. ("Experian") in this matter. I submit this declaration in support of Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Defendants' First Set of Requests for the Production of Documents. I have personal knowledge of the facts contained herein.

2. On November 21, 2007, Defendants Equifax Inc., Equifax Information Services LLC, Experian Information Solutions, Inc., TransUnion LLC, and VantageScore Solutions LLC (collectively, "Defendants") served their Sixth Set of Requests for the Production of Documents ("Defendants' Sixth Set of Document Requests") on Plaintiffs Fair Isaac Corporation and myFICO Consumer Services, Inc. (collectively, "Plaintiffs").

Attached hereto as Exhibit 1 is a true and correct copy of Defendants' First Set of Document Requests, dated November 21, 2007.

3. On December 21, 2007, Plaintiffs served their Responses to Defendants' Sixth Set of Document Request [sic] for the Production of Documents, objecting to each of the requests and refusing to produce any responsive documents. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Responses to Defendants' Sixth Set of Document Requests, dated December 21, 2007.

4. The parties met and conferred several times regarding Plaintiffs' objections, and exchanged several letters or e-mails summarizing their discussions and explaining their positions. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Bryan Gant to Michael A. Collyard, dated January 31, 2008. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Jack E. Pace III to Michael A. Collyard, dated February 15, 2008. Attached hereto as Exhibit 5 is a true and correct copy of an e-mail from Michael A. Collyard to Jack Pace, et al., dated February 18, 2008. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Michael A. Collyard to Jack E. Pace III, dated February 22, 2008. Attached hereto as Exhibit 7 is a true and correct copy of an e-mail from Jack E. Pace to Michael A. Collyard, et al., dated February 22, 2008.

5. While the parties have been able to resolve a number of their disputes regarding these requests through this process, Requests 1-6 and 18-31 of Defendants Sixth Set of Document Requests remain in dispute, despite Defendants' good faith attempts to confer with Plaintiffs on these issues.

6. During the meet and confer held on February 12, 2008, Defendants agreed to limit Requests 4 and 6 to a "sufficient to show" basis, rather than "all documents relating to," the information requested.

7. Attached hereto as Exhibit 8 is a true and correct copy, with highlighting added, of an excerpt of the transcript of the 2008 first quarter Fair Isaac Corporation Earnings Conference Call, dated January 22, 2008.

8. Attached hereto as Exhibit 9 is a true and correct copy, with highlighting added, of an excerpt of the transcript of the 2007 first quarter Fair Isaac Corporation Earnings Conference Call, dated January 24, 2007.

9. Attached hereto as Exhibit 10 is a true and correct copy, with highlighting added, of an excerpt of the transcript of the Fair Isaac Corporation statements at Citigroup ePayments Day, dated December 6, 2007.

10. Attached hereto as Exhibit 11 is a true and correct copy, with highlighting added, of an excerpt of the transcript of the Fair Isaac Corporation Year-End Update, dated November 14, 2006.

11. Filed under seal as Exhibit 12 is a true and correct copy, with highlighting added, of a document from Plaintiffs' production, the first page of which bears bates number FIC0218117.

12. Filed under seal as Exhibit 13 is a true and correct copy, with highlighting added, of a document from Plaintiffs' production, the first page of which bears bates number FIC0309098.

13. Filed under seal as Exhibit 14 is a true and correct copy, with highlighting added, of a document from Plaintiffs' production, the first page of which bears bates number FIC0218024.

14. Attached hereto as Exhibit 15 is a true and correct copy of <u>Sinco, Inc. v. B&O Manufacturing, Inc.</u>, No. 03-5277, 2005 WL 1432202 (D. Minn., May 23, 2005).

15. Attached hereto as Exhibit 16 is a true and correct copy of <u>Critical Vac Filtration Corp. v. Northland Filter Sys. Int'l, Inc.</u>, No. 90 Civ. 1189, 1991 WL 117699 (N.D.N.Y. 1991).

16. Attached hereto as Exhibit 17 is a true and correct copy of Federal Trade Commission and U.S. Department of Justice, <u>Antitrust Guidelines for Collaborations among Competitors</u>, at 25 (Apr. 2000).

17. Pursuant to Local Rule 37.1, I certify that Defendants have, in good faith, conferred with other affected parties but have been unable to resolve these matters without Court action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008.

                                                                                             s/ Bryan D. Gant

                                                                                             Bryan D. Gant