IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.,<br>　　　　　Plaintiffs,<br><br>v.<br><br>Equifax Inc.; Equifax Information Services LLC; Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC, and Does I through X,<br><br>　　　　　Defendants. | Civil Action No: 06 CV 4112 ADM/JSM<br><br><br><br>**Defendants Trans Union LLC's and VantageScore Solutions, LLC's Reply Memorandum in Support of their Motion to Compel Identification of Allegedly Misappropriated Trade Secrets** |

　　The parties agree that there is a date by which Plaintiffs must identify the allegedly misappropriated trade secrets. The question before the Court is what that date should be. Plaintiffs have offered to make their disclosure by June 1, 2008 (albeit with totally unrelated and unacceptable conditions). (See Plaintiffs' Response Brief at 5.) Movants seek disclosure by April 1, 2008. Plaintiffs' date is not a fair compromise as it provides only one month of fact discovery for Movants to investigate the allegedly misappropriated trade secrets. Their July 15, 2008 proposed disclosure date is even worse for the reasons discussed in our opening memorandum.

　　The prejudice to Movants is obvious: if Plaintiffs had their way and made the required disclosure on June 1st, the Movants would not have adequate time to prepare for and take the needed depositions of Plaintiffs' employees and third parties in the remaining one month of fact discovery. On the other hand, the prejudice to Plaintiffs

from Movant's proposed deadline of April 1st is only the difference between having six months versus eight months to review the VantageScore development materials before having to identify the allegedly misappropriated trade secrets.

Six months is more than sufficient time for Plaintiffs to identify (a year after filing their claims) what they contend Movants misappropriated. As Defendants have previously informed Plaintiffs and this Court, the 133-page document Defendants produced on September 28 2007, contains the complete design of the VantageScore model and may be analyzed by Plaintiffs' consultant to discover the absence of Plaintiffs' trade secrets. Although Plaintiffs continue to dwell upon the burden of reviewing the electronic files on the VantageScore development computers (files Plaintiffs insisted upon receiving), these files only further establish that the bureaus independently developed VantageScore. In any event, Plaintiffs had this production five months ago, before their answers to Trans Union' discovery requests were due and long before Plaintiffs' sought and obtained the current discovery schedule.

Redacted

**Redacted**

Plaintiffs cannot justify further delay in making the required disclosure and should therefore be required to identify by April 1, 2008 the trade secrets that they allege to have been misappropriated.

Respectfully submitted this 7th day of March, 2008.

        **Bassford Remele**

By:   /s/ Christopher R. Morris
       Christopher R. Morris (MN Bar #230613)
       Lewis A. Remele, Jr. (MN Bar #90724)
       33 South Sixth Street, Suite 3800
       Minneapolis, MN 55402
       Tel: (612) 376-1601
       Fax: (612) 333-8829

       James K. Gardner
       Ralph T. Russell
       Dao L. Boyle
       **Neal, Gerber & Eisenberg LLP**
       Two North LaSalle Street, Suite 2200
       Chicago, IL 60602
       Tel: (312) 269-8030

       *Attorneys for Defendant*
       *Trans Union LLC*

       **Kelly and Berens, P.A.**

By:   /s/ Justi Rae Miller

- 4 -

        Justi Rae Miller (MN Bar #0387330)
        Barbara Podlucky Berens (MN Bar #209788)
        3720 IDS Center -- 80 South Eighth Street
        Minneapolis, MN 55402
        Tel: (612) 349-6171
        Fax: (612) 349-6416

*Attorneys for Defendant*
*VantageScore Solutions, LLC*