UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION and
MYFICO CONSUMER SERVICES, INC.,

    CIVIL NO. 06-4112 (ADM/JSM)

    Plaintiffs,

v.

    ORDER

EQUIFAX INC., EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS INC., TRANSUNION, LLC,
VANTAGESCORE SOLUTIONS LLC and
DOES I THROUGH X,

    Defendants.

    The above matter came on for hearing before the undersigned on March 10, 2008 upon Defendant Trans Union, LLC's and VantageScore Solutions LLC's Motion to Compel Identification of Allegedly Misappropriated Trade Secrets [Docket No. 281].  Michael A. Collyard, Esq. and Randall Tietjen, Esq. appeared on behalf of plaintiffs; Jay W. Schlosser, Esq. and Teresa T. Bonder, Esq. appeared on behalf of defendant Equifax Inc.; Jack E. Pace, III, Esq. and Mark A. Jacobson, Esq. appeared on behalf of defendant Experian Information Solutions Inc.; Christopher R. Morris, Esq. and Dao L. Boyle, Esq. appeared on behalf of defendant Trans Union, LLC; and Barbara P. Berens, Esq. and Justi Rae Miller, Esq. appeared on behalf of defendant VantageScore Solutions, LLC.

    The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, and for the reasons stated on the record and in the attached Memorandum, now makes and enters the following Order.

    IT IS HEREBY ORDERED that Defendant Trans Union, LLC's and VantageScore

Solutions LLC's Motion to Compel Identification of Allegedly Misappropriated Trade Secrets [Docket No. 281] is granted.  On or before May 15, 2008, plaintiffs shall specifically identify in writing each trade secret which they allege was misappropriated in connection with the claims asserted by plaintiffs against Trans Union and VantageScore Solutions, LLC in this case.

Dated:       March 10, 2008

>                       *s/ Janie S. Mayeron*
>                       JANIE S. MAYERON
>                       United States Magistrate Judge

## MEMORANDUM

Fair Isaac Corporation and MyFICO Consumer Services, Inc. ("Fair Isaac') have alleged that Trans Union and VantageScore have misappropriated Fair Isaac's trade secrets.  Bearing on this claim, by November 2007, defendants had produced to Fair Isaac approximately 150 million pages of documents that relate to the development and testing of VantageScore's algorithm. Trans Union and VantageScore also served written discovery upon Fair Isaac (first, interrogatories, and then, requests for admission) seeking to learn the identity of the trade secrets that Fair Isaac claimed that Trans Union and VantageScore had misappropriated.  While Fair Isaac responded to this discovery to some extent (based on publicly available information), Fair Isaac objected to the discovery on grounds that it sought information to which only its experts were privy and its expert reports were not due until July 15, 2008.  The basis of this objection was that the information upon which full responses depended, algorithm information that had been designated by defendants as

"Confidential-Algorithm" or "Confidential – Attorneys' Eyes Only", could only be reviewed by Fair Isaac's independent experts and outside counsel, and not by any Fair Isaac employee.

In their motion, Trans Union and VantageScore argued that they must learn the identity of the trade secrets Fair Isaac maintains they have misappropriated before fact discovery ends (July 1, 2008) and they are not seeking to modify the deadline for Fair Isaac's expert disclosures.  In response, Fair Isaac submitted that Trans Union and VantageScore were seeking to modify the operative scheduling order by requiring it to disclose its expert reports prior to July 15, 2008, the deadline set for its initial expert disclosures, and that it would be willing to permit some limited fact discovery on its trade secret claim after its expert disclosures were made and before Trans Union and VantageScore were required to make their expert disclosures.

Fair Isaac, Trans Union and VantageScore all agree that Fair Isaac's response to Trans Union and VantageScore's discovery requires the involvement of Fair Isaac's experts and that Trans Union and VantageScore should be permitted to do fact discovery after Fair Isaac apprises them of the identity of the trade secrets it claims they have misappropriated. The question is when should Fair Isaac be required to disclose the identity of the misappropriated trade secrets.

This Court had determined that Fair Isaac shall identify the trade secrets it claims Trans Union and VantageScore have misappropriated by May 15, 2008.  This will give Fair Isaac's experts approximately six months to review and analyze defendants' highly confidential documents before being required to identify the misappropriated trade secrets, while still giving Trans Union and VantageScore time to conduct fact discovery on this topic

before the deadline for fact discovery.  This Court recognizes that by ordering Fair Isaac to identify the misappropriated trade secrets by May 15, 2008, it is requiring Fair Isaac's experts to reach their conclusions on the trade secret claim prior to July 15, 2008, the deadline for Fair Isaac to make its initial expert disclosures.  However, Trans Union and VantageScore cannot proceed forward with their discovery on Fair Isaac's trade secret claim until they know what trade secrets are at issue.  Thus, balancing their need for information prior to the end of fact discovery against Fair Isaac experts' need to have adequate time to formulate their conclusions, this Court has arrived at the date of May 15, 2008, for Fair Isaac to identify the trade secrets it claims Trans Union and VantageScore have misappropriated.  The expert disclosures contemplated by the Third Amended Scheduling Order on Fair Isaac's trade secret claim shall be made on July 15, 2008.

J.S.M.