UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION and
MYFICO CONSUMER SERVICES, INC.,           CIVIL NO. 06-4112 (ADM/JSM)

    Plaintiffs,

v.                                                                                                ORDER

EQUIFAX INC., EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS INC., TRANSUNION, LLC,
VANTAGESCORE SOLUTIONS LLC and
DOES I THROUGH X,

    Defendants.

The above matter came on for hearing before the undersigned on March 10, 2008 upon Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Defendants' Document Requests. [Docket No. 275]. Michael A. Collyard, Esq. and Randall Tietjen, Esq. appeared on behalf of plaintiffs; Jay W. Schlosser, Esq. and Teresa T. Bonder, Esq. appeared on behalf of defendant Equifax Inc.; Jack E. Pace, III, Esq. and Mark A. Jacobson, Esq. appeared on behalf of defendant Experian Information Solutions Inc.; Christopher R. Morris, Esq. and Dao L. Boyle, Esq. appeared on behalf of defendant Trans Union, LLC; and Barbara P. Berens, Esq. and Justi Rae Miller, Esq. appeared on behalf of defendant VantageScore Solutions, LLC.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, and for the reasons stated on the record and in the attached Memorandum, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Defendants' Document Requests. [Docket No. 275] is granted in part, and denied in part. Plaintiffs shall produce to Defendants the documents set forth in the attached Memorandum.

Dated:   March 20, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

MEMORANDUM

At issue in this motion to compel were Document Request Nos. 1-6 and 18-31 of Defendants' Sixth Set of Requests for the Production of Documents. At the hearing, this Court ruled that the documents sought by Document Request Nos. 1-6 were relevant to the defense to Plaintiffs' antitrust claims, and Document Request Nos. 18-31 were relevant to the defense to Plaintiffs' false advertising claims. At the same time, the Court determined that the Document Requests were unduly burdensome to Plaintiffs, and as the parties had not engaged in any meaningful discussion to resolve the burdensome nature of the Requests, ordered the parties to meet and confer to determine if they could agree to appropriate limitations to this discovery. The parties complied with that Order and have reported that they have reached an agreement with respect to Document Request Nos. 1-6 and 18-31. That Agreement is set forth below and is adopted by this Court.

Agreement with Respect to Request Nos. 1-6.

The parties have agreed that the time frame for all of these requests is limited to January 1, 2005 through September 15, 2007. In addition, with the exception of Request No. 5, the Defendants' requests are limited to information pertaining to the Plaintiffs' top 10 credit scoring clients as identified in Exhibit 2 to the Second Declaration of Bryan Gant [Document No. 299], which accompanied Defendants' Reply Memorandum in support of their motion to compel.

The Defendants understand that the Plaintiffs may need to comply with certain confidentiality provisions and non-disclosure agreements that pertain to the information that Plaintiffs have agreed to produce. Plaintiffs will work diligently to obtain any approval they need from their clients in order to produce the requested information and will keep the Defendants informed of that process and any requests the clients make concerning their confidential information. In the event Plaintiffs withhold from production any documents subject to this proposal on the basis of confidentiality, they promptly will inform the Defendants of the nature and volume of such documents.

Agreement with Respect to Request Nos. 1-3.

Plaintiffs will produce the final contracts (entered into during the relevant time period) and statements of work for the EDM solutions that were purchased from Plaintiffs, to the extent any such documents exist.

Agreement with Respect to Request Nos. 4 and 6.

In addition to the contracts and statements of work referenced above, Plaintiffs will produce an EDM presentation/white paper and a set of core

PowerPoint slides used in connection with the marketing and sale of their EDM solutions. Plaintiffs also will produce any final presentations for their TRIAD or LiquidCredit applications that were used in the marketing or sale of these applications, to the extent any such documents exist. In addition, Plaintiffs will produce user guides for the following EDM solutions that were marketed or sold by them, to the extent any such user guides exist: TRIAD; LiquidCredit; Capstone; Falcon; and Debt Manager.

Agreement with Respect to Request No. 5.

To the extent that Plaintiffs have determined a market share for their TRIAD and LiquidCredit applications based on any market definition, they have agreed to produce documents sufficient to show that information.

Agreement with Respect to Request Nos. 18-31.

The parties have agreed that the time frame for all of these requests is limited to July 1, 2004 through June 30, 2006.

Plaintiffs will produce their core advertising and marketing materials, as well as their press releases and periodical newsletters, that contain the following statements or terms (if the statements or terms refer to one or more of Plaintiffs' generic credit risk scoring products or services), to the extent any such documents exist: "more predictive," "most predictive," "superior predictiveness," "more consistent," "most consistent," "superior consistency," "more objective," "most objective," "more accurate," "most accurate," "unprecedented," "state-of-the-art," "greater precision," "increased efficiency," and "increased effectiveness."

In addition, Plaintiffs will produce any testing or other documents that were used to form the basis for any such statements made, to the extent any such documents exist.

<u>Agreement with Respect to Request Nos. 1-6 and 18-31.</u>

With respect to all of the above-referenced requests, Defendants reserve the right to seek the production of additional responsive documents in the event that Plaintiffs' production in response to these requests is deficient. Plaintiffs reserve all of their objections to Defendants' requests and do not waive any of their objections as a result of the agreement the parties have reached.

J.S.M.