UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION and
myFICO CONSUMER SERVICES, INC.

CIVIL NO. 06-4112 (ADM/JSM)

    Plaintiffs,

v.

ORDER

EXPERIAN INFORMATION
SOLUTIONS INC.; TRANS UNION, LLC; and
VANTAGESCORE SOLUTIONS, LLC,

    Defendants.

The above matter came on before the undersigned on September 24, 2008 on Defendants' Joint Motion (I) To Modify Scheduling Order to Permit Defendants to Move for Leave to Amend Pleadings and (II) for Leave to Amend Answers to Assert Counterclaims for Cancellation of Registration for "300-850" Trademark [Docket No. 391]; Defendants' Motion to Compel Plaintiffs to Provide Discovery of Non-Privileged Business Analyses Related to Business Agreements between Equifax and Fair Isaac [Docket No. 402]; and Defendants' Motion to Compel Plaintiffs to Produce Documents in Response to Defendants' Document Requests [Docket No. 407]. Pursuant to this Court's Fifth Amended Pretrial Schedule Order that permits motion practice on an informal basis, the parties also agreed to address informally, without formal briefing or hearing,[1] defendants' request for leave to depose plaintiffs' expert, Dr. Noll, on two different occasions.

Randall Tietjen, Esq. and Michael Collyard, Esq. appeared on behalf of plaintiffs; Mark A. Jacobson, Esq. and Bryan Gant, Esq. appeared on behalf of defendant

---

[1] The parties did submit letter briefs on this dispute to the Court, and the arguments of counsel on the matter were recorded.

Experian Information Solutions Inc.; John Scharkey, Esq. appeared on behalf of defendant Trans Union, LLC; and Justi Rae Miller, Esq. appeared on behalf of defendant VantageScore Solutions, LLC.

The Court, upon all of the files, records, proceedings herein, and for the reasons stated at the hearing, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendants' Joint Motion (I) To Modify Scheduling Order to Permit Defendants to Move for Leave to Amend Pleadings and (II) for Leave to Amend Answers to Assert Counterclaims for Cancellation of Registration for "300-850" Trademark [Docket No. 391] is **DENIED** as moot based on the parties' representations at the hearing that they had reached an agreement regarding the issues raised by this motion.

2. Defendants' Motion to Compel Plaintiffs to Provide Discovery of Non-Privileged Business Analyses Related to Business Agreements between Equifax and Fair Isaac [Docket No. 402] is taken under advisement.

3. Defendants' Motion to Compel Plaintiffs to Produce Documents in Response to Defendants' Document Requests [Docket No. 407] is **GRANTED** in part and **DENIED** in part as follows:

   a. Defendants' request for production of the documents reflecting the negotiations between Fair Isaac and Experian regarding the 2005 Master Agreement, as ordered by this Court's October 2, 2007 Order [Docket No. 212], is **GRANTED** to the extent that plaintiffs shall be required to identify responsive documents they have produced by bates number or where they are located on plaintiffs' privilege logs.

   b. Defendants' request for production of market share documents about which Craig Watts testified at his deposition is **GRANTED** to the extent that plaintiffs shall be required to identify the market sizing spreadsheets they have produced by bates number.

      c.      Defendants' motion to compel as it relates to the training materials about which Craig Watts testified at his deposition is **DENIED**.

      d.      Defendants' request for production of notes or memoranda from Keri Kramers-Dove regarding meetings with defendants and the Department of Justice on April 25, 2006 is **DENIED** as moot as the notes regarding meetings with defendants have been produced to defendants, and Kramers-Dove was not present at the meeting between defendants and the Department of Justice.

      e.      Defendants' request for production of notes or memoranda generated by plaintiffs' representatives at the meeting between the defendants and the Department of Justice on April 25, 2006, is **DENIED** based on the representations of plaintiffs' counsel that the representatives present at these meetings (Renee Jackson and Ron Totaro) did not take notes or generate any memoranda based on the meeting. On or before **October 8, 2008**, plaintiffs shall submit to the Court and defendants declarations from Jackson and Totaro stating that they took no notes and generated no memoranda regarding this meeting.

      f.      Plaintiffs' request for ongoing production for Document Request Nos. 1-6 and 10-13 of defendants' sixth set of document requests is **GRANTED** in part and **DENIED** in part as moot. As to Document Request Nos. 1-6, the parties have agreed that plaintiffs shall supplement these requests consistent with Rule 26(e) of the Federal Rules of Civil Procedure and this Court's March 20, 2008 Order [Docket No. 307]. As to Document Request Nos. 10-13, plaintiffs shall make be required to make ongoing productions of the documents sought by these requests as set forth in this Court's Fifth Amended Pretrial Scheduling Order, subject to any agreements of the parties or orders of this Court limiting the scope of the production responsive to these requests, and any objections previously lodged by plaintiffs to any of these requests which are not yet the subject of any agreements between the parties or orders of this Court.

4.      Defendants' informal request for leave to depose plaintiffs' expert, Dr. Noll, on two different occasions – once after disclosure of his initial expert report, and again after disclosure of his rebuttal – is **DENIED**. However, in the event that defendants do take Dr. Noll's deposition prior to the disclosure of his rebuttal report, this Order does

4

not preclude defendants from seeking a second deposition of Dr. Noll following the disclosure of his rebuttal report based on good cause.


Dated:     September 26, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge