IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc., | Civil Action No: 06 CV 4112 ADM/JSM |
| Plaintiffs, | |
| v. | **Second Declaration of Michael A. Collyard** |
| Equifax Inc.; Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and VantageScore Solutions, LLC; and Does I through X, | |
| Defendants. | |

I, Michael Collyard, declare as follows:

1. I am a Partner at the law firm of Robins, Kaplan, Miller & Ciresi L.L.P, and represent the Plaintiffs, Fair Isaac Corporation and myFICO Consumer Services, Inc. I make this declaration in support of Fair Isaac's Motion to Compel Experian to produce consumer confusion documents.

2. Attached as Exhibit 1 is a true and correct copy of *110 West, LLC v. Red Spot Paint & Varnish Co.,* 2009 WL 232060, at *4-7 (S.D. Ind. Jan. 30, 2009)(finding crime/fraud exception justified where defendant made misrepresentations regarding the completeness of its production which amounted to a fraud on the court, and ordering defendant to produce documents that were otherwise subject to the privilege and work product protections).

3.     Attached as Exhibit 2 is a true and correct copy of the March 20, 2007, letter that I sent the defendants regarding their objections and responses to Fair Isaac's first set of document requests.

4.     Attached as Exhibit 3 is a true and correct copy of the April 3, 2007, letter that Dao Boyle sent to me on behalf of all defendants regarding the letter I sent them on March 20, 2007.

5.     Attached as Exhibit 4 is a true and correct copy of the August 2, 2007, letter that I sent to Jack Pace and Dao Boyle regarding a meet and confer I had with them on Experian's responses and objections to Fair Isaac's third set of document request nos. 13-16.

6.     On March 20, 2007, I sent the defendants a letter summarizing the meet and confer the parties had on defendants' objections and responses to Fair Isaac's First Set of Document Requests. This included a summary of the meet and confer on Request Nos. 117 and 126 of that set that call for consumer confusion evidence. *See* Exhibit 2. The defendants wrote back on April 3, 2007, and confirmed that they agreed to produce all documents relating to consumer confusion. The defendants specifically wrote:

> **51.     Plaintiff wrote:** Request No. 117: In response to defendants' vagueness objections, Fair Isaac agreed to restate the request to read: "All documents that relate to any instances of actual or possible confusion or mistake regarding a possible relationship between the credit scoring products or services of Fair Isaac and the products or services of any Defendant." With this change, defendants agreed to produce all documents responsive to this request, subject to their time-period and type-of-score objections.
>
> **Defendants' Response:** Correct.

Exhibit 3, pp. 124-25. The defendants also confirmed that they agreed to search for, among other things, "any logs or other regularly kept records of complaints, comments, or concerns

from lenders or consumers regarding VantageScore" in response to Request No. 126. Specifically, the defendants wrote:

> **53. Plaintiff wrote:** Request No. 126: Defendants objected to producing internal communications in response to this request and said they would consider the request further if Fair Isaac identified some topics that the responsive documents might cover. Some topics might include, among other things, VantageScore's business objectives, profitability, scoring ranges, advantages or disadvantages of its model, or even customer confusion. With respect to documents that relate to internal communications, Fair Isaac can agree for now to limit your search to internal communications regarding concerns from consumers, lenders, media or others. With these clarifications, please tell us if you are withholding any documents responsive to this request.
>
> **Defendants' Response:** Defendants continue to object to Request No. 126 because it is overly broad in its use of the terms "relating to" and "others". Nevertheless, Defendants will agree to search for *any logs or other regularly kept records of complaints, comments, or concerns from lenders or consumers regarding VantageScore*. Defendants will also search for any documents related to complaints, comments, or concerns from lenders or consumers or others regarding VantageScore that are contained within the files of employees (1) who have policy-setting and/or supervisory responsibilities related to scoring services and (2) who are likely to have documents responsive to Plaintiff's other requests.

Exhibit 3, p. 125 (emphasis added).

7. On June 20, 2007, Fair Isaac served its Third Set of Document Requests on Experian. On August 2, 2007, the parties met and conferred on Experian's objections and responses to that set of document requests, including Request Nos. 13-16 that relate to consumer confusion. During this meet and confer, Experian's counsel, Jack Pace, represented to me that Experian would search for and produce all responsive documents from all of the people involved with Experian's "*customer information lines*" and its various *websites*, regarding "possible confusion" among consumers. In addition, Mr. Pace explained to me that Experian would also search for and produce any responsive documents from higher level business personnel including emails, analysis documents, studies, investigations,

etc. Mr. Pace also explained to me that Experian gets "millions" of communications by consumers regarding confusion they have about their *credit report*. He didn't know any specifics about these communications or the details about how these communications were kept, but said that they are kept in "some kind of database" that isn't searchable electronically in any way.


Date: February 19, 2009               /s Michael A. Collyard                            .
                                       Michael A. Collyard