# EXHIBIT 4

ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MICHAEL A. COLLYARD
612-349-0975

August 2, 2007

VIA E-MAIL

Jack E. Pace III
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787

Dao Lee Boyle
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602

Re: Fair Isaac v. Equifax Inc., et al.
Court File no.: 0:06-cv-04112
Our File No.: 123369.0003

Dear Jack and Dao:

As I mentioned today during our meet and confer on what I'll call, the website/Internet advertising requests (in Fair Isaac's Fourth set of document requests to Experian and TransUnion), Fair Isaac is willing to limit some of its requests as a compromise to your objections. But like we have talked about with other requests, we do not mean to waive Fair Isaac's rights to seek more information or additional documents at a later date. Below are the limitations that we agreed on and some clarifications to your responses that we discussed:

- Experian and TransUnion websites mean all websites owned or operated by Experian or TransUnion (including all of their agents, affiliates and/or subsidiaries) or on their behalf or for their benefit that offer, promote, market, or sell any credit scoring or credit data products or services relevant to this case and also includes any websites that are linked to or from the Experian or Trans Union websites.

- Your responses are not limited to "services" and you agree to produce responsive information, to the extent that it exists, with respect to both credit scoring and credit data products and services.

- For requests in which the terms "refer to," "relate to," or "reflect," we agreed that you would produce information sufficient to show the specific information requested and all substantive type documents which might include, for example, any analyses, plans, strategies, research on, documents discussing the effectiveness of, etc.

- For request nos. 5 and 6, you agreed to produce, to the extent the information exists, the responsive information for both actual and contemplated purchases and bids, and you are not refusing to search for or produce information based on the word "contemplated."

- You explained that, with respect to the adword/keyword requests, you would only produce information about adwords/keywords that included the terms 300-850, FICO or FAIR ISAAC in some way. Your reasoning for this is that these are the only types of adwords that are relevant to this case since Fair Isaac's trademark claims are based on its 300-850, FICO and FAIR ISAAC marks. Nothing else, according to you, can be relevant. I explained that you would also need to produce the responsive information about adwords/keywords that use any type of credit score number or range (e.g., 678 or the scoring range 450-850). Jack, you tentatively agreed to this last part but wanted to double check with your client.
  Please confirm with me, as soon as you can this week, that you will agree to the last part of my proposal.

- For request nos. 8-11, which ask for information about revenues, profits, and costs, you agreed to produce the information responsive to these requests, to the extent that it exists, and are not withholding information based on your objections.

- For request no. 12, you agreed to produce the information responsive to this request, with the understanding of what is meant by documents which "refer to, relate to" or "reflect."

- For request nos. 13-16, you explained that you are searching for and producing documents responsive to this request which would include, for example, documents from the people involved with your websites and customer information lines regarding possible confusion among customers, any documents from higher level business personnel including emails, analysis documents, studies, investigations, etc., but you are not willing to search for or produce the other general communications you received from customers/consumers that may relate to consumer confusion and which are kept in some kind of database that is not searchable electronically.

Jack and Dao, if your understanding of our agreement is different than what I explained above, please let me know as soon as you can.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Michael A. Collyard

Michael A. Collyard

MAC/lab