IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | Case No. 06-cv-4112 (ADM-JSM ) |
| Plaintiffs, | **Plaintiff Fair Isaac's Memorandum of Law in support of its motion to strike Exhibits 49 and 50 of Bryan Gant's Reply Declaration or, in the alternative, for leave to file an in-kind sur-reply** |
| v. | |
| Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC; and Does I through X; | |
| Defendants. | |

*"The Court notes that counsel for Diamond Feeds [the movant for summary judgment] submitted a Supplemental Affidavit accompanying Defendants' Reply Memorandum in Support of its Motion for Summary Judgment, in which he compares "the misstatements of fact and law of Plaintiffs in its opposing Memorandum with what I believe to be the truth." This "affidavit" consists of 38, single-spaced typed pages of factual disputes. Not only is the "affidavit" a circumvention of the page limits for reply memoranda, but it also highlights the existence of genuine issues of material fact throughout the record."*

Judge Richard H. Kyle, *Minnesota Pet-Breeders, Inc. v. Schell & Kampeter, Inc.*, 1992 WL 436729 at *4 n.3 (Sept. 23, 1992, D. Minn.)

• 

By letter to the Court on January 2, 2009, the Defendants requested leave to file memoranda of law totaling 36,000 words in support of their anticipated summary-judgment motion and a Daubert motion. (This would be their second attempt at summary judgment.) In response to this request, the Court sent a letter to the parties on January 5, 2009, allowing the Defendants a total of 26,000 words and explaining that

"the issues are not so complex as to necessitate the requested 36,000 words." The Defendants' motions have now all been filed and briefed. The Defendants did *not* file a Daubert motion (which was part of their justification for needing 36,000 words) and they have brazenly ignored the Court's word-count limit by filing a declaration that includes forty-one pages of single-spaced arguments that are attached as "exhibits" to a lawyers' declaration.

The opening and reply memoranda that the Defendants filed with their four motions for summary judgment contain a total (by their count) of 25,993 words. The Defendants also filed at least twenty-five declarations and thousands of pages of exhibits with their motions, as part of their attempt to show the Court that there are no material issues of fact in dispute. With their opening memorandum of law in support of their motion for summary judgment on Fair Isaac's antitrust counts, the Defendants filed a substantive declaration from Experian's counsel, Bryan Gant. This declaration, which was 148 pages long (*excluding* exhibits) and contained 44,466 words, included long descriptions of and edited quotations from documents attached as exhibits to Gant's declaration. In its opposition, Fair Isaac was willing to contend with this declaration through its own responsive papers.

But now, with their reply memoranda, the Defendants have filed another declaration from Gant. This second declaration [Docket No. 645] contains 10,018 words—which, like Gant's first declaration, describes and characterizes various documents—and attaches two "exhibits" labeled Exhibits 49 and 50. These "exhibits" were prepared by the Defendants' counsel. They were prepared in a table format

(apparently to disguise the fact that they are merely an extension of the reply memoranda itself), and they contain long, detailed arguments by the Defendants' lawyers about the record for the Defendants' motions. The "exhibits," as mentioned above, comprise forty-one pages of single spaced arguments, totaling approximately 10,922 words (4,514 for Exh. 49 and 6,408 for Exh. 50).

The content of these exhibits—in addition to highlighting the fact that there are many material issues of fact in dispute—should properly be counted as part of the Defendants' reply memoranda. Judge Kyle's point above, in the *Minnesota Pet-Breeders* case, shows that the Defendants' trick—sneaky though it is—is nothing new and, as in *Minnesota Pet-Breeders*, highlights that many issues of material fact are in dispute. If Exhibits 49 and 50 are counted as part of the reply memoranda, the Defendants have greatly exceeded the word limit that the Court gave them for their motions. In fact, they have just slightly exceeded the 36,000-word count that they wanted all along.

- •

Fair Isaac hereby respectfully requests that the Court strike Exhibits 49 and 50 from Gant's Reply Declaration or, in the alternative, that the Court allow Fair Isaac an equivalent number of words for a sur-reply memorandum of law, to be filed within five days after the hearing on the Defendants' motion.

Date: March 24, 2009                              **Robins, Kaplan, Miller & Ciresi L.L.P.**


By**:**   s/Randall Tietjen
          Ronald J. Schutz (130849)
          David W. Beehler (190792)
          Randall Tietjen (214474)
          Michael A. Collyard (302569)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Phone: 612-349-8500
Fax: 612-339-4181

   and

Charles F. Rule
Joseph Bial
**Cadwalader, Wickersham & Taft LLP**
1201 F Street, N.W.
Washington, DC 20004
Phone: 202-862-2200
Fax: 202-862-2400

**Attorneys for Plaintiffs**

4