IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | Case No. 06-cv-4112 (ADM-JSM ) |
| Plaintiffs, | |
| v. | |
| Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC; and Does I through X; | |
| Defendants. | |

**Memorandum in Support of Fair Isaac's Motion in Limine to
Exclude Evidence and Argument About the Department of Justice Inquiry
and Claims That this Court Dismissed on Summary Judgment**

The claims of Fair Isaac that the Court dismissed by summary judgment—including the antitrust, false-advertising, and contract-related claims—as well as the antitrust inquiry into VantageScore by the United States Department of Justice are irrelevant to the claims that remain for trial, and the defendants should be precluded from presenting any evidence or argument about them. Fair Isaac hereby moves to exclude any evidence or argument about those subject under Rules 401, 402, and 403 of the Federal Rules of Evidence. Those subjects are not only irrelevant but any probative value that they have is substantially outweighed by the danger of unfair prejudice to Fair Isaac and the risk of confusing and misleading the jury.

81033457.1

## Argument

In March 2006, the Antitrust Division of the United States Department of Justice began an inquiry into the formation of VantageScore Solutions LLC by the three nationwide credit bureaus—Equifax, Experian, and Trans Union.[1] Several months later, Fair Isaac sued the credit bureaus and VantageScore alleging that VantageScore violated antitrust laws, among other claims (some of which are now scheduled for trial).[2] In January 2007, the Department of Justice closed its antitrust inquiry, and in July of this year this Court dismissed Fair Isaac's antitrust, false-advertising, and contract-related claims.[3]

During the trial of the claims that remain, the defendants may very well try to point to the claims that were dismissed by summary judgment or to the closed inquiry of the Department of Justice and imply or argue outright that Fair Isaac's remaining claims are meritless or overreaching or that VantageScore somehow now has the tacit endorsement of the Department of Justice or of this Court. But the fact that Fair Isaac's other claims were dismissed and that the Department of Justice antitrust inquiry was closed has no tendency to make the existence of any fact of consequence to the defendants' alleged trademark

---

1. *See* Nelson Decl. Ex. 6 (*Department of Justice Closes Inquiry Into Experian's VantageScore,* Finextra Research, January 31, 2007).
2. *See* Compl. [Docket No. 1] at ¶¶163-99.
3. *See* Nelson Decl. Ex. 6; *Fair Isaac Corp. v. Experian Information Solutions Inc.*, __ F. Supp. 2d ___, 2009 WL 2252583 at *25-26 (D. Minn. July 24, 2009) [Docket No. 694].

81033457.1

infringement more or less probable.[4] Neither the dismissed claims nor the closed inquiry are relevant, therefore, to Fair Isaac's trademark-infringement claims they should be excluded under Rule 402 of the Federal Rules of Evidence.[5]

If the defendants are allowed to present evidence and argument referencing the dismissed claims in an effort to argue or imply that Fair Isaac's lawsuit was baseless or overreaching, it is also likely to prejudice Fair Isaac and confuse the jury. Fair Isaac would be unfairly prejudiced because the jury might believe that Fair Isaac's trademark claims are meritless because this Court dismissed the other claims and the Department of Justice did not pursue an investigation. Alternatively, the jury might be confused about whether those claims are still in the suit. And when the jury does not hear argument or evidence supporting those claims, the jury might assume that Fair Isaac has failed to meet its burden or that it is hiding evidence from the jury relating to those dismissed claims.

The jury might also be confused about the nature of the Department-of-Justice inquiry and whether that inquiry involved trademark issues related to

---

4. *See* Fed. R. Evid. 401.
5. *See Puglisi v. Centerpoint Properties,* 2008 WL 410636 at *1 (N.D. Ill. Feb. 13, 2008) (granting motion in limine to exclude plaintiff's dismissed claims); *Elston v. UPMC-Presbyterian Shadyside*, 2008 WL 682494 at *2 (W.D. Pa. Mar. 7, 2008) (granting motion in limine to preclude references to plaintiff's dismissed claims); *EZ Dock v. Schafer Systems, Inc.*, 2003 WL 1610781 at *13 (D. Minn. March 8, 2003) (granting motion in limine to bar reference to plaintiff's dismissed claims because "dismissal of certain claims has no relevance to the patent infringement claim the jury must decide").

3

Fair Isaac's federally registered marks and the claims on trial. These dangers of prejudice and confusion substantially outweigh any probative value that evidence of the dismissal of the other claims or the closed Department-of-Justice inquiry would have to Fair Isaac's trademark-infringement claims.[6]

- 

This Court should exclude all evidence and argument about the claims dismissed by summary judgment and the Department-of-Justice antitrust inquiry on the basis of Rule 401 and 402 or 403 of the Federal Rules of Evidence.

Date: September 21, 2009  **Robins, Kaplan, Miller & Ciresi, L.L.P.**

> **By:** s/Randall Tietjen
> Ronald J. Schutz (130849)
> Randall Tietjen (214474)
> Michael A. Collyard (302569)
> Mary E. Kiedrowski (346478)
>
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402
> Tel: (612) 349-8500
> Fax: (612) 339-4181
>
> **Attorneys for Plaintiffs Fair Isaac Corporation and myFICO Consumer Services, Inc.**

---

6. *See* Fed. R. Evid. 403.

81033457.1