IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | Case No. 06-cv-4112 (ADM-JSM ) |
| Plaintiffs, | |
| v. | |
| Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC; and Does I through X; | |
| Defendants. | |

**Memorandum in Support of Fair Isaac's Motion in Limine to
Exclude Evidence of Fair Isaac's Keyword Purchases and the
Defendants' Unclean-Hands Defense**

Among the claims that will soon be tried are Fair Isaac's claims that the defendants have infringed Fair Isaac's trademarks and passed off their own goods as Fair Isaac's by purchasing Fair Isaac's trademark terms ("FICO," "Fair Isaac" and 850) as keywords from Internet search-engine companies.[1] The defendants have done this so that when a consumer types the words "Fair Isaac," for example, into a search engine, the customer is lured by the defendants' advertising to an Experian- or Trans-Union-sponsored website, to purchase one of the defendant's own credit-scoring products rather than Fair Isaac's. Trans

---

1. *See Edina Realty, Inc. v. TheMLSonline.com,* 2006 WL 737064 at *3 (D. Minn. Mar., 20, 2006) (use of a keyword search term is a use in commerce of a trademark under the Lanham Act).

Union and Experian are unabashed about this practice: they contend that "everyone" is doing this on the Internet (as if that were relevant), and they contend that Fair Isaac has a similar practice. Fair Isaac maintains that any evidence or argument that the defendants might offer regarding the keyword purchases of Fair Isaac should be excluded as irrelevant or unfairly prejudicial under Rules 401, 402, and 403 of the Federal Rules of Evidence. Magistrate Judge Mayeron already ruled on this issue in Fair Isaac's favor during discovery, but the defendants apparently refuse to accept that ruling.

**I.      Magistrate Judge Mayeron correctly ruled that the unclean-hands defense the defendants are now pursuing fails as a matter of law**

During discovery, the defendants served documents requests seeking documents from Fair Isaac that would show Fair Isaac's keyword purchases. Fair Isaac objected to the requests and the defendants filed a motion to compel. In denying the motion, Magistrate Judge Mayeron found that Fair Isaac's keyword purchases were irrelevant to the defendants' unclean-hands defense and to the defendants' everyone-is-doing-it defense. The Court found that the discovery of Fair Isaac's own keyword purchases "will not lead to the discovery of admissible evidence bearing on Defendants' unclean hands defense because the information is not related to the trademarks that Fair Isaac's [sic] is seeking to enforce in this

suit."[2]

The Court correctly recognized that "[t]o succeed with the affirmative defense of unclean hands, a defendant must show that the plaintiff committed a wrongdoing that is directly related to the claim which it has asserted."[3] In the trademark context, a plaintiff's alleged wrongdoing has to be sufficiently related to the trademark that the plaintiff is attempting to enforce:

> Here, it is not alleged that Fair Isaac engaged in some sort of inequitable conduct with regards to the trademarks it is trying to protect. Nor is it asserted that Fair Isaac has engaged in deceptive practices that have harmed the public as a result of their alleged use of VantageScore as search engine keywords to trigger advertisements for "FICO" or the scoring range of "300-850."[4]

The defendants did not appeal from this ruling and during discovery Fair Isaac relied on the Court's Order. Fair Isaac did not seek discovery from third parties, like Google and Yahoo, in relation to these allegations, and it focused its discovery efforts and limited depositions on relevant issues.

---

2. *Fair Isaac Corp. et al. v. Equifax, Inc. et al.*, No. 06-CV-4112, Order Denying Defendants' Motion to Compel and Granting in Part and Denying in Part Plaintiffs' Motion to Compel at 12 (D. Minn., December 20, 2007) ("Order").

3. *Id*. at 7 (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992)).

4. *Id*. at 8 (citing, inter alia, *Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004)); *see also Mytee Prods., Inc. v. H.D. Prods., Inc.*, No. 05CV2286, 2007 WL 1813765, at *8 (S.D. Cal. June 22, 2007) ("Here, defendants have failed to present any evidence from which a factfinder could find that Mytee 'dirtied its hands' acquiring the trademark rights it now seeks to assert. Accordingly, Mytee is entitled to summary judgment with respect to defendants' defense of unclean hands.").

81033728.1

Ironically, the Experian companies have recently advocated *Fair Isaac's position* in another federal court. In *Consumerinfo.com, Inc. v. Money Management International, Inc.*, Experian's sister company, Consumerinfo.com (aka, Experian Consumer Direct), recently sued Money Management International for trademark infringement of its "My Score PLUS" mark and succeeded in having the defendant's unclean-hand defense dismissed because Experian's mark was not involved in the alleged unclean-hands conduct.[5]

## II. The cases cited by the defendants in their proposed jury instruction are the very cases that Magistrate Judge Mayeron distinguished

The defendants are proposing a jury instruction that will ask the jury to find that Fair Isaac's trademark-infringement claims are barred by the doctrine of unclean hands because of Fair Isaac's keyword purchases. Five of the cases that the defendants cite in their proposed jury instruction were already distinguished and rejected as unpersuasive by Magistrate Judge Mayeron:

> Defendants' suggestion that the unclean hands doctrine bars a trademark infringement claim where the plaintiffs' inequitable conduct is not related to the trademark at issue, but rather where the plaintiff has engaged in similar type of conduct against the defendant, is not supported by the cases cited by defendants.[6]

---

5. *See Consumerinfo.com, Inc. v. Money Management International, Inc.*, 2008 WL 4183928 at *6-7 (C.D. Cal. Sept. 2, 2008).

6. Order at 9; *see* Defendants' Proposed Jury Instruction No. 63 (citing *Precision Instrument MFG Co. v Automotive Maintenance Machinery*, 324 U.S. 806 (1945); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Callahan*, 265 F. Supp.2d 440 (D. Vt. 2003); *Nikkal Industries, Ltd. v. Salton, Inc.*, 735 F. Supp. 1227, 1230-32 (S.D.N.Y. 1990); *Western Union*

4

Magistrate Judge Mayeron then went on to explain in detail why each of the cases that the defendants cited is distinguishable and does not support the defendants' unclean-hands theory.[7]

•

The Court should exclude evidence of Fair Isaac's keyword purchases as irrelevant under Federal Rules of Evidence 401 and 402, or, in the alternative, under Rule 403 because any relevance is substantially outweighed by the danger of confusion and misleading the jury. This Court has already concluded that "because Fair Isaac's alleged conduct with respect to VantageScore or any other keyword search terms it may have used in its internet advertising is unrelated to the trademark rights asserted in this suit, this conduct cannot form the basis of the affirmative defense of unclean hands."[8]

---

*Telegraph Co. v. MCI Communications Corp.*, No. 85 Civ. 5800, 1986 WL 2769 (S.D.N.Y. Feb. 26, 1986); *Haagen-Dazs v. Frusen Gladje Ltd.*, 493 F. Supp. 73 (S.D.N.Y. 1980)).
    7. *Id.* at 9-10.
    8. *Id.* at 12.

81033728.1

Date: September 21, 2009 **Robins, Kaplan, Miller & Ciresi, L.L.P.**

**By:** s/Randall Tietjen
Ronald J. Schutz (130849)
Randall Tietjen (214474)
Michael A. Collyard (302569)
Mary E. Kiedrowski (346378)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: (612) 349-8500
Fax: (612) 339-4181

**Attorneys for Plaintiffs Fair Isaac Corporation and myFICO Consumer Services, Inc.**