## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Fair Isaac Corporation; and myFICO | ) | |
| Consumer Services, Inc.; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | 0:06-cv-04112 (ADM/JSM) |
| Experian Information Solutions Inc.; | ) | |
| TransUnion, LLC; VantageScore | ) | |
| Solutions LLC; and Does I through X | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO ALLOW JUROR QUESTIONNAIRE

Defendants request, pursuant to Fed. R. Civ. P. 47(a) and D. Minn. L. R. 39.2

(b)(1), that the Court submit the attached juror questionnaire to the full panel of qualified

jurors prior to voir dire in open court because it is the best means to truthfully elicit the

potential prejudice of jurors considering the sensitivity of the financial questions at issue.

In the alternative, Defendants request that the Court ask each member of the full panel the

questions set forth in Defendants' Proposed Voir Dire submission.

As the Court is well aware, this matter has come down to whether Plaintiffs can

prove that their alleged mark "300-850" has acquired secondary meaning and that

Defendants have infringed Plaintiffs' purported trademarks by (1) using certain scoring

ranges in connection with credit scoring services, and (2) purchasing keywords or paid search terms for use in internet search engines.

Defendants believe that the conditions that prevail during standard group voir dire in open court, as it is traditionally practiced in this District, may jeopardize the Court's ability to impanel a fair and impartial jury in this specific case. To conduct a thorough voir dire orally would involve extensive questioning of individual jurors over sensitive subjects—such as denial of credit, interactions with any of the parties regarding their credit report or credit score and history of negative credit actions including bankruptcy or foreclosure—which would be embarrassing to jurors and unduly time consuming.

However, in written form, jurors can be questioned on more sensitive issues privately, individually, and expeditiously. Defendants further believe that the use of a written juror questionnaire to supplement the standard oral voir dire will shorten the process necessary to fully voir dire the jury, and increase the likelihood that a truly fair and impartial jury will be impaneled. The questionnaire can also elicit the relevant demographics and other individual information that would ordinarily be asked orally, thus reducing the time spent in oral voir dire. The technique also saves time because it locates areas of potential bias and thereby guides efficient use of oral questioning in follow-up on those areas.

Defendants proposed Juror Questionnaire is attached as Exhibit 1 to the Affidavit of Barbara Podlucky Berens, submitted herewith. Defendants also submit the Declaration of John D. Gilleland, Ph.D. in support of Defendants' motion for a supplemental Juror Questionnaire. (hereinafter "Dr. Gilleland Decl. ¶ ___."). Dr.

Gilleland is a senior jury consultant for Kroll OnTrack/Trial Graphix who has observed and/or assisted counsel in over 200 jury selections. *Id.* ¶ 5.  Based upon his own jury research, a large number of published empirical research studies and the type of case at issue here, Dr. Gilleland concludes that standard oral voir dire, no matter how well conducted by this Court, cannot provide an effective means of screening out prospective jurors who are biased against one or the other of the parties.  *Id.* ¶ 8.

Jurors are not likely to reveal prejudices during oral voir dire due to (a) the type of questions asked, and (b) the public nature of the questioning situation.  *Id.* ¶¶ 10 - 25. First, direct and specific questions, which require a simple "yes" or "no" response, are less likely to reveal biases than are open-ended questions asked of individual jurors. Second, regardless of the type of questions, jurors are less likely to give honest answers in public than in private, especially if those answers reveal private information and/or indicate that the juror may be biased.   *Id.*

Because the financial status or history of jurors – such as the denial of credit, transactions with the parties regarding their credit report or score, and history of negative credit actions including bankruptcy or foreclosure – are likely to create potential bias against one or more parties here, and because a questionnaire would expedite voir dire, the Court should permit Defendants to supplement the Court's oral voir dire with the juror questionnaire.

The Court has broad discretion in the conduct of the voir dire examination of prospective jurors.  *U.S. v. Nelson*, 347 F.3d 701, 706 (8th Cir. 2003) ("form and scope of voir dire rests primarily in the discretion of the district court"); *Blake v. Cich,* 79 F.R.D.

