IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION and, myFICO CONSUMER SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC.; TRANS UNION LLC; and VANTAGESCORE SOLUTIONS, LLC<br><br>Defendants. | Civil Action No.  06-cv-4112-ADM/JSM |

**DEFENDANTS' RESPONSE TO FAIR ISAAC'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANTS FROM SEEKING CREDIT INFORMATION AND SCORES FOR PROSPECTIVE JURORS AND COURT PERSONNEL**

Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("TU") (collectively, the "CRA Defendants"), and VantageScore Solutions, LLC ("VantageScore Solutions") respond to Fair Isaac's Motion In Limine to Preclude the Defendants From Seeking Credit Information and Scores for Prospective Jurors and Court Personnel (ECF #759) as follows:

The CRA Defendants would never pull credit information of jurors or court personnel for purposes of this trial.  To do so would be a violation of the CRA Defendants' obligations under the Fair Credit Reporting Act ("FCRA"), of which they are keenly aware.  (And VantageScore Solutions does not have access to such credit information.)

The "incident" to which Fair Isaac's refers in its motion occurred at the deposition of a former Fair Isaac employee.  Defendants prepared (but did not use) an exhibit that

did not reveal sensitive information but could have been used solely to establish the *fact* that the witness had purchased a credit score from Trans Union.  Fair Isaac has taken the incredible position that it did not know Trans Union's proprietary consumer score ranged from 300 to 850 when it told the U.S. Patent and Trademark Office ("PTO") that the FICO score was the only score that used or needed to use that range.  As it turns out, Fair Isaac employees (including the deponent) bought their credit scores from competing services prior to Fair Isaac's contrary statements to the PTO.  Defendants cannot be barred from impeaching Fair Isaac's current and former employees with mere transactional records that prove (without revealing any sensitive information) that the employees bought the very score that they claim not to have known of.

Respectfully submitted this 28th day of September, 2009.

**Lindquist & Vennum PLLP**

By:   /s/   Mark A. Jacobson
Mark A. Jacobson (MN Bar #188943)
Christopher Sullivan (MN Bar #0343717)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 371-3211
Fax: (612) 371-3207

– and –

M. Elaine Johnston
Robert A. Milne
Christopher J. Glancy
Jack E. Pace III
**White & Case LLP**
1155 Avenue of the Americas
New York, NY 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**Bassford Remele**

By:   /s/ Christopher R. Morris
      Lewis A. Remele, Jr. (MN Bar #90724)
      Christopher R. Morris (MN Bar
      #230613)

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Tel: (612) 376-1601
Fax: (612) 333-8829

– and –

James K. Gardner
Ralph T. Russell
Dao L. Boyle
**Neal, Gerber & Eisenberg LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
Tel: (312) 269-8030
Fax: (312) 269-1747

*Attorneys for Defendant*
*Trans Union LLC*
*(Authorized to sign on behalf of all Defendants)*

**Kelly & Berens P.A.**

By: /s/ Justi R. Miller

Barbara Podlucky Berens (MN Bar #209788)
Justi R. Miller (MN #0387330)

3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 349-6171
Fax: (612) 349-6416

*Attorneys for Defendant*
VantageScore Solutions, LLC

NGEDOCS: 1658386.3