IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | No. 06-cv-4112 (ADM-JSM ) |
| Plaintiffs, | |
| v. | |
| Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC; and Does I through X; | |
| Defendants. | |

**Fair Isaac's Memorandum of Law in Support of its Motion to
Exclude Witnesses Who Were Not Disclosed in Defendants'
Initial Disclosures During Discovery**

Just before trial and more than a year after fact discovery closed, the defendants disclosed nine new fact witnesses whom they now reveal as individuals they intend to call as witnesses at trial. From the start of this lawsuit, the defendants have tried to hide or deny the scope of this case, and the defendants' late disclosure of these new would-be witnesses goes hand-in-hand with their earlier efforts to limit and box in Fair Isaac's discovery. The defendants' strategy is clear by their actions: they kept these individuals off their disclosures for more than two years; they made every effort to limit the number of depositions Fair Isaac would be allowed; then, at the last minute, just before

81046745.1

trial, the defendants revealed these people as potential witnesses through witness lists and amended disclosures. The defendants' tactics fly in the face of the rules of discovery and all of the fairness and efficiency principles on which those rules are based. The defendants' tactics should not be condoned, and these newly identified individuals should be barred from testifying.

**Background**

In their original pretrial proposal in December 2006, the defendants asked the Court to limit Fair Isaac to fifteen depositions total (of all the defendants combined) and five third-party depositions, and to set a trial-ready date less than one year later, November 2007.[1] Fair Isaac proposed that each defendant be subject to no more than 150 hours of depositions (about twenty-one, seven-hour depositions for each defendant, for a total of eighty-four depositions of the defendants collectively) and that each side have one hundred hours of third-party depositions (about fourteen, seven-hour depositions).[2] The defendants staunchly resisted any more party depositions than the fifteen that the proposed.

Before the Court decided the number of depositions that each party would have available, the parties exchanged initial disclosures under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Experian identified *six* people who would support their claims and defenses at trial and never identified any more

---

1. Kiedrowski Declaration (Kiedrowski Decl.) at Ex. 1 (Rule 26(f) Report).
2. *Id.*

over the course of the next two and a half years. Those individuals were: Joseph Greenwald, Kathy Herman, Stan Oliai, Chuck Robida, Tim Summers, and Kerry Williams.[3] Trans Union identified five people and, like Experian, never identified any more over the course of the next two and a half years. Trans Union's disclosures were: Jeffrey Hellinga, Mark Marinko, Kelly Roth, Chet Wiermanski, and Jason Wright.[4] VantageScore LLC identified one person—Barrett Burns.[5]

Fair Isaac identified twenty-nine people on its initial disclosures, including Experian, Trans Union, and VantageScore employees whom Fair Isaac thought might have discoverable information.[6] After receiving Fair Isaac's initial disclosures, none of the defendants amended its initial disclosures to include any of the people on Fair Isaac's disclosure. After initial disclosures were exchanged and a conference was held with the Magistrate Judge, the Court issued its pretrial order, limiting each side to thirty party depositions and eight third-party depositions.[7]

Because the Court's initial Pretrial Order limited Fair Isaac's depositions to about 7.5 depositions of each defendant, when there were so many more people

---

3. *Id*. at Ex. 2 (Experian's Rule 26(a)(1) Initial Disclosures (served January 8, 2007)).
4. *Id*. at Ex. 3 (Trans Union's Rule 26(a)(1) Initial Disclosures (served January 8, 2007)).
5. *Id*. at Ex. 4 (VantageScore's Rule 26(a)(1) Initial Disclosures (served January 8, 2007)). VantageScore amended its initial disclosures on August 8, 2007.
6. *Id*. at Ex. 5 (Fair Isaac's Initial Disclosures (served January 8, 2007)).
7. *Id*. at Ex. 6 (Pretrial Order (January 17, 2007)).

who could potentially be deposed, Fair Isaac was forced to limit its deposition discovery to mainly depositions under Rule 30(b)(6), to cover as completely as possible the information relates to Fair Isaac's the antitrust, trademark, passing-off, false advertising, and contract-related claims.[8] The defendants had well over 150 document custodians, and with the limited number of depositions available, Fair Isaac relied on the defendants' initial disclosures to choose carefully to depose only a few people from VantageScore, Experian, and Trans Union in their individual capacities—namely, Barrett Burns, Kerry Williams, Kelly Roth, Jeff Hellinga, Steve Sassaman, Matt Schwab, Chet Wiermanski, and Jason Wright. Fact discovery was eventually extended by amendments to the pretrial schedule and closed on July 22, 2008.[9]

 Fair Isaac amended its initial disclosures at the close of discovery in July 2008 but the defendants' initial disclosures remained unchanged. (During discovery, the defendants were able to depose, in their individual capacity, every one of the individuals on Fair Isaac's witness list for trial.) The defendants waited to amend their disclosures until well after the deadline for non-dispositive motions had passed and until the parties were busy preparing for trial, thus

---

  8. *Id*.
  9. *Id*. at Ex. 7 (Fourth Amended Pretrial Order).

making certain that Fair Isaac could not depose the people whom the defendants would "use to support [their] claims or defenses."[10]

Over a year after fact discovery had ended and one month after this Court issued its summary-judgment order, Experian and Trans Union supplemented their initial disclosures. On August 24, 2009, Experian added five people: Samah Haggag, Matt Schwab, Peg Smith, David Williams, and Theresa Wong.[11] And the next day, Trans Union followed suit and added three witnesses: John Danaher, Lucy Duni, and Jay Gutierrez.[12] Fair Isaac objected to these late disclosures as untimely and improper.[13]

Two weeks before trial, the defendants disclosed their actual lists of witnesses who will support their defenses. These lists revealed three additional third parties who were never disclosed in any disclosures under Rule 26(a): an "Olson" representative, a James Christiansen, and a John Wilson.[14] And they revealed, in total, seven other individual witnesses who were never disclosed during discovery as people whom the defendants might call to support their claims or defenses. Those nine witnesses are: Peg Smith, David Williams, Samah

---

10. Fed. R. Civ. P. 26(a)(1)(A)(i).
11. Kiedrowski Decl. at Ex. 8 (Experian's Supplemental Initial Disclosures).
12. *Id*. at Ex. 9 (Trans Union's Supplemental Initial Disclosures).
13. *Id*. at Ex. 10 (Emails from R. Tietjen to B. Gant and D. Boyle).
14. *Id*. at Exs. 11, 12, 13 (Experian List of Live Witnesses (filed September 21, 2009); Trans Union's List of Live Witnesses (filed September 21, 2009); VantageScore's List of Live Witnesses (filed September 21, 2009)).

Haggag, Theresa Wong, John Danaher, and Lucy Duni.[15] Fair Isaac now moves to exclude all of these nine previously undisclosed witnesses.

## Argument

### A. The Court can and should exclude witnesses who were not disclosed by the defendants under Rule 26(a)

The Court can exclude witnesses when a party fails to comply with court-established deadlines or when witnesses are not disclosed in initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure.[16] Rule 26(A)(1)(a)(i) requires a party to make a reasonable inquiry, followed by complete and detailed disclosures, identifying individuals whom the disclosing party might use to support its claims or defenses.[17] Rule 26(e) requires a party who makes a disclosure under 26(a) to supplement its response in a timely manner.[18] Rule 37(c) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

---

15. *Id.*
16. Fed. R. Civ. P. 37(c); *Life Plus Int'l v. Brown*, 317 F.3d 799, 803 (8th Cir. 2003) (stating that the Eighth Circuit starts "with the premise that a district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the Court's pretrial order") (quoting *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51 (8th Cir. 1982)).
17. Fed. R. Civ. P. 26(a)(1)(A)(i); *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (excluding undisclosed witnesses when party did not make a reasonable inquiry before submitting initial disclosures).
18. Fed. R. Civ. P. 26(e).

motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[19]

This result is "self-executing" and "automatic" and designed to compel a party to disclose witnesses whom the party intends to use at trial.[20] "The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1)."[21] In determining whether to exclude a witness for failure to disclose, a district court, as the Eighth Circuit has explained, "should consider factors such as (1) the reason for failing to disclose the witness earlier, (2) the importance of the witness's testimony, (3) the opposing party's need for time to prepare, and (4) whether a continuance would be useful."[22]

A party cannot show that a delayed disclosure is "substantially justified" when the delay could have reasonably been avoided.[23] Disclosures that unduly

---

[19]. Fed. R. Civ. P. 37(c); *ADS Holdings, Inc. v. Fed. Ins. Co.*, 2008 WL 2042624 at *4 (D. Minn. May 13, 2008) (adopting Magistrate Judge's report and recommendation excluding evidence as a sanction for violating Rule 26(e)); *Transclean Corp. v. Bridgewood Servs.*, 101 F. Supp. 2d 788 (D. Minn. 2000) (excluding a supplemental expert report that was submitted eighteen months after the deadline for expert disclosures and less than a year before trial); *CNH Capital Am., LLC v. Kramer*, 2008 WL 877636 at *1–2 (N.D. Iowa Mar. 31, 2008).

[20]. Fed. R. Civ. P. 37(c)(1), Notes of Advisory Committee on Rules, 1993 Amendments.

[21]. *Sender*, 225 F.R.D. at 655.

[22]. *Life Plus Int'l*, 317 F.3d at 803–04.

[23]. *Compare Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759–60 (8th Cir. 2006) (introduction of expert witness after deadline has passed is not allowed when the party had "ample opportunity to develop" the issue and when the party "should have sought

prejudice the opposing party are not harmless.[24] The Eighth Circuit requires a party to inform the opposing party of a witness either through initial disclosure or amendment, even if the witness has been referred to elsewhere during discovery.[25] The defendants bear the responsibility of formally disclosing all witnesses, even if Fair Isaac learned of those witnesses through other discovery.[26] A "[p]laintiff is under no obligation to review [a] Defendant's documents to learn of potential witnesses."[27]

B. **The exclusion of the defendants' newly disclosed witnesses is the proper remedy in this case**

John Wilson, James Christiansen, the "Olson" representative, Theresa Wong, and Lucy Duni were not identified in any party's initial disclosures or responses to written discovery, and they were not deposed in any capacity. John Wilson, James Christiansen, and the unidentified "Olson" representative were

---

[to supplement]" pursuant to Fed. R. Civ. P. 26(e)) *with Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (delay is substantially justified when the party adding the witness was unaware of the witness until immediately before trial).

24. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008–09 (8th Cir. 1998) (opposing party would be harmed by the delayed production of information because it had little time to prepare a rebuttal for trial).

25. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (discussing a defendant's "use of the undisclosed witnesses . . . would have unfairly prejudiced plaintiffs at trial, even if the witnesses . . . had been identified or referenced somewhere in the course of discovery.").

26. *Id.* at 1205 (requiring defendant to disclose witnesses formally pursuant to Rule 26 even when the witnesses "were known to plaintiffs either through plaintiffs' own discovery disclosures and responses or through [defendant's] discovery responses.").

27. *CNH Capital Am. LLC v. McCandless*, 2007 WL 1830819 at *4 (N.D. Iowa June 22, 2007).

never deposed, never disclosed in response to discovery requests, and never identified in produced documents. The late disclosure of John Wilson or James Christiansen cannot be justified, nor can the late "Olson" disclosure. The defendants subpoenaed "Olson" over a year ago and "Olson" produced documents over nine months ago, and the defendants still did not identify an "Olson" representative as a witness until their pretrial disclosures on September 21, 2009. The late disclosure of Lucy Duni and Theresa Wong is also not justified.[28]

If the defendants argue that their late disclosures are justified or excused by the fact that a person might have been identified at a deposition, they are invoking an outdated argument that should be rejected. The 1993 Advisory Committee comments on the old version of Rule 26(e) stated that "[t]here is . . . no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition."[29] But Rule 26 was later amended and "narrowed to identification of witnesses . . . that the disclosing party may use to support its claims or

---

28. *Miller v. Kellogg USA, Inc.*, 2006 WL 468315 at *3 (D. Neb. Feb. 27, 2006) (reference to a person at a deposition is insufficient).
29. Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules, 1993 Amendments.

defenses."[30] "Subdivision (e)(1), which is unchanged, requires supplementation if information later acquired would have been subject to the disclosure requirement. As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use."[31]

Many of the newly disclosed witnesses are the defendants' employees, and the defendants were in a much better position than Fair Isaac to determine whether these witnesses had knowledge that the defendants would actually use to support their defenses. Allowing these witnesses to testify now is not harmless and would prejudice Fair Isaac. Fair Isaac did not know that it should use its limited depositions to depose these witnesses and it was not aware that they would be called as witnesses at trial.

The improper affidavit that Wong submitted in connection with the defendants' summary-judgment motion does not change the analysis with respect to her; her affidavit was still submitted long after the close of fact discovery and it did not give Fair Isaac any opportunity to investigate the scope of her personal knowledge. Similarly, Samah Haggag and Peg Smith were also first disclosed as potential witnesses six weeks before the start of trial, well after the close of discovery. Not knowing the full nature or extent of these witnesses'

---

30. Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules, 2000 Amendments.
31. *Id.*

knowledge, Fair Isaac listed these individuals among others on its own initial disclosures. But if Experian tries to argue that fact now as a rationale for its own failure to identify these witnesses on its initial disclosures, that argument should fail. After receiving Fair Isaac's disclosures, the defendants did nothing to amend their own, and Fair Isaac could only assume that these witnesses did not have information sufficient to allow the defendants to use their testimony to support Experian's defenses. No one but the defendants was in a better position (without depositions) to determine whether an individual had information that would involve that person testifying at trial.

Initial disclosures are particularly important in this case where Fair Isaac had a limited number of depositions at its disposal to gain discovery on antitrust, breach-of-contract, false-advertising, passing-off, and trademark claims. The fact that some of these people's names appeared on documents produced in this case does not meet the disclosure obligations.[32] As explained earlier, the defendants' documents were produced from over 150 custodians and they produced millions of pages.

---

32. *See Monsanto Co. v. Bayer Bioscience N.V.*, 2005 WL 5989796 at *21 (E.D. Mo. Oct. 28, 2005) ("This Court finds that Monsanto cannot realistically have been expected to recognize Mr. Seurinck as a potential witness just because his name appeared in some of the thousands of documents produced in this case. Furthermore, after Bayer had identified Mr. Seurinck as being most knowledgeable about certain documents, Monsanto sought more information about him, and Bayer failed to respond to Monsanto's requests for information. Permitting Bayer to add a witness only days before trial would be extremely prejudicial to Monsanto.").

The defendants also chose not to disclose David Williams and John Danaher until about six weeks before trial. Similar to the other newly disclosed witnesses, the fact that these individuals were among the more than 150 employees who were document custodians is no justification for the untimely disclosure. The defendants, not Fair Isaac, were in the best position to evaluate whether they would be used to support the defendants' defenses. These three individuals served as corporate spokespeople for the defendant corporations under Rule 30(b)(6), but their omission from the defendants' initial disclosures is not harmless and still prejudiced Fair Isaac.

Rule 30(b)(6) allows a company to designate an agent to testify on the company's behalf on topics noticed by the opposing party.[33] The person does not need to have personal knowledge about any of the topics discussed and there was no reason for Fair Isaac—given that these individuals were not on the defendants' disclosures—to spend any of its limited number of depositions on those individuals' depositions.[34] Fair Isaac has designated for trial Experian's and Trans Union's 30(b)(6) deposition testimony, where Williams and Danaher testified as corporate representatives. But those depositions were limited to the topics noticed and were not based on the witness's personal knowledge. The

---

33. Fed. R. Civ. P. 30(b)(6); *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008).
34. *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538.

designated testimony is not the testimony of Danaher or Williams but rather of Trans Union and Experian, respectively.

The defendants delay in giving Fair Isaac notice that it would call these witnesses prejudiced Fair Isaac's ability to take discovery of these witnesses.[35] As explained earlier, Fair Isaac was given a limited number of depositions. When a witness was deposed as a 30(b)(6) witness, every seven hours counted as a new deposition, and individual depositions were counted separate and apart from 30(b)(6) testimony. If these witnesses were disclosed as potential trial witnesses, Fair Isaac could have deposed these witnesses individually instead of being limited to testimony on 30(b)(6) topics. This prejudiced Fair Isaac because Fair Isaac relied on their absence from the initial disclosures when determining where to spend its limited depositions and it did not depose these witnesses in their individual capacities.[36] Fair Isaac is prejudiced because it cannot now, only

---

35. *See, e.g., Kullman v. New York*, No. 07-CV-716 (GLS/DRH), 2009 WL 1562840, at *11–13 (N.D.N.Y. May 20, 2009) (excluding a witness even though the witness was identified in depositions, identified in documents, and noticed for a deposition that did not take place because these actions were insufficient to give the defendant notice of plaintiff's intent to call the witness at trial); *Debose v. Broward Health*, 2009 WL 1410348 at *6 (S.D. Fla. May 20, 2009) (excluding late disclosed witnesses even though their names appeared in documents produced by the defendant because plaintiffs failed to prove a reason for not disclosing the witness sooner and witnesses testimony would be cumulative).

36. *See, e.g., Sender*, 225 F.3d at 651 (explaining that a party's disclosures should be focused and advance a just, speedy, and inexpensive determination, particularly when parties have limited depositions).

weeks away from trial, take meaningful discovery of these witnesses.[37] These witnesses, therefore, should not be allowed to testify at trial.

## Conclusion

The Court should exclude the anonymous "Olson" representative, Peg Smith, David Williams, John Wilson, James Christiansen, Samah Haggag, Theresa Wong, John Danaher, and Lucy Duni from being witnesses at trial. The defendants decided not to disclose these people until after discovery was closed and after Fair Isaac had lost the opportunity to depose them in their individual capacities. The defendants' actions cannot be justified.

Date:  September 28, 2009    **Robins, Kaplan, Miller & Ciresi, L.L.P.**

By:   s/Randall Tietjen
Ronald J. Schutz (130849)
Randall Tietjen (214474)
Michael A. Collyard (302569)
Mary E. Kiedrowski (346378)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: (612) 349-8500
Fax: (612) 339-4181

**Attorneys for Plaintiffs**

---

37. *CNH Capital*, 2007 WL 1830819 at *4 ("Further, the lack of time between Defendant adding these names to the witness list on June 7 and the beginning of trial on June 25 would be unduly prejudicial to the Plaintiff.").