IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Fair Isaac Corporation; and myFICO  )
Consumer Services, Inc.;  )
  )
    Plaintiffs,  )
  )
v.  )
  )  Civil Action No:
Experian Information Solutions, Inc.;  )  0:06-cv-04112 (ADM/JSM)
Trans Union LLC; VantageScore  )
Solutions, LLC; and Does I through X;  )
  )
  )
  )
    Defendants.  )
  )

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO FAIR ISAAC'S MOTION *IN LIMINE* TO EXCLUDE EXPERIAN'S
EXHIBITS 322, 323, AND 387, AND ANY RELATED TESTIMONY**

Plaintiffs' motion should be denied for two simple reasons.

First, the entire premise on which the motion is based -- that Experian's 30(b)(6) witness did not fulfill his obligation -- is false. The evidence Plaintiffs claim Experian's designee should have described in his deposition (*i.e.*, the information shown in Exhibits 322, 323 and portions of 387[1]) either comes from a company that Experian ***does not*** and ***never has*** owned (CreditXpert) or comes from a company's website (ConsumerInfo.com) prior to Experian's acquisition of that company. Thus, these are third-party documents

---

[1] Exhibits 322, 323 and 387 are referred to as EX0322, EX0323 and EX0387 on Experian's exhibit list and are attached as Exhibits 1, 2 and 3, respectively, to the Declaration of Heather Burke, dated September 28, 2009 ("Burke Decl.").

outside the scope of Plaintiffs' deposition notice, and Experian had no obligation to testify about them.

Second, the evidence in Exhibits 322, 323 and 387 comes from a public source -- verifiable now or anytime -- whose authenticity is not in doubt. Indeed, Plaintiffs (and Plaintiffs' expert) rely heavily on this source and vouch for its trustworthiness.

Plaintiffs' motion appears to be an attempt to shield the jury from seeing evidence that seriously undermines their claim of trademark validity based on a manufactured discovery issue. The motion should be denied.

## ARGUMENT

I. **THE COURT SHOULD NOT EXCLUDE THE EVIDENCE BECAUSE IT WAS OUTSIDE THE SCOPE OF ANY DISCOVERY REQUESTS AND THE 30(B)(6) NOTICE, AND EXPERIAN HAD NO OBLIGATION TO OBTAIN AND PRODUCE IT**

Exhibit 322 is a series of webpage printouts obtained from a source called the Internet Archive[2] reflecting how certain pages from the websites ConsumerInfo.com and qspace.iplace.com looked in January and February 2002.[3] Plaintiffs contend that using this document at trial should be prohibited because it contains information that somehow should have been disclosed during the deposition of an Experian 30(b)(6) witness, David Williams. However, as was made clear in that deposition, Experian did not purchase

---

[2] Internet Archive, located at http://www.archive.org, allows users to use its "Wayback Machine" to pull authentic copies of archived webpages as they appeared in the past. *See* EX0387 ¶¶ 2-3. As discussed below, Plaintiffs' motion does not question the genuineness or authenticity of webpages stored by Internet Archive.

[3] As the affidavit of an Internet Archive representative makes clear, the URL at the bottom of these exhibits reflects the dates the particular web pages appeared on the internet and were archived. (Affidavit of Christopher Butler, dated September 3, 2009, EX0387.)

2

ConsumerInfo (and thus qspace.iplace.com)[4] until mid to late 2002. (Williams Dep. 83:14-84:3.[5]) In other words, Experian did not own ConsumerInfo when Exhibit 322 was created, and Mr. Williams had no obligation to educate himself or testify on the information contained in that document. Nor did Experian own the company whose score ConsumerInfo was selling at this time. The exhibit itself makes clear that in February 2002, ConsumerInfo was selling the "CreditXpert Credit Score" which was owned by CreditXpert Inc., a subsidiary of Neuristics LLC. (EX0322-0006.)

Similarly, Exhibit 323 is a series of CreditXpert.com and qspace.iplace.com webpage printouts from 2001 and 2002 that were obtained from the Internet Archive. Plaintiffs complain that this document reflects "Experian's own website" but was not produced to Plaintiffs during discovery. However, Experian does not and has never owned CreditXpert.com, and the exhibit itself makes clear that it is a website maintained by Neuristics LLC. (EX0323-0001.) Experian did license the CreditXpert score for a short time via ConsumerInfo.com and qspace.iplace.com (Williams Dep. 51:8-52:9), but Exhibit 323 was created before that, and prior to Experian's acquisition of ConsumerInfo. Plaintiffs do no assert any claims directed at ConsumerInfo's conduct prior to Experian's acquisition of that company, and Experian had no obligation to collect and testify about this third-party document.

---

[4] ConsumerInfo.com redirects users to pages from qspace.iplace.com. (Williams Dep. 211:13-14.)

[5] The relevant portions of the deposition of David Williams, dated July 10, 2008 are attached as Burke Decl. Ex. 4.

NEWYORK 7313585 (2K)

For these reasons, Plaintiffs' contention that these exhibits contradict Mr. Williams's testimony is baseless. Experian worked hard to respond to the 122 topics propounded by Plaintiffs in their overbroad 30(b)(6) notice, but it was always agreed that those many, many topics related only (and could relate only) to Experian-owned entities. Mr. Williams was not required to testify about anything other than Experian-owned websites, Plaintiffs never questioned Mr. Williams regarding these third-party websites, and Mr. Williams did not offer any testimony related to third-party websites. Therefore, it is impossible for these exhibits to contradict any of his testimony.

## II. THE COURT SHOULD NOT EXCLUDE THIS EVIDENCE BECAUSE IT IS FROM A VERIFIABLE, TRUSTWORTHY SOURCE THAT PLAINTIFFS RELY ON AS WELL

To be authentic, a document must be supported by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. Here, there is no doubt that the exhibits at issue are authentic.

Plaintiffs are challenging publicly available websites that can be checked and authenticated by means of a method that Plaintiffs do not challenge and in fact use themselves. Specifically, several of Plaintiffs' own proposed trial exhibits, including exhibits to the report of one of their purported experts, Michael Younger, were obtained from the Internet Archive. *See*, *e.g.*, PX1100, a portion of PX1157, PX1211.[6] And Younger himself testified that webpages obtained through the Internet Archive are

---

[6] PX1100, PX1157A-27 (which are example pages from PX1157, but if the Court would like more examples, Defendants are happy to provide them), and PX1211 are attached as Burke Decl. Exs. 5-7.

4

accurate representations of what webpages looked like during a historic time frame.  *See* Younger Dep. 25:13-26:2; 27:1-23; 60:19-63:13; 112:24-113:7; 114:24-115:7.[7]

In addition, courts have held that websites gathered from the Internet Archive are admissible as authentic documents if accompanied by a declaration from an Internet Archive representative with personal knowledge, as Defendants have provided here.[8]  *See* EX0387; *see also*, *e.g.*, *Masters v. UHS of Del., Inc.*, No. 4:06-CV-1850, 2008 WL 5600714, at *2 (E.D. Mo. Oct. 21, 2008) (citing *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02-C-3293, 2004 WL 2367740, at *6 (N.D. Ill. Oct. 15, 2004)); *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 553 (D. Md. 2007); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-CV-223, 2006 WL 1320242, at *1-2 (M.D. Fla. May 12, 2006).

Plaintiffs are not prejudiced by the introduction of this evidence because they have had ample opportunity to review and verify these publicly available websites.  *Dickinson v. Nationwide Mutual Fire Ins.,* Civ. No. 1:06-CV-198, 2008 WL 2568141, at *1 (S.D. Miss. June 24, 2008) (denying plaintiffs' motion *in limine* to exclude public documents on the same basis as Plaintiffs assert here, *i.e.*, that their admission would result in a "trial by ambush," because the documents "are as available to the plaintiffs as they are to the defendants"); *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 738-39 (E.D.N.C.

---

[7] The relevant portions of the deposition of Michael Younger, dated December 6, 2008 are attached as Burke Decl. Ex. 8.

[8] EX0387 also authenticates various other webpages on Experian's exhibit list that are not the subject of this motion and which Plaintiffs do not challenge.

2000) (a party is not obligated to produce "public records which are readily accessible to [the other party]").

Finally, Plaintiffs dramatically contend that Experian included these exhibits on its exhibit list to "ambush" and "surprise" them. However, as discussed above, there was never any obligation for Experian to find and produce these third-party webpages. Plaintiffs knew about the existence of CreditXpert and Experian's acquisition of ConsumerInfo.com insofar as they questioned Mr. Williams about those topics (Williams Dep. 51:8-54:18, 83:14-84:3), and Plaintiffs could have used publicly available means to find the documents at issue in the present motion (as Defendants did). Moreover, Plaintiffs themselves have included numerous exhibits on their exhibit list that were not produced during discovery, many of which come from third-party websites.[9] Surely Plaintiffs do not believe these documents represent some form of "ambush."

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to exclude Experian's Exhibits 322, 323, and 387, and any related testimony.

Respectfully submitted this 28th day of September, 2009.

                        **Lindquist & Vennum PLLP**

                        By:   /s/ Mark A. Jacobson
                        Mark A. Jacobson (MN Bar #188943)
                        Christopher Sullivan (MN Bar #0343717)
                        LINDQUIST & VENNUM, P.L.L.P.

---

[9] These documents include PX0857-861, PX898-899, PX1031-1042, PX1052, PX1083, PX1114-1119, PX1188-1189. If the Court would like copies of any of these documents for reference or other purposes, Defendants would be happy to provide a copy.

4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

M. Elaine Johnston
Robert A. Milne
Christopher J. Glancy
Jack E. Pace III
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200
(212) 354-8113 (facsimile)

*Attorneys for Defendant Experian Information Solutions, Inc. (and authorized to sign on behalf of all Defendants)*

Lewis A. Remele, Jr. (MN Bar #90724)
Christopher R. Morris (MN Bar #230613)
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Tel: (612) 376-1601
Fax: (612) 333-8829

James K. Gardner
Ralph T. Russell
Dao L. Boyle
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
Tel: (312) 269-8030
Fax: (312) 269-1747

*Attorneys for Defendant Trans Union LLC*

Barbara Podlucky Berens (MN #209788)
Justi R. Miller (MN #0387330)
KELLY & BERENS, P.A.

7

        3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 349-6171
Fax: (612) 349-6416

*Attorneys for Defendant
VantageScore Solutions, LLC*

NEWYORK 7313585 (2K)