IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.; </br></br>　　　Plaintiffs, </br></br>v. </br></br>Experian Information Solutions, Inc.; Trans Union LLC; VantageScore Solutions, LLC; and Does I through X; </br></br>　　　Defendants. | Civil Action No: </br>0:06-cv-04112 (ADM/JSM) |

**VANTAGESCORE SOLUTIONS, LLC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM
CHALLENGING THE VALIDITY OF FAIR ISAAC'S "300-850" MARK**

## INTRODUCTION

It is undisputed that VantageScore Solutions, LLC ("VantageScore") is not a licensee of Fair Isaac's ("Plaintiffs") "300-850" mark or any other Fair Isaac mark. Plaintiffs nonetheless seek to escape their burden of proving secondary meaning at trial by presenting a laundry list of unsupported theories as to why VantageScore should be barred from challenging validity.  As to VantageScore, Plaintiffs cite no licensee estoppel cases in support of their novel position because none exist.  VantageScore thus asks the Court to deny Plaintiffs' motion in limine to preclude VantageScore from challenging the validity of Plaintiffs' "300-850" mark.

## ARGUMENT

I. **VANTAGESCORE CANNOT BE ESTOPPED FROM CHALLENGING VALIDITY BECAUSE IT IS NOT A LICENSEE**

It is well established that the licensee estoppel doctrine does not preclude "other parties, even those closely affiliated with the licensee" from challenging the validity of a licensor's purported trademark. 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 18:63 (4th ed. 2009). Indeed, we could find no case where a court applied the licensee estoppel doctrine to a party who is not a licensee, regardless of that party's relationship to the licensee. *See, e.g.*, *Donald F. Duncan, Inc. v. Royal Tops Mfg. Co.*, 343 F.2d 655, 658-59 (7th Cir. 1965) (agent not estopped from challenging validity of mark where principal was a licensee); *Papercraft Corp. v. Gibson Greeting Cards, Inc.*, 515 F. Supp. 727, 728 (S.D.N.Y. 1981) (parent corporation not estopped from challenging validity of mark where its wholly owned subsidiary was a licensee). Plaintiffs make no attempt to justify why this Court should be the first to impose licensee estoppel against a party who is not a licensee.

Plaintiffs' argument that licensee estoppel should apply to VantageScore centers around the relationship between VantageScore and the two credit reporting agency Defendants. Plaintiffs invoke a number of fanciful theories – "a control issue" or "a question of agency" or "some other inter-organizational principles" (Plaintiffs' Memorandum in Support of Motion *In Limine* ("Pls.' Mem.") 6) – but they cite no applicable legal authority to support their unprecedented position that a subsidiary corporation should not only be liable for the "implied" contractual obligations of its

2

parent, but should also thereby be equitably and vicariously prevented from defending itself here by virtue of those "implied" obligations.

Plaintiffs' legal argument that VantageScore should be "vicariously estopped" by virtue of its subsidiary status to the credit bureaus totally ignores the fact that VantageScore is a separate legal entity.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation omitted).  A parent corporation is not liable for the acts of its subsidiaries, even where officers of the parent corporation "made policy decisions and supervised activities" of the subsidiary.  *Id*. at 69-70.  Plaintiffs' own allegations and the evidence in this case show that VantageScore is a typical limited liability corporation which happens to be owned in equal shares by the three credit reporting agencies.  VantageScore has its own board, officers, employees and books.   Plaintiffs present no basis in law or fact for overlooking VantageScore's independent corporate structure.

Plaintiffs' memorandum never mentions the corporate shield legal doctrine, which requires parties like Plaintiffs to establish certain facts before a court may make the determination as to whether the corporate veil should be pierced, thereby treating a subsidiary as coextensive with its parent (or in this case, "parents").   Plaintiffs completely ignore this doctrine, and instead invite the Court to bootstrap the tort law concept of vicarious liability into contract law.

Vicarious liability is a ***tort law***, agency concept which imposes tort liability on an employer for the wrongful act of agents that have been committed under the employer's control.  This 300+ year-old tort law concept has -- in limited circumstances involving wrongful or illegal conduct -- been used to impose liability upon a parent for the wrongful acts and tort liability of a subsidiary.  It has never been, and should not be in this instance, applied to bypass the corporate shield to impose upon a subsidiary an equitable, implied, contract licensee estoppel theory – a theory which has only dubious application to the parent corporations/defendants to begin with.

"[T]he corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990).  This is particularly true here, where there is no contractual obligation, no tort law duty, no allegation of fraud or illegality, and no public policy reason to create such a legal duty running between the subsidiary VantageScore, and the unrelated Plaintiffs Fair Isaac, Inc. and myFICO Consumer Services, Inc.

At best, Plaintiffs' motion presents only a theoretical debate about whether Experian and TU are estopped (which they are not).  (VantageScore hereby incorporates by reference the opposition memoranda of TU and Experian).  The Court should deny Plaintiffs' motion and require Plaintiffs to sustain their burden of proving the validity of its mark at trial.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion *in limine* should be denied.

Respectfully submitted this 28th day of September, 2009.

                      KELLY & BERENS, P.A.

By:   s/Justi R. Miller
      Barbara Podlucky Berens (MN #209788)
      Justi R. Miller (MN #0387330)
      3720 IDS Center
      80 South Eighth Street
      Minneapolis, MN 55402
      Tel: (612) 349-6171
      Fax: (612) 349-6416

*Attorneys for Defendant*
*VantageScore Solutions, LLC*