## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | ) ) ) |  |
|  | ) | Civil Action No: 0:06-cv-04112 |
| Plaintiffs, | ) | (ADM/JSM) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Experian Information Solutions Inc.; TransUnion, LLC; VantageScore Solutions LLC; and Does I through X; | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) ) |  |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO FAIR ISAAC'S
MOTION TO EXCLUDE WITNESSES WHO WERE NOT DISCLOSED IN
DEFENDANTS' INITIAL DISCLOSURES DURING DISCOVERY**

Although Plaintiffs Fair Isaac Corporation and myFICO Consumers Services, Inc. (collectively, "Plaintiffs") argue that Defendants have "disclosed nine new fact witnesses" only "[j]ust before trial," the fact is that none of these nine witnesses come as a surprise to Plaintiffs. Two were listed as "persons with knowledge" on *Plaintiffs'* initial disclosures way back in January 2007. Two others were added by Plaintiffs when they amended their initial disclosures, presumably based on information they had learned in discovery, in 2008. Two were designated as Rule 30(b)(6) corporate representatives with knowledge of relevant facts and deposed at length by Plaintiffs. Another witness submitted a declaration in support of summary judgment and is to be called at trial only if the Court allows Plaintiffs to present a new spoliation argument in connection with their trademark claims. One is a third-party document custodian to be called, if necessary, to

authenticate documents and establish the business record exception to the hearsay rule in response to Plaintiffs' continued objections.  All six of the party witnesses were included in Defendants' updated Rule 26(a) disclosures more than a month ago (and more than two months before the trial is to begin) and all nine witnesses were on the Defendants' pre-trial witness lists timely filed more than a month before the trial is to begin.

Rule 26(a)'s initial disclosure requirement is designed as a shield to protect against true surprise at trial and trial by ambush, not as a sword to exclude relevant witnesses who come as no surprise and who will aid the jury in determining the facts.  None of the cases cited by Plaintiffs apply Rule 26(a) to require exclusion of trial witnesses under these circumstances.

## I. LEGAL STANDARDS GOVERNING THE DESIGNATION AND EXCLUSION OF TRIAL WITNESSES

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to provide certain information about witnesses "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses. . . ."  Rule 26(e)(1)(A) provides that a party must supplement this disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ."  Thus, supplementation is generally required only if the opposing party has not otherwise been made aware of the supplemental information.

2

If supplementation is not required, there is no reason to consider excluding witnesses. If a party has failed to supplement its initial witness disclosures as required by Rule 26, then the court must decide whether to exclude the "undisclosed" or late-disclosed witness.

Decisions concerning exclusion of "undisclosed" or late-disclosed witnesses, like other evidentiary rulings, are within the broad discretion of the trial court. *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993). Plaintiffs, however, fail to mention the long-standing rule in the Eighth Circuit that, when the trial court exercises that discretion, "[u]se of an undisclosed witness should seldom be barred unless bad faith is involved." *Id.* (quoting *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989)); *see also Kunzman v. Enron Corp.*, 941 F. Supp. 853, 859 (N.D. Iowa 1996) (citing this standard as "the general rule on exclusion of 'undisclosed' fact witnesses" in Eighth Circuit); *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 355 (8th Cir. 2003) (applying *Mawby* and affirming use of proffered affidavit on summary judgment where there was no showing of bad faith). Plaintiffs have presented no evidence of bad faith here.

In *Mawby*, unlike here, counsel for plaintiff asserted that he first became aware of a key defense witness only the night before trial began. 999 F.2d at 1253. The court found plaintiff's earlier discovery requests had clearly required the defendant to disclose the witness earlier. *Id.* at 1254. When the witness, a meteorologist, testified at trial over plaintiff's objection, he testified as both a fact witness and an expert witness, and his testimony was the primary basis for court's decision in defendant's favor. *Id.* at 1254, 1254 n.1. Even under those circumstances, the Eighth Circuit found that the district court

had properly refused to exclude the testimony, although the lower court should have allowed plaintiff an opportunity for rebuttal. *Id.* at 1254. Here, by contrast, Plaintiffs have been aware of all nine witnesses for some significant time prior to trial and will presumably be afforded any necessary opportunity to rebut their testimony. And, as discussed below, given the continuance of the trial, there is ample time for Plaintiffs to take depositions of any of these witnesses if they so desire (though in the case of two of them, depositions have already been taken).

In addition to the standard set forth in *Mawby*, the Eighth Circuit has considered the following factors in deciding whether to exclude witnesses who were not listed as trial witnesses: (1) the reason for failing to name the witness, (2) the importance of the witness's testimony, (3) the opposing party's need for time to prepare for the testimony, (4) whether a continuance would be useful, (5) the prejudice or surprise in fact of the party against whom the witness would testify, (6) the ability of that party to cure the prejudice, (7) the extent to which allowing the witness would disrupt the orderly and efficient trial of the case or other cases in the court, and (8) bad faith or willfulness of the party failing to comply with the court's order. *Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir. 1986); *see also Life Plus Int'l v. Brown*, 317 F.3d 799, 803-04 (8th Cir. 2003) (district court should consider factors "such as" first four listed above). The same factors apply when deciding whether to exclude a witness who was timely listed as a trial witness, but allegedly was not disclosed earlier in the discovery or pre-trial period. *Kunzman*, 941 F. Supp. at 858-59.

4

The cases upon which Plaintiffs rely are unavailing.  Three cases dealt not with trial witnesses, but rather with untimely expert reports or expert opinions.  *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008-09 (8th Cir. 1998); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006); *Transclean Corp. v. Bridgewood Services, Inc.*, 101 F. Supp. 2d 788, 795-96 (D. Minn. 2000).   Plaintiffs misrepresent another, *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004), as "excluding undisclosed witnesses," when the court in fact specifically *denied* the request to exclude witnesses in the absence of a finding of bad faith or prejudice that could not be cured.  *Id.* at 657. Other cases involved exclusion of testimony the trial court deemed unnecessary, cumulative, or irrelevant.  *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002); *Life Plus Int'l*, 317 F.3d at 804; *CNH Capital Am., LLC v. Kramer*, No. C06-0046, 2008 WL 877636, at *1-2 (N.D. Iowa Mar. 31, 2008); *Debose v. Broward Health*, No. 08-61411-CIV, 2009 WL 1410348, at *6 (S.D. Fla. May 20, 2009).   In another case, the opposing party had specifically requested information about the witness during discovery, and the party proffering the witness had failed to respond.  *Monsanto Co. v. Bayer Bioscience N.V.*, No. 4:00CV01915 ERW,  2005 WL 5989796 at *21 (E.D. Mo. Oct. 28, 2005).   Two other cases involved bad faith and the withholding parties did not even dispute their failure to supplement under Rule 26(e).  *See ADS Holdings, Inc. v. Fed. Ins. Co.*, No. 06-3715, 2008 WL 2042624, at *4 (D. Minn. May 13, 2008); *Kullman v. New York*, No. 07-CV-716, 2009 WL 1562840, at *6-13 (N.D.N.Y. May 20, 2009). None of those circumstances is present here.

Plaintiffs' reliance on the Eighth Circuit's decision in *Troknya* is also misplaced. In *Troknya*, the court first found that the proffered testimony of the witnesses excluded by the trial court "substantially duplicated documentary evidence" and was "only marginally relevant." 280 F.3d at 1205.   The Eighth Circuit then found that the trial court "reasonably could have concluded" that the excluded witnesses and evidence could have unfairly prejudiced plaintiffs even if they had been referenced in some earlier discovery, and therefore found no abuse of the trial court's broad discretion. Unfortunately, the Court gave no hint of the facts considered or the thought process used by the trial court to reach its prejudice conclusion, nor did it list or specifically consider any of the factors set forth by the Eighth Circuit above.   While *Troknya* stands for the proposition that the trial court's discretion in this area is extremely broad, it stands for little else.

The danger of relying on a bare Eighth Circuit finding that the trial court did not abuse its broad discretion, without exploring the specific facts or analysis in the trial court below, is emphasized by another case on which Plaintiffs rely, *Life Plus International*.   While that decision appears to suggest that the proffered witness was listed as a trial witness but was not disclosed earlier in discovery, 317 F.3d at 803, in fact, the witness was first disclosed only two days before trial and weeks after the pre-trial information was due.   See Brief of Appellee Fran Brown, *Life Plus Int'l v. Brown*, No. 01-2248, 2001 WL 34155890 at *12-13.   The circumstances of our case stand in stark contrast:   Defendants included their witnesses in their pre-trial materials on time in accordance with the Court's pretrial order and over a month before trial will start.

6

II.   **NEITHER THE FACTS NOR THE LAW SUPPORT EXCLUSION OF THESE WITNESSES**

A.   **Experian Witnesses Smith, Williams, Haggag and Wong**

Plaintiffs object to the inclusion of Peg Smith, David Williams, Samah Haggag, and Theresa Wong on Experian's witness list.   All four witnesses were added to Experian's initial disclosures on August 24, 2009, more than two months before trial and weeks before the pre-trial order required witness lists to be filed.   *See* Declaration of Mary E. Kiedrowski ("Kiedrowski Decl.") [Dkt. No. 809], Ex. 8.   But all four witnesses were known to Plaintiffs long before Experian supplemented its initial disclosures.

Smith and Haggag, however, were included on *Plaintiffs'* own initial disclosures almost three years ago.   *Id.*, Ex. 5.   Williams was added to Plaintiffs' amended initial disclosures in 2008.   Declaration of Ross Elfand ("Elfand Decl."), Ex. 4.   For this reason alone, these three witnesses should be permitted to testify at trial.   Fed. R. Civ. P. 26(e)(1)(A);   *Harding v. Cianbro Corp.*, 436 F. Supp. 2d 153, 162 n.19 (D. Me. 2006) (considering an affidavit on summary judgment despite a failure to supplement where the witness was already on the opposing side's initial disclosure list).

In the case of Williams, Plaintiffs acquired extensive knowledge of him during the two days that they deposed him.   Elfand Decl., Exs. 5, 6.   As early as May 15, 2008, over two months before the end of discovery and more than a year before trial will start, Experian designated Williams as its Rule 30(b)(6) representative on topics related to Plaintiffs' trademark claims.   Elfand Decl., Ex. 1, ¶9.   Identifying Williams as its corporate representative in a 30(b)(6) deposition is a "writing" that obviated any need to

supplement. Fed. R. Civ. P. 26(e)(1)(A); *see also Charvat v. Echostar Satellite, LLC.*, No. 2:07-cv-1000, 2009 WL 2949294 (S.D. Ohio Sept. 11, 2009) (defendant was not required to supplement its initial disclosures because the plaintiff could not "reasonably argue that [the witness] was unknown to him" when the witness signed interrogatory responses on behalf of the defendant).[1]

As to Theresa Wong, she is on Experian's witness list only as a protective measure in case Plaintiffs are permitted to use their antitrust spoliation theory in the trademark trial. When Plaintiffs raised the alleged spoliation of evidence as a defense against summary judgment on the antitrust claims, Experian submitted Ms. Wong's declaration describing Project Trident's security policy and the reasons why it was adopted. [Dkt. No. 652] Plaintiffs could have sought additional discovery on that issue, including Ms. Wong's deposition, at that time under Fed. R. Civ. P. 56(f), but apparently did not feel that additional discovery was required.[2]  In any case, the Wong declarations were writings that necessarily made Plaintiffs aware that Ms. Wong had "discoverable information . . . that [Experian] may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(i), so no further supplementation was required under Rule 26(e)(1)(A).

---

[1] Williams is an executive in Experian's direct-to-consumer business (the unit responsible for selling the PLUS score, one of the scoring services Fair Isaac accuses of infringement). Williams was not identified in Experian's initial 26(a) disclosures because, at that time, Fair Isaac had not yet raised infringement claims as to the PLUS scoring service (the focus of the original complaint was VantageScore). That claim was not added until April 18, 2007. [Dkt. No. 81]

[2] Experian also submitted a declaration from Wong in December 2008 in opposition to Plaintiffs' motion to pierce the attorney client privilege in part on the basis of claimed spoliation related to antitrust claims. [Dkt. No. 549]  That motion was denied by Magistrate Mayeron.

*Watts v. Hospitality Ventures*, LLC, 2008 WL 220798, at *1-2 (M.D. Ala. Jan. 25, 2008) ("Defendant was not obligated to supplement its initial disclosures to include [a proposed witness] because [that witness] was identified in the affidavit submitted" in support of summary judgment).  Ms. Wong's testimony at trial would mirror her testimony in that declaration in the unlikely event Plaintiffs are allowed to raise the Project Trident spoliation issue in connection with their trademark claims.

Experian also produced documents in discovery reflecting these four witnesses' activities.  A word search of documents produced in the Experian production reveals that these four witnesses' names appear in hundreds if not thousands of documents:  Haggag (over 10,000 documents), Smith (over 800 documents), Williams (655 documents), and Wong (119 documents).  Elfand Decl. ¶ 2.  These documents were produced months, if not years, before fact discovery ended.  *Id.*  Under the circumstances, then, Plaintiffs can hardly claim surprise or prejudice as to Smith, Haggag, Williams, or Wong, and there is no basis to exclude them at trial.  *See Watts*, No. 2:06-cv-1149, 2008 WL 220798, at *1-2 ("Defendant was not obligated to supplement its initial disclosures to include [the proposed witness] because [the witness]" was identified in produced emails and a deposition).

As Plaintiffs have pointed out, Rule 26(a) was amended in 2000 to limit the requirement to disclose witnesses to those "the disclosing party may *use* to support its claims or defenses. . . ."  Fed. R. Civ. P. 26(a) (emphasis added).  As the Advisory Committee comments make clear in describing that change, "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it

9

does not intend to use." *Id.*; Notes of Advisory Committee on Fed. R. Civ. P. 26, 2000 Amendments, Subd. (a)(1). Therefore, "a party must supplement its disclosures when it determines that it may *use* a witness or document. . . ." *Id.* (emphasis added). In the case of Williams and Wong, as noted, Experian supplemented its disclosures by way of deposition and declaration. As to Smith and Haggag, Experian has disclosed these witnesses more than two months before trial, in a timely manner after making the decision to use those witnesses (in the case of Haggag, only on a "may call" basis), and there has been no violation of Rule 26(a) or Rule 26(e). *See* Robert A. Milne Declaration ("Milne Decl.") ¶ 2. In fact, Plaintiffs have done the same thing, including in their trial exhibit list a variety of documents never before identified in discovery or initial disclosures, presumably because they have only recently decided to use them to support their claims or defenses.[3]

### B.  Trans Union Witnesses Danaher and Duni

Trans Union has listed two of its employees to testify at trial: John Danaher and Lucy Duni. Both were listed in Trans Union's amended initial disclosures served on August 25, 2009, more than two months before trial. Kiedrowski Decl. [Dkt. No. 809], Ex. 9. Neither was listed in Trans Union's initial disclosures on January 8, 2007 because neither was a relevant witness with regard to Plaintiffs' original claims. It was not until

---

[3] The following documents on Plaintiffs' exhibit list [Dkt No. 780], many of which come from third-party websites, were not produced or identified during discovery: PX0857-861, PX898-899, PX1031-1042, PX1052, PX1083, PX1114-1119, PX1188-1189. Of course, Defendants have not had an opportunity to conduct discovery with respect to these documents.

Plaintiffs' Second Amended Complaint on April 2, 2007 that Plaintiffs asserted trademark claims against Trans Union relating to its consumer score that has a range of 300-850.

That claim has now become the focus of the trial as a result of the Court's elimination of the antitrust, contract, and false advertising claims by summary judgment. As to this remaining claim, it is inconceivable how Plaintiffs could contend that they are somehow surprised that these two employees are listed as Trans Union's trial witnesses. Mr. Danaher is the president of Trans Union's consumer business and is clearly the most knowledgeable witness on that business. Ms. Duni is the Vice President of Marketing for Trans Union's consumer business and is being offered as a witness who could testify on some of the same topics on which Mr. Danaher is generally familiar but which Ms. Duni knows first hand.

In fact, Plaintiffs have long been aware that these two witnesses are the most knowledgeable about the facts relevant to the remaining claims. Both witnesses were identified as document custodians, Declaration of Dao Boyle ("Boyle Decl."), Ex. 3, 4, and their positions at Trans Union were revealed in a corporate organization chart produced to Plaintiffs on March 8, 2007. *Id.*, Ex. 1, 2. On May 13, 2008, Trans Union identified Mr. Danaher as the only Fed. R. Civ. P. 30(b)(6) designee with regard to Trans Union's consumer business. *Id.*, Ex. 5.

Plaintiffs then deposed Mr. Danaher for a full day and added him to its amended Fed. R. Civ. P. 26(a)(1) disclosures. *Id.*, Ex. 8. During the course of that deposition, Mr. Danaher mentioned Ms. Duni several times, *id.*, Ex. 6, and Plaintiffs marked

correspondence to and from Ms. Duni as deposition exhibits, which have now become trial exhibits. *Id.*, Ex. 7.  Notes of Advisory Committee on Fed. R. Civ. P. 26, 1993 Amendments, Subd. (e) ("There is . . . no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition."); *Weiland v. Linear Const., Ltd.*, No. 00-6172, 2002 WL 31307622, at *2 (N.D. Ill. Oct 15, 2002) (denying in limine motion seeking to exclude witness whose identity was disclosed in a deposition); *Watts*, 2008 WL 220798, at *1-2; *In re Jacoby Airplane Crash*, No. 99-6073, 2007 WL 559801, at *8-10 (D.N.J. Feb. 14, 2007) (supplementation unnecessary because witnesses' identity revealed in deposition testimony).  Plaintiffs even attached portions of that deposition to their summary judgment response brief [Dkt. No. 599].  More significantly, they have designated portions of Mr. Danaher's testimony for use at trial [Dkt. No. 781].

Plaintiffs' suggestion that Trans Union be barred from calling Mr. Danaher to testify live at trial merely because they only deposed him in a 30(b)(6) capacity of the corporate representative (on each and every topic relating to Trans Union's consumer business) is absurd.  Mr. Danaher is clearly the witness who is most knowledgeable about Trans Union's consumer business so his 30(b)(6) testimony was almost exclusively based on his personal knowledge.  With regard to Plaintiffs' argument that they are prejudiced by not being able to depose Ms. Duni, which runs contrary to the fact that they never requested it before, Trans Union has offered to present her for deposition at a mutually convenient date during the month remaining before trial.

Doc# 3097085\2

**B.    Third Party Witnesses OLSON Document Custodian, Wilson, and Christiansen**

John Wilson and James Christiansen, of ChoicePoint Services, Inc. and LexisNexis Risk & Information Analytics Group Inc., respectively, are third-party witnesses who have only recently informed Defendants that they were willing to testify concerning the score ranges used by their companies. *See* Milne Decl. ¶ 3. Because this case was substantially narrowed on summary judgment and the focus has shifted to the trademark claims and, more specifically, to secondary meaning and others' use of the 300-850 scoring range, Defendants decided to use these witnesses to support their cases. Milne Decl. ¶ 3.

As with the witnesses discussed above, Defendants decided that they may use Messrs. Wilson and Christiansen only recently, and disclosed the witnesses in a timely manner in accordance with Rules 26(a) and (e) and the Court's schedule – all well in advance of trial. Milne Decl. ¶ 3.

The OLSON representative is a document custodian whose testimony, if necessary, will be restricted to establishing authenticity and hearsay exceptions for the OLSON third party documents. That witness is listed only because Plaintiffs continue to object to the authenticity and business record status of every document on Defendants' exhibit lists produced by OLSON – a consultant that Plaintiffs used to develop branding and public relations strategies. Milne Decl. ¶ 4. Defendants are following the procedure concerning authentication of documents ordered by Magistrate Judge Mayeron in the Seventh Amended Pretrial Scheduling Order [Dkt No. 518]. Given Plaintiffs'

13

admissibility objections, Plaintiffs cannot claim to be surprised when the Defendants list a witness to establish admissibility, nor can they claim to be prejudiced by that witness's testimony.  Moreover, Plaintiffs have known about the OLSON documents since OLSON produced them in response to Defendants' subpoena on May 28, 2008.  *See* Elfand Decl., Ex. 2.  Thus, Plaintiffs have had two months before the end of discovery and more than a year before the trial will start to formulate a rebuttal to these documents.

## III.     PLAINTIFFS' CLAIMS OF PREJUDICE ARE UNSUBSTANTIATED

Plaintiffs complain at some length that discovery restrictions in this case were engineered by Defendants and skewed against Plaintiffs and that they prevented Plaintiffs from conducting depositions and other discovery they deemed necessary.  Whatever the merits of an argument that this case has suffered from too little discovery, their complaint should have been made to Magistrate Judge Mayeron long ago.  Plaintiffs next argue, without any showing, that they would have bypassed some of the individual depositions they conducted and deposed these trial witnesses instead if they had been listed in Defendants' original versions of their initial disclosures.  The history of this case belies that argument.  As Plaintiffs themselves make clear, Defendants' initial disclosures listed twelve individuals, and Plaintiffs elected to depose only six of those individuals.  Plaintiffs' Brief [Dkt. No. 807] at 3-4.  Plaintiffs elected to use two of their allotted depositions on individuals not named in Defendants' initial disclosures.  *Id.*

As Plaintiffs admit, they made a tactical decision to conduct very few individual depositions and instead rely on Rule 30(b)(6) depositions.  *Id.* at 4.  They were "forced" to do so because of the broad scope of their antitrust, trademark, passing-off, false

14

advertising and contract-related claims,[4] many of which this Court has since dismissed as unfounded. *Id.* Plaintiffs have made no showing that this tactical decision would have been any different if Defendants had included additional names in their initial disclosures.

Finally, Plaintiffs have made no attempt to request depositions or other discovery concerning any of the Experian or Trans Union witnesses since they were added to Defendants' initial disclosures well more than a month ago. Instead, they simply sent a short e-mail registering their objection. Kiedrowski Decl. [Dkt. No. 809], Ex. 10. Either there is no real prejudice or Plaintiffs have made another tactical decision – make no attempt to eliminate any prejudice, but instead cry foul and hope to exclude these witnesses. In either case, exclusion is not justified.

## IV.   DEPOSITIONS CAN CURE ANY CONCEIVABLE PREJUDICE

To counter any conceivable claim of prejudice, Defendants have offered to allow Plaintiffs to take the depositions of any party witnesses that have yet to be deposed and to facilitate depositions of the three third party witnesses (one of whom, OLSON, is Plaintiffs' consultant). There is ample time to conduct such depositions given the continuance of the trial date in this matter.

## IV.   CONCLUSION

Because Defendants have not violated the supplementation requirements of Fed. R. Civ. P. 26(e), there is no reason to even consider excluding any of their witnesses.

---

[4] Not to mention their claim for misappropriation of trade secrets, which they voluntarily dismissed following considerable discovery and motion practice on that claim. [Dkt. No. 372]

Even if Defendants had failed to supplement in a timely fashion, there is no evidence of bad faith on their part and no evidence of prejudice to Plaintiffs from their testimony. This Court should deny Plaintiffs' motion to exclude nine of Defendants' trial witnesses.

Doc# 3097085\2

Respectfully submitted this 1st day of October, 2009.

**Lindquist & Vennum PLLP**

By:   s/  Mark A. Jacobson

      Mark A. Jacobson (MN Bar #188943)
      Mark H. Zitzewitz (MN Bar #0289073)
      Christopher R. Sullivan (MN Bar #0343717)

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)
mjacobson@lindquist.com
mzitzewitz@lindquist.com
csullivan@lindquist.com

– and –
**White & Case LLP**
M. Elaine Johnston
Robert A. Milne
Christopher J. Glancy
Jack E. Pace III
1155 Avenue of the Americas
New York, NY 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113
mejohnston@ny.whitecase.com
rmilne@whitecase.com
cglancy@whitecase.com
jpace@whitecase.com

*Attorneys for Defendant Experian Information
Solutions, Inc.  (Authorized to sign on behalf of all
Defendants)*

**Bassford Remele**
Lewis A. Remele, Jr. (MN Bar #90724)
Christopher R. Morris (MN Bar #230613)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Tel: (612) 376-1601
Fax: (612) 333-8829
lewr@bassford.com
chrism@bassford.com

– and –

**Neal, Gerber & Eisenberg LLP**
James K. Gardner
Ralph T. Russell
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
Tel: (312) 269-8030
Fax: (312) 269-1747
jgardner@ngelaw.com
rrussell@ngelaw.com

*Attorneys for Defendant Trans Union LLC*

**Kelly and Berens, P.A.**
Barbara Podlucky Berens (MN Bar #209788)
Justi Rae Miller (MN Bar #0387330)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 349-6171
Fax: (612) 349-6416
bberens@kellyandberens.com
jmiller@kellyandberens.com

*Attorneys for Defendant*
*VantageScore Solutions, LLC*