IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Fair Isaac Corporation and myFICO Consumer Services, Inc.; | Case No. 06-cv-4112 (ADM-JSM ) |
| Plaintiffs, | |
| v. | |
| Experian Information Solutions Inc.; Trans Union, LLC; VantageScore Solutions, LLC; and Does I through X; | |
| Defendants. | |

---

**Fair Isaac's Memorandum of Law in Support of
Motion to Exclude Exhibits on
Experian's Untimely, Amended Exhibit Lists**

Fair Isaac moves to exclude all of Experian's amended exhibit lists. Experian's four amended exhibit lists show their continual blatant disregard for this Court's order setting out deadlines for pretrial filings and manifests their intent to conduct this trial through ambush and surprise.

This Court's Amended Notice of Assignment of Case for Trial, dated August 10, 2009 (Docket No. 706) sets forth the deadlines for pretrial submissions. The order required the parties to serve and file "[a] list of all exhibits to be used as evidence at trial" by Monday, September 21, 2009. Notice at ¶1.B. The order states that the list must include the exhibits that the parties

81076436.1

agree are admissible and must list objections for the exhibits that are not agreed upon. *Id*. "Only exhibits so listed shall be offered into evidence at trial, except for good cause shown." *Id*. Since the Court's September 21st deadline, Experian has filed four amended exhibit lists, adding a total of 29 additional exhibits. Experian has offered no justification for its continued violation of this Court's order.

Experian added 2 exhibits on September 23rd, 6 exhibits on September 27th, 5 exhibits on October 6th, and 16 exhibits on October 16th. See Docket Nos. 795, 830, 848, and 852. Of Experian's 29 new exhibits, 11 were not even produced during discovery.[1] Experian filed these lists without seeking leave from the Court and without showing good cause for the late additions.

Now, with a week and a half remaining until trial, Experian should not be allowed to continue to amend its exhibit lists without, at a minimum, seeking leave of this Court's order. Experian's continuing refusal to abide by this Court's order prejudices Fair Isaac and its ability to prepare for trial because Experian continues to expand the universe of exhibits. Indeed, this court discourages "'[t]rial by ambush,' where late disclosures not only prejudice the opponent substantively, but also procedurally by diverting the opponent's attention from work that is timely, and necessary, in accordance with the Pretrial Scheduling

---

[1] These are exhibits EX0412, EX0413, EX0420, EX0423, EX0424, EX0425, EX0429, EX0432, EX0433, EX0434, and EX0436.

81076436.1

Order of the Court." *FLOE Intern., Inc. v. Newmans' Mfg. Inc.*, 2005 WL 6218040, at *4 (D. Minn. 2005); *see also ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, 2001 WL 1381098, at *4 (D. Minn. 2001) ("The Court finds that, if scheduling orders are to serve any meaningful purpose, it is a proper exercise of its discretion to prevent trial by ambush and to ensure that all parties have an ample opportunity to prepare their case for the scheduled trial date. Responsible case management by a Court requires no less.").

In conclusion, in accordance with this Court's scheduling order, this Court should exclude the exhibits listed on Experian's four amended exhibit lists because the exhibits are untimely and their late disclosure prejudices Fair Isaac.

Date: October 18, 2009     **Robins, Kaplan, Miller & Ciresi, L.L.P.**

    **By:**    s/ Laura E. Nelson
            Ronald J. Schutz (130849)
            Randall Tietjen (214474)
            Michael A. Collyard (302569)
            Laura E. Nelson (0342798)
            Mary E. Kiedrowksi (0346378)
            2800 LaSalle Plaza
            800 LaSalle Avenue
            Minneapolis, MN 55402
            Tel: (612) 349-8500
            Fax: (612) 339-4181

            **Attorneys for Plaintiffs**

81076436.1