IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.; <br><br> Plaintiffs, <br><br> v. <br><br> Experian Information Solutions, Inc.; Trans Union LLC; VantageScore Solutions, LLC; and Does I through X; <br><br> Defendants. | Civil Action No: <br> 0:06-cv-04112 (ADM/JSM) |

**EXPERIAN'S MEMORANDUM OF LAW IN OPPOSITION TO
FAIR ISAAC'S UNTIMELY MOTION TO EXCLUDE EXHIBITS ON
<u>EXPERIAN'S AMENDED EXHIBIT LISTS</u>**

Plaintiffs ask the Court to prevent Defendant Experian Information Solutions, Inc. ("Experian") from using at trial a small number of documents added to Experian's exhibit list several weeks prior to trial. Experian had good cause to amend its exhibit list, and Plaintiffs cannot show any resulting prejudice.[1]

Plaintiffs' motion glosses over the actual documents at issue, including with respect to their small volume and the circumstances of the amendments, and never even attempts to describe the documents. An examination of the documents shows that good

---

[1] Plaintiffs' motion was filed one day before the hearing date noticed. This is surprisingly late, given that many of the additions to Experian's exhibit list were made nearly a month prior to Plaintiffs' motion.

cause exists and that Plaintiffs will suffer no prejudice by their use.  The documents added to Experian's list fall into five general categories.

1. **<u>Declarations Created on or after September 21.</u>**

First, Plaintiffs complain about documents created on or after the Scheduling Order exhibit list deadline which could not possibly have been produced in discovery or included on the original exhibit list.  These include authenticating declarations from Equifax that were prepared on September 21 and October 6.  (EX0412, EX0413, and EX0425.)  The declarations were made necessary by Plaintiffs' recent hearsay and authenticity objections, and do nothing more than seek to answer those objections.  We understand that Equifax is preparing additional authenticating declarations that may also need to be added to Experian's exhibit list.  Equifax has been diligent in preparing these declarations, and Experian has no power to force them to move any more quickly.

Similarly, Plaintiffs complain about the addition of printed-out webpages from a website launched on October 5, 2009 by a third party, Credit.com.  (EX0432, EX0433, and EX0434.)  Experian could not have learned of these documents prior to the websites' introduction, and it diligently added the webpages to the exhibit list within days of the website's introduction.  Plaintiffs have had several weeks to review these documents and cannot seriously claim that they would need any additional time.

2. **<u>Public Domain Websites.</u>**

Experian has also added certain public domain websites to its exhibit list. (EX0420, EX0423, EX0424, EX0430, and EX0436.)  Given the delay in the trial date and the significant amount of time that has passed since the close of fact discovery,

Experian has good cause to offer the jury the most recent versions of these websites possible. Because these documents are in the public domain, Plaintiffs have not suffered any surprise, or any other prejudice, as a result of their inclusion.

3. **Press Releases.**

In order to streamline its presentation to the jury, Experian intends to introduce a handful of press releases to help establish the dates on which certain of Experian's credit scores were introduced. (EX0414 to EX0419.) Given that these documents are a mere 12 pages long *in total* and were added to Experian's exhibit list on September 27 – a month before trial – Plaintiffs cannot seriously claim that they have been prejudiced by these additions.

4. **Exhibits Related to a Newly-Discovered Witness.**

On September 18, 2009, Jim Christiansen of LexisNexis Risk & Information Analytics Group Inc. agreed to appear as a third party witness in this matter, to testify concerning his company's use for many years of three digit numbers in approximately the range 300 to 850 in connection with credit scoring services. Although Experian was aware that LexisNexis offered a competing product, it was unaware until that date that LexisNexis would have evidence relevant to this matter. After this discovery, Experian diligently searched for documents related to Mr. Christiansen and added EX0421 and EX0422, both of which come from Fair Isaac's production, to its exhibit list on October 6. Plaintiffs cannot claim that they suffered any prejudice in reviewing these documents in the three weeks between Experian's supplement and trial.

**5. Rebuttal Documents.**

Experian, as a defendant in this matter, cannot fully anticipate what documents and arguments Plaintiffs might make, and would have good cause to amend its exhibit list to incorporate exhibits needed to respond to unanticipated arguments. Plaintiffs have expressed the exact same concern and therefore have sought to reserve the right to "offer any exhibit not on [their] list for impeachment or rebuttal purposes." Plaintiffs' Exhibit List, Docket No. 780.

Experian diligently has attempted to anticipate the various approaches that Plaintiffs might take at trial and has added certain exhibits to its list that it believes have already become necessary for rebuttal, based on Plaintiffs' exhibit list and other materials filed. (EX0426 to EX0429, EX0431, EX0435 and EX0437 to EX0441.) By doing so, Experian has sought to *eliminate*, not create, the possibility of prejudice, by identifying in advance as many documents as possible.

For example, it is unknown whether Plaintiffs will admit or deny that they were aware of Experian's competing credit score well prior to their fraudulent representations to the Patent and Trademark Office. If Plaintiffs deny such knowledge, Experian will cross-examine Plaintiffs' witnesses with, among other things, EX0438, a letter sent by Experian to Fair Isaac in July 2001, which discusses Experian's competing credit score – a credit score that publicly used the scoring range 340-820.

*     *     *     *

Given that the entire universe of these documents is just over 200 pages, and that the last of them were added at least two weeks prior to trial, Plaintiffs cannot claim any

prejudice. The Court's original schedule allowed for two weeks between the exchange of exhibit lists and the beginning of trial. Experian received Plaintiffs' 687-exhibit list, comprising eleven boxes of documents, on September 22 – yet were fully prepared to go forward to trial on October 5, thirteen days later. Plaintiffs, on the other hand, received 29 additional exhibits from Experian at least thirteen days prior to trial (and many were added well before that), yet claim that it would be an impossible and prejudicial task for them to have to prepare for trial while reviewing them. This argument is meritless, and Plaintiffs' motion should be denied.

Like Experian, Plaintiffs have filed post-September 21 amendments. On Tuesday, October 13, Plaintiffs filed amended objections and counter-designations for Defendants' deposition designations. Docket No. 849. Plaintiffs added counter-designations and objections for an entirely new deposition, without showing any good cause for failing to do so previously. Plaintiffs can hardly claim that amendments of timely-filed pre-trial documents are an unforgiveable sin.

Nor have courts so found. For example, in *United States v. Stein*, the court rejected a motion to exclude 60 documents added to an exhibit list where the documents were not voluminous, and where the moving party could show no prejudice. 584 F. Supp. 2d 660, 664 (S.D.N.Y. 2008). Plaintiffs' request similarly should be denied.

## CONCLUSION

The documents addressed by Plaintiffs' untimely motion were added for good cause. Plaintiffs make no effort to show any prejudice, and cannot do so, given the

limited volume and the substantial amount of time that Plaintiffs have had to review the documents. Plaintiffs' motion therefore should be denied.

Respectfully submitted this 19th day of October, 2009.

                                        **Lindquist & Vennum PLLP**

                                        By:   /s/ Mark A. Jacobson
Mark A. Jacobson (MN Bar #188943)
Christopher Sullivan (MN Bar #0343717)
LINDQUIST & VENNUM, P.L.L.P.
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

M. Elaine Johnston
Robert A. Milne
Christopher J. Glancy
Jack E. Pace III
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200
(212) 354-8113 (facsimile)

*Attorneys for Defendant Experian Information Solutions, Inc.*