UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation and
myFICO Consumer Services, Inc.,

        Plaintiffs,

  v.                                **ORDER**
                                     Civil No. 06-4112 ADM/JSM

Experian Information Solutions Inc.;
Trans Union, LLC; VantageScore
Solutions, LLC; and Does I through X,

        Defendants.

_____

Charles F. Rule, Esq., Joseph J. Bial, Esq., Cadwalader, Wickersham & Taft, LLP, Washington, D.C., and Ronald J. Schutz, Esq., Randall Tietjen, Esq., Michael A. Collyard, Esq., Christopher K. Larus, Esq., David W. Beehler, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Plaintiffs.

Mark A. Jacobson, Esq., Mark H. Zitzewitz, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, and M. Elaine Johnston, Esq., Robert A. Milne, Esq., Christopher J. Glancy, Esq., Jack E. Pace, III, Esq., Bryan D. Gant, Esq., White & Case LLP, New York, NY, on behalf of Experian Information Solutions Inc.

Lewis A. Remele, Jr., Esq., Christopher R. Morris, Esq., Bassford Remele, Minneapolis, MN, and James K. Gardner, Esq., Ralph T. Russell, Esq., Dao L. Boyle, Esq., Neal, Gerber & Eisenberg LLP, Chicago, IL, on behalf of Trans Union, LLC.

Barbara Podlucky Berens, Esq., Justi Rae Miller, Esq., Kelly & Berens, PA, Minneapolis, MN, on behalf of VantageScore Solutions, LLC.
_____

        On October 20, 2009, counsel for Plaintiffs Fair Isaac and myFico Consumer Services,

Inc. (collectively "Fair Isaac") and Defendants Experian Information Solutions Inc.

("Experian"), Trans Union, LLC ("Trans Union"), and VantageScore Solutions, LLC

("VantageScore") (collectively "Defendants") attended a pretrial conference before the

undersigned United States District Judge.  The Court heard oral argument on Defendants'

Motion in Limine to Exclude Third Party Statements [Docket No. 726] and Defendants' Motion in Limine to Exclude Evidence and Argument Relating to Trademark Validity [Docket No. 754].

By their first motion, Defendants seek to exclude 28 of Fair Isaac exhibits on the ground that they constitute inadmissible hearsay and are, in any event, irrelevant and unduly prejudicial. The exhibits consist, broadly speaking, of Defendants' internal emails, emails between consumers and Defendants or consumers and Fair Isaac, transcripts and call logs of telephone calls from consumers, postings by consumers on the "myFICO" internet discussion board, and online news articles. According to Defendants, the exhibits will be offered by Fair Isaac to show that Defendants' use of scoring ranges similar to Fair Isaac's trademark of "300-850" caused actual consumer confusion as to the source of Defendants' credit scores.

There significant differences in the types of statements made within the 28 exhibits at issue, and it is difficult, without having heard evidence or the purpose for which Fair Isaac will proffer each exhibit, to evaluate the factors bearing on admissibility, including (1) relevance, (2) prejudicial effect, (3) whether the statements in the exhibits are being offered for the truth of the matter asserted or for some other reason, and (4) whether the exhibits and the statements therein constitute hearsay and, if so, whether they fall within any exceptions to the hearsay rule. For that reason, the categorical exclusion requested by Defendants is denied.

In the interest of providing counsel with guidance, the Court will suggest that after a preliminary review of the exhibits, the call logs, transcripts, and emails between consumers and Defendants are likely to be admitted because they fall within the business records exception to the hearsay rule. Fed. R. Evid. 803(6). The statements found in the call logs, transcripts, and emails are likely admissible because they will not be offered to prove the truth of the matter

asserted and even if they are, they fall within one or more exceptions, specifically, the state of mind exception or the residual exception.  Fed. R. Evid. 803(3), 807.  On the issue of relevance, whether the claimed inferential gap between the statements in the call logs, transcripts, and emails and the question of actionable trademark confusion is so wide as to constitute an impermissible invitation to speculation, as opposed to a reasonable inference that may be drawn from the evidence, will not be decided at this early juncture.  Defendants preserve their right to object to the admission of particular call log entries, transcripts, and emails as those documents are offered into evidence.

The online news articles and the postings on the "myFICO" internet discussion board are, by contrast, likely inadmissible.  In particular, the probative value and inherent reliability of the statements in those documents is questionable, while the danger of unfair prejudice, confusion, and cumulativeness is evident.

Lastly, the admissibility of the emails between consumers and Fair Isaac, like the emails between consumers and Defendants, will be decided on a individual basis.  Unlike the emails between consumers and Defendants, however, the inherent reliability and circumstantial guarantees of trustworthiness regarding the statements found in the emails between consumers and Fair Isaac is less clear.

By their Motion in Limine to Exclude Evidence and Argument Relating to Trademark Validity, Defendants seek a ruling that (1) Fair Isaac be precluded from arguing that because the 300-850 mark was registered by the United States Patent and Trademark Office ("PTO"), it is entitled to a presumption that it has acquired secondary meaning; and (2) the registrations themselves, along with their accompanying trademark prosecution files, be excluded from

evidence.  Argument about burdens and presumptions involve questions of law more appropriately dealt with in ruling on what issues are appropriately for the jury to decide and the manner in which those issues are submitted to the jury.  With regard to the registrations and their prosecution files, the Court is not persuaded, at this time, that their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  The Court will, however, entertain proposed limitations on the use of this evidence, as well as proposed cautionary instructions concerning the relevance and value of the evidence.  In terms of preparing its opening statement, Fair Isaac is permitted, if it so chooses, to refer to the trademark registrations but may not comment on the effect the registrations may or may not have on burdens or presumptions.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Exclude Third Party Statements [Docket No. 726] and Motion in Limine to Exclude Evidence and Argument Relating to Trademark Validity [Docket No. 754] are **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 23, 2009.