## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc., | Civil Action No: 06 CV 4112 ADM/JSM |
| Plaintiffs, | |
| v. | **Fair Isaac's Memorandum of Law in Support of its Motion to Exclude the Declaration of and any Testimony by Caleb Hudson** |
| Experian Information Solutions Inc.; Trans Union, LLC; and VantageScore Solutions, LLC; and Does I through X, | |
| Defendants. | |

Parties should not be rewarded when they don't comply with this Court's schedule and rules and, thus, the defendants should not be allowed to call Caleb Hudson as a witness or introduce his declaration and exhibits. The first time that Fair Isaac heard of Hudson as a witness was on October 28, 2009, after this trial had already begun. Fair Isaac had no ability to subpoena him for documents or to depose him. But more to the point, there was no reason for the defendants to not have previously disclosed him as a potential witness—other than to hide the ball. The prejudice to Fair Isaac should be apparent. The Court should not allow the untimely disclosure of trial witness and documents. If the defendants had timely disclosed Hudson and his declaration, Fair Isaac would have had an opportunity to serve a subpoena him to obtain documents and deposition testimony with which to voir dire, cross examine, or otherwise challenge the testimony or declaration of Hudson.

### Background

Understanding the unfairness of allowing Hudson's declaration into evidence or any

testimony from Hudson depends on understanding the chronology of events relating to the defendants' failure to disclose (1) OLSON as a witness, (2) OLSON's documents, (3) Hudson's declaration, and (4) Hudson himself as a witness. The chronology of events shows that the defendants have delayed again and again, without justification, on all things relating to OLSON or Hudson:

### 2007

Feb.      The defendants agree in their responses to Fair Isaac's document requests to produce copies to Fair Isaac of all documents that they receive from third parties by subpoena.[1]

### 2008

Jan. 14   The Court establishes a fact discovery deadline of July 1, 2008, and a deadline for non-dispositive motions of December 1, 2008.[2]

May 28    Experian serves a subpoena on OLSON seeking production of documents; at no time after this do the defendants amend their Rule 26(a) disclosures to include OLSON.[3]

June 27   The Court establishes a deadline for non-dispositive motions of January 5, 2009.[4]

Nov. 21   The defendants file a motion to compel OLSON to produce documents and OLSON counters with a motion for a protective order, and still the

---

1. Declaration of Mary Kiedrowski, Ex. 1 (select pages of defendants' responses to Fair Isaac's document requests).
2. Third Amended Pretrial Scheduling Order [Docket No. 267] at 3, 4.
3. Kiedrowski Decl. Ex. 2.
4. Fourth Amended Pretrial Scheduling Order [Docket No. 374].

defendants do not amend their Rule 26(a) disclosures.[5]

**2009**

Dec. 10    Magistrate Judge Mayeron issues an Order requiring OLSON to produce

documents on or before January 9, 2009 and pay OLSON's expenses

associated with the production;[6] still, the defendants do not amend their

Rule 26(a) disclosures.

Jan. 9    OLSON (apparently) produces documents to the defendants but the

defendants do not produce any of the documents to Fair Isaac, and, still,

the defendants do not amend their Rule 26(a) disclosures.

Feb. 18    Experian cites five OLSON documents in response to a motion to compel

but, still, the defendants do not amend their Rule 26(a) disclosures.

Aug. 14    The defendants finally produce the OLSON documents to Fair Isaac with

their trial exhibits but still do not amend their Rule 26(a) disclosures.[7]

Sept. 17    The defendants send a trial subpoena to OLSON.[8]

Sept. 18    The defendants disclose OLSON (the organization) as a potential witness

on their Preliminary Lists of Live Witnesses.[9]

Oct. 29    The defendants send a copy of Caleb Hudson's declaration to Fair Isaac

but never amend their witness lists to include Hudson.[10]

Oct. 30    Fair Isaac serves a precautionary trial subpoena on Hudson, in the event

the defendants try to rely on Hudson's declaration as foundation for

---

5. See [Docket No. 439].
6. See [Docket No. 481].
7. Kiedrowski Ex.3 (Letter to R. Tietjen from H. Burke enclosing Experian's trial exhibits).
8. *Id.* Ex. 4 (copy of subpoena).
9. *Id.* Ex. 5.
10. *Id.* Ex. 6 (email from B. Gant, October 29, 2009, without attachments).

exhibits.[11]

Nov. 10    The defendants inform Fair Isaac that they intend to call OLSON as the

first witness in their defense.[12]

## Argument

### I.    The Court should exclude Hudson from testifying; Fair Isaac is prejudiced by the defendants' failure to disclose him as a witness

The Court can exclude witnesses when a party fails to comply with court-established

deadlines or when witnesses are not disclosed in initial disclosures as required by Rule 26 of

the Federal Rules of Civil Procedure.[13] Rule 26(A)(1)(a)(i) requires a party to make a

reasonable inquiry, followed by complete and detailed disclosures, identifying individuals

whom the disclosing party might use to support its claims or defenses.[14] Rule 26(e) requires a

party who makes a disclosure under 26(a) to supplement its response in a timely manner.[15]

Rule 37(c) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to

use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or harmless."[16]

---

11. *Id.* Ex. 7 (copy of cover letter and subpoena).

12. *Id.* Ex. 8 (email from B. Gant, November 10, 2009).

13. Fed. R. Civ. P. 37(c); *Life Plus Int'l v. Brown*, 317 F.3d 799, 803 (8th Cir. 2003) (the Eighth Circuit starts "with the premise that a district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the Court's pretrial order") (quoting *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51 (8th Cir. 1982)).

14. Fed. R. Civ. P. 26(a)(1)(A)(i); *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (excluding undisclosed witnesses when party did not make a reasonable inquiry before submitting initial disclosures).

15. Fed. R. Civ. P. 26(e).

16. Fed. R. Civ. P. 37(c); *ADS Holdings, Inc. v. Fed. Ins. Co.*, 2008 WL 2042624 at *4 (D. Minn. May 13, 2008) (adopting Magistrate Judge's report and recommendation excluding evidence as a sanction for violating Rule 26(e)); *Transclean Corp. v. Bridgewood Servs.*, 101 F. Supp. 2d 788 (D. Minn. 2000) (excluding a supplemental expert report that was submitted eighteen months after the deadline

This result is "self-executing" and "automatic" and designed to compel a party to disclose witnesses whom the party intends to use at trial.[17] "The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1)."[18] In determining whether to exclude a witness for failure to disclose, a district court, as the Eighth Circuit has explained, "should consider factors such as (1) the reason for failing to disclose the witness earlier, (2) the importance of the witness's testimony, (3) the opposing party's need for time to prepare, and (4) whether a continuance would be useful."[19] A party cannot show that a delayed disclosure is "substantially justified" when the delay could have reasonably been avoided.[20] Disclosures that unduly prejudice the opposing party are not harmless.[21]

Here, the defendants have *never* disclosed Caleb Hudson on their disclosures under Rule 26(a) or on any of their witness lists. The late "disclosure" of Hudson through service of his declaration after trial began cannot be justified and it is not harmless. Hudson was not identified in any party's initial disclosures or in response to written discovery. He was never deposed and never disclosed in response to discovery requests. The defendants subpoenaed "OLSON" over a year ago and "OLSON" produced documents over nine months ago, and

for expert disclosures and less than a year before trial); *CNH Capital Am., LLC v. Kramer*, 2008 WL 877636 at *1–2 (N.D. Iowa Mar. 31, 2008).

17. Fed. R. Civ. P. 37(c)(1), Notes of Advisory Committee on Rules, 1993 Amendments.

18. *Sender*, 225 F.R.D. at 655.

19. *Life Plus Int'l*, 317 F.3d at 803–04.

20. *Compare Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759–60 (8th Cir. 2006) (introduction of expert witness after deadline has passed is not allowed when the party had "ample opportunity to develop" the issue and when the party "should have sought [to supplement]" pursuant to Fed. R. Civ. P. 26(e)) *with Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (delay is substantially justified when the party adding the witness was unaware of the witness until immediately before trial).

21. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008–09 (8th Cir. 1998) (opposing party would be harmed by the delayed production of information because it had little time to prepare a rebuttal for trial).

still the defendants did not identify even "OLSON" alone as a witness until their pretrial disclosures on September 21, 2009. And even then, the defendants did not name a witness who would provide testimony for OLSON. Rather, the defendants waited until after the trial started to send Hudson's declaration to Fair Isaac, placing Fair Isaac in a position where it has no ability to cross examine or take discovery from this witness.

According to their memorandum in response to Fair Isaac's motion to exclude any testimony from OLSON itself, the defendants claim that they are allowed to disclose witnesses late if Fair Isaac objects to the documents on the defendants' exhibit lists. [22] That is not the law, nor is it what the Court's pretrial-scheduling order allows. Discovery battles and foundational support for documents are to be sorted out well before trial, and witnesses are to be timely identified. If objecting to clearly inadmissible documents were justification for new witnesses to appear in the case, discovery scheduling orders would be meaningless and Fair Isaac would be forced to either waive all objections to inadmissible documents or object and then be ambushed by an affidavit from a witness that was not disclosed or deposed in the case, which is exactly what the defendants have done here.

## II.   Hudson's declaration is untimely under the requirements of Rule 902(11) and should be excluded for that reason (among others)

On October 29, 2009, after trial began, the defendants served Fair Isaac with a copy of Caleb Hudson's declaration. The defendants have never amended their exhibit list to add this declaration and they apparently believe that the declaration meets the foundation requirements for a written declaration under Rule 902(11). But it doesn't. Rule 902(11) requires that the party offering a record by a declaration under Rule 902(11) make the

---

22. *See* Defs.' Memo. in Opposition to Pls.' Mot. To Exclude Witnesses Who Were Not Disclosed in Defs.' Initial Disclosures During Discovery, Docket No. 843, at 13-14.

"declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." Here, the defendants did not provide sufficient notice of Hudson's declaration under Rule 902(11).

As the Rule states, the defendants were required to make Hudson's declaration available for inspection sufficiently in advance of their offer of any records into evidence. The purpose of this requirement is to give Fair Isaac a fair opportunity to challenge the declaration.[23] In this case, the defendants waited until after trial started to send the declaration to Fair Isaac. As *HSBC Insurance Ltd. v. Scanwell Container Line Ltd.*[24] explains, providing a declaration shortly before trial does not give sufficient notice.[25] Similarly, the disclosure of Hudson's declaration after the trial started does not give Fair Isaac adequate notice to be able to investigate the accuracy or veracity of the matters asserted.

## Conclusion

The Court should exclude Hudson from testifying at trial. The defendants have never disclosed Hudson as a witness for trial and Fair Isaac has had no opportunity to depose him or otherwise fairly prepare for his testimony. Hudson's untimely declaration should also not be allowed because it does not satisfy the timely disclosure requirements of Rule 902(11) and similarly prejudices Fair Isaac.

---

23. Fed R. Evid. 902(11).
24. 2001 WL 187581 at *2 (C.D. Cal. 2001).
25. *Id.* ("Here there was insufficient notice: the Plaintiffs only provided the receipts and declaration shortly before trial so there was insufficient time for the opposing parties to challenge them. Thus, the receipts are not admissible under the business records rule.").

Date: November 11, 2009                    **Robins, Kaplan, Miller & Ciresi, L.L.P.**


                                           **By:**   s/Mary E. Kiedrowski
                                                  Ronald J. Schutz (130849)
                                                  Randall Tietjen (214474)
                                                  Michael A. Collyard (302569)
                                                  Laura E. Nelson (0342798)
                                                  Mary E. Kiedrowski (0346378)

                                           2800 LaSalle Plaza
                                           800 LaSalle Avenue
                                           Minneapolis, MN 55402
                                           Tel: (612) 349-8500
                                           Fax: (612) 339-4181

                                           **Attorneys for Plaintiffs Fair Isaac Corporation
                                           and myFICO Consumer Services, Inc.**