IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.; <br><br> Fair Isaac, <br><br> v. <br><br> Experian Information Solutions, Inc.; Trans Union LLC; VantageScore Solutions, LLC; and Does I through X; <br><br><br><br> Defendants. | Civil Action No: <br> 0:06-cv-04112 (ADM/JSM) |

**RESPONSE IN OPPOSITION TO FAIR ISAAC'S
MOTION TO EXCLUDE THE DECLARATION OF
AND ANY TESTIMONY BY CALEB HUDSON**

Plaintiffs have challenged every document on Defendants' exhibit lists produced by OLSON, pursuant to subpoena, on authenticity and hearsay grounds. Defendants offer two forms of foundational evidence to support the authenticity of documents produced by OLSON in this case – a live witness or a declaration. This foundational evidence would establish the admissibility of documents produced almost a year ago and included on Defendants' exhibit lists from the beginning. Plaintiffs ask this Court to reject both forms of foundation, and keep the underlying documents from the jury, purportedly for lack of adequate notice. The Court should reject Plaintiffs' evidentiary gambit.

## FACTS

OLSON is a third party consultant originally brought in by Fair Isaac in 2006 to examine Fair Isaac's branding and develop potential advertising campaigns in response to the introduction of VantageScore.  Given the obvious relevance of OLSON's work to the trademark claims in this case, on May 28, 2008, Experian served a subpoena on OLSON.  The key dates with respect to the OLSON documents are as follows:

| | |
|---|---|
| Dec. 10, 2008: | Ruling on a motion to compel, Magistrate Judge Mayeron orders OLSON to produce documents to Defendants by January 9, 2009.  Docket No. 481. |
| Jan. 9, 2009: | OLSON produces the documents and copies Fair Isaac's counsel on the cover letter.  Declaration of Bryan Gant ("Gant Decl."), ¶2 & Ex. 1. |
| Feb. 17, 2009: | Experian files a Response to a Fair Isaac motion to compel. (Docket No. 609). The Response quotes from a number of the OLSON documents and specifically notes that "The documents discussed here <u>from the production of third party OLSON</u> recount interviews with and other statements by Fair Isaac employees."  Gant Decl. ¶¶ 4-5; Docket Number 609, p. 22 (emphasis added). Many of the trial exhibits that are the subject of this motion were discussed in the Response.  Gant Decl. ¶ 8. |
| Aug. 14, 2009: | Defendants send Fair Isaac their initial Exhibit Lists – and forward a disk of exhibits that includes the documents produced by OLSON at issue here.  Gant Decl. ¶ 9; Kiedrowski Decl. Ex. 3. |
| Sept. 1, 2009: | Because Fair Isaac objects to the OLSON documents on foundation and hearsay grounds, Experian counsel contacts OLSON counsel to request that an OLSON document custodian sign a declaration attesting to the authenticity of the documents at issue.  Gant Decl. ¶ 11. |
| Prior to Sept. 17, 2009: | In a conversation between Experian counsel and OLSON counsel, OLSON counsel indicates that he has spoken with Fair Isaac counsel regarding the declaration and that Fair Isaac has |

| | |
|---|---|
| | indicated that it would subpoena OLSON for trial if OLSON signs a declaration. Gant Decl. ¶ 12. |
| Sept. 17, 2009: | Because no declaration has been signed and because of OLSON counsel's comment regarding Fair Isaac's possible subpoena, Experian counsel serves a trial subpoena on OLSON for the document custodian, with service on Fair Isaac. Gant Decl. ¶ 13; Kiedrowski Decl. Ex. 4. |
| Sept. 18, 2009: | Defendants disclose OLSON document custodian on preliminary witness list. Kiedrowski Decl. Ex. 5. |
| Oct. 29, 2009: | OLSON's counsel forwards a declaration attesting to the authenticity of the documents on Experian's exhibit list. Experian serves the Declaration of Caleb Hudson on Fair Isaac. Gant Decl. ¶ 14; Kiedrowski Decl. Ex. 6. |
| Oct. 30, 2009: | Fair Isaac subpoenas Caleb Hudson. Gant Decl. ¶ 15, Exs. 3-4. |

## ARGUMENT

### I. Fair Isaac's Rule 26(a) Arguments Have Already Been Presented To This Court

Fair Isaac's arguments with respect to the Rule 26(a) disclosure of OLSON are more fully discussed in their Motion to Exclude Witnesses Who Were Not Disclosed in Defendants' Initial Disclosures During Discovery, Docket. No. 807, and Defendants' Opposition, Docket No. 843. Rather than repeat those arguments, we respectfully refer the Court to the earlier briefing, which adequately demonstrated that the disclosures were proper.

Fair Isaac's one new argument is the claim that it did not hear the name "Caleb Hudson" until October 29, 2009 – when Mr. Hudson signed a declaration on behalf of OLSON and agreed to be OLSON's company representative at trial – and that Mr. Hudson should have been disclosed as an individual witness. This argument is specious.

Fair Isaac has been aware of an OLSON document custodian witness since Defendants served a trial subpoena on OLSON almost two months ago, on September 17.

## II.   Fair Isaac Has Had Adequate Notice of the Hudson Declaration

As an initial matter, OLSON is expected to appear and testify regarding the authenticity of the documents at issue; this testimony obviates the need for the Declaration of Caleb Hudson.  However, if the Court were to find that OLSON's appearance were somehow improper, the Declaration of Caleb Hudson independently provides sufficient evidentiary support for admission of the OLSON Documents.

As discussed above, Fair Isaac first became aware that OLSON had been asked to sign a declaration in early September, 2009, when Fair Isaac spoke with OLSON on the topic.   Fair Isaac cannot therefore legitimately argue that it lacked sufficient notice of the Hudson Declaration; it was actively aware of it, and actively involved.

But even if Fair Isaac's involvement in the creation of the declaration were to be discounted, Fair Isaac has now had two weeks from receipt of the declaration to take whatever steps might need to be taken to challenge it.  Federal Rule of Evidence 902(11) requires notice of declarations "sufficiently in advance of the offer to provide an adverse party fair opportunity to challenge them."  Two weeks is a fair opportunity.[1]  In fact, Fair

---

[1] Plaintiffs can offer no support for the idea that a third party's delay in providing an authenticating declaration is grounds for exclusion.  The one case that Plaintiffs cite relating to Rule 902(11) is *HSBC Insurance Ltd. V. Scanwell Container Line, Ltd.*, 2001 WL 1875851 (C.D. Cal., July 25, 2001).  In that case, the declaration was prepared by an employee of the plaintiff; here the declaration was prepared by a third party over which Defendants had no control.

Isaac has used that time to issue its own trial subpoena so that it can challenge the statements in Mr. Hudson's declaration by examination under oath at trial.

## CONCLUSION

The testimony of OLSON and the Declaration of Caleb Hudson are designed to help assure the Court that the OLSON Documents are authentic business records. Fair Isaac's claim is therefore not that it is surprised to learn about the documents themselves – Fair Isaac admits it has known of them for at least three months (and likely longer). Rather, Fair Isaac claims it is surprised to learn that the documents are authentic and admissible – or are unwilling to explore whether they are authentic and admissible – and that this new "fact" is somehow prejudicial. This belated attempt to avoid the admission of admissible, highly relevant documents should be rejected.

Dated: November 12, 2009.

**Lindquist & Vennum PLLP**

By: s/ Mark A. Jacobson
    Mark A. Jacobson (MN Bar #188943)
    Christopher R. Sullivan (MN Bar #0343717)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 371-3211
Fax: (612) 371-3207
mjacobson@lindquist.com
csullivan@lindquist.com
– AND –

**White & Case LLP**
Robert A. Milne
Christopher J. Glancy
Jack E. Pace III
1155 Avenue of the Americas
New York, NY 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113
mejohnston@ny.whitecase.com
rmilne@whitecase.com
cglancy@whitecase.com
jpace@whitecase.com

*Attorneys for Defendant Experian Information Solutions, Inc.*