398, 401 (D. Minn. 1978) (MacLaughlin, J.) (trial court has broad discretion in determining proper scope of voir dire); Wright and Miller, *Federal Practice and Procedure*, Civil 3d § 2482 (2008). Rule 47 of the Federal Rules of Civil Procedure provides that when the Court conducts the juror voir dire, the Court must permit the parties or their attorneys to make further inquiry as the Court considers proper, or the Court must itself ask any of their additional questions it considers proper. Fed. R. Civ. P. 47(a). *See also* D. Minn. L.R. 39.2 (b) (1) (counsel may submit questions which they desire the Court to ask either prior to the trial or in the manner provided in the pretrial order).

Juror questionnaires are often used in complex civil cases in this District. *See e.g.*, *In re: Guidant Corp. Implantable Defibrillators Products Liability Litig*., No. MDL 05 DWF/AJB, 2007 WL 846655 at * 3 (D. Minn March 19, 2007) (broad ranging questionnaire permitted in advance of jury trials regarding complex medical devices). Jury questionnaires are also frequently used in criminal cases. *See e.g., U.S. v. Fastow*, 292 F.Supp. 2d 914, 921 (S.D. Texas 2003) (allowing juror questionnaire as means to eliminate former employees of Enron and those exposed to pre-trial publicity from jury pool); *U.S. v. Nelson,* 347 F.3d 701, 712 (8th Cir. 2003) (finding that jury questionnaire and voir dire supported court's decision to grant for-cause challenges where potential jurors indicated they could not impose the death penalty). Courts permit juror questionnaires in those cases because such questionnaires "may serve as a better vehicle to unearth bias than oral questioning in court and may also expedite the jury selection process." *U. S. v. Serafini,* 57 F. Supp. 2d 108, 112 (M.D. Penn. 1999).

In this case, the Court must inquire as to jurors' financial situation as it relates to credit bureaus, credit scores, credit denied, bankruptcy, foreclosure and other highly personal, financial information.  Those questions relate to the central topic of this case and any prejudice of potential jurors regarding that topic must be elicited to ensure that the parties receive a fair trial by an impartial jury.  *See Labee v. Roadway Express, Inc.,* 469 F.2d 169, 172 (8th Cir. 1972) (court's discretion over substance of voir dire is subject to right of parties to have impartial jury; defense questions regarding juror experience with insurance issues were appropriate inquiry); *Butler v. City of Camden,* 352 F.3d 811, 819, 820 (3d Cir. 2003) (reversing district court for failure to adequately conduct voir dire on subject of "law enforcement" in §1983 case against policeman).

The panel can be assembled and the questionnaire administered and then electronically distributed to the parties prior to the time that the Court and counsel take up motions in limine and other preliminary matters.  This technique is used frequently in both federal and state courts, including the District of Minnesota.  Defendants respectfully move the court to administer the proposed juror questionnaire in this case where the potential jurors' personal experiences with credit, interactions with the parties regarding their credit report or credit score and history of negative credit actions including bankruptcy or foreclosure are likely to influence their perception of case issues or create improper bias.

## **CONCLUSION**

For the reasons set forth above, the Court should submit the attached juror questionnaire prior to conducting oral voir dire.  In the alternative, Defendants request that the Court

ask each member of the full panel the questions set forth in Defendants' Proposed Voir Dire submission.

Respectfully submitted this 21st day of September, 2009.

By:    s/Justi R. Miller
           Barbara Podlucky Berens (MN #209788)
           Justi R. Miller (MN #0387330)
           Catherine McEnroe (MN#0219587)
           KELLY & BERENS
           3720 IDS Center
           80 South Eighth Street
           Minneapolis, MN 55402
           Tel: (612) 349-6171
           Fax: (612) 349-6416

*Attorneys for Defendant*
*VantageScore Solutions, LLC*

*(Authorized to sign on behalf of all*
*Defendants)*

Mark A. Jacobson (MN Bar #188943)
Mark H. Zitzewitz (MN Bar #0289073)
LINDQUIST & VENNUM, P.L.L.P.
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

M. Elaine Johnston
Robert A. Milne
Jack E. Pace III
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200
(212) 354-8113 (facsimile)

*Attorneys for Defendant Experian*
*Information Solutions, Inc. (and authorized*
*to sign on behalf of all Defendants)*

Lewis A. Remele, Jr. (MN Bar #90724)

Christopher R. Morris (MN Bar #230613)
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Tel: (612) 376-1601
Fax: (612) 333-8829

James K. Gardner
Ralph T. Russell
Dao L. Boyle
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
Tel: (312) 269-8030
Fax: (312) 269-1747

***Attorneys for Defendant***
***Trans Union LLC***