UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation and
myFICO Consumer Services, Inc.,

        Plaintiffs,

  v.                           **ORDER**
                                 Civil No. 06-4112 ADM/JSM

Experian Information Solutions Inc.;
Trans Union, LLC; VantageScore
Solutions, LLC; and Does I through X,

        Defendants.

_____

Charles F. Rule, Esq., Joseph J. Bial, Esq., Cadwalader, Wickersham & Taft, LLP, Washington, D.C., and Ronald J. Schutz, Esq., Randall Tietjen, Esq., Michael A. Collyard, Esq., Christopher K. Larus, Esq., David W. Beehler, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Plaintiffs.

Mark A. Jacobson, Esq., Mark H. Zitzewitz, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, and M. Elaine Johnston, Esq., Robert A. Milne, Esq., Christopher J. Glancy, Esq., Jack E. Pace, III, Esq., Bryan D. Gant, Esq., White & Case LLP, New York, NY, on behalf of Experian Information Solutions Inc.

Lewis A. Remele, Jr., Esq., Christopher R. Morris, Esq., Bassford Remele, Minneapolis, MN, and James K. Gardner, Esq., Ralph T. Russell, Esq., Dao L. Boyle, Esq., Neal, Gerber & Eisenberg LLP, Chicago, IL, on behalf of Trans Union, LLC.

Barbara Podlucky Berens, Esq., Justi Rae Miller, Esq., Kelly & Berens, PA, Minneapolis, MN, on behalf of VantageScore Solutions, LLC.
_____

       The above-titled matter was the subject of a jury trial commencing on October 29, 2009, before the undersigned United States District Judge. Plaintiffs Fair Isaac Corporation and myFICO Consumer Services, Inc.'s (collectively "Fair Isaac") brought claims against Defendants Experian Information Solutions Inc. ("Experian"); Trans Union, LLC ("Trans Union"); and VantageScore Solutions, LLC ("VantageScore") (collectively "Defendants") for

trademark infringement and unfair competition under federal and state law and for passing off under Minnesota law.  One aspect of its infringement and unfair competition claims is Fair Isaac's allegation that Experian and Trans Union purchased Fair Isaac's trademarks as keyword search terms on Internet search engines.  During the trial, there was no testimony assessing damages caused by the use of trademarks as keyword search terms and Fair Isaac clarified that the relief sought for Experian's and Trans Union's uses of keyword search terms was limited to an injunction, an equitable remedy.  The Court ruled at the close of evidence that there was no right to a jury trial on this equitable claim and it would therefore be decided by the Court.

Also at the close of evidence, the Court ruled that Fair Isaac's passing off claims arose under the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. §§ 325D.43-48, and, for that reason, the only relief available for those claims was the equitable relief of an injunction.  See <u>Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.</u>, 603 N.W.2d 336, 339 (Minn. App. 1999) (holding that "the sole statutory remedy for deceptive trade practices is injunctive relief") (quotation omitted).  Because the passing off claims, if successful, would permit equitable relief only, the Court concluded that there was no right to a jury trial on the passing off claims, and, therefore, those claims would be determined by the Court.

The remaining claims, which related to Fair Isaac's alleged trademark rights in the term "300-850," were submitted to the jury.  On November 20, 2009, the jury returned a verdict finding that the alleged "300-850" mark was not a valid, protectable trademark because the term "300-850" has not acquired secondary meaning.  The Court accepts and adopts the jury's findings for purposes of the outstanding keyword advertising claims and passing off claims.  The

parties agreed at the conclusion of the trial that the Court had before it all of the evidence relevant to the claims to be resolved by the Court.

To prevail on its keyword advertising claims, Fair Isaac must prove that (1) it owns valid, distinctive trademarks that are entitled to protection and (2) Experian's and Trans Union's uses of those marks as keyword search terms was likely to confuse consumers about the source, sponsorship, or affiliation of Experian's and Trans Union's products or services.  See Jeld-Wen, Inc. v. Dalco Indus., Inc., No. 99-1005, 1999 WL 1024002, at *2 (8th Cir. Nov. 10, 1999) (citing Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc., 182 F.3d 598, 601 (8th Cir. 1999)).  To the extent that Fair Isaac bases its keyword advertising claims on the alleged "300-850" mark, such a claim fails in light the jury's finding that "300-850" is not a valid mark.  To the extent that the keyword advertising claims are based on the "Fair Isaac" and "FICO" marks, the Court finds that the weight of the evidence adduced at trial does not support a credible inference that Experian's and Trans Union's purchases of Fair Isaac's trademarks as keyword search terms was likely to confuse consumers.  The only evidence adduced at trial in support of the assertion that the keyword advertising was likely to cause confusion—the opinion testimony of Fair Isaac's expert James Berger—lacks credibility.  Accordingly, Fair Isaac's claims based on keyword advertising fail.

To prevail on a passing off claim requires proof that a defendant engaged in conduct that "deceive[d], or is likely to deceive, a [consumer] exercising ordinary care in the making of a purchase of the particular goods, and [that such conduct] induce[d] [such a consumer] to purchase defendant's goods in the belief that they are those of plaintiff."  Winston & Newell Co. v. Piggly Wiggly Nw., 22 N.W.2d 11, 16 (Minn. 1946) (citing 52 Am. Jur., Trademarks,

Tradenames, etc. §§ 114, 128); see also United HealthCare Ins. Co. v. AdvancePCS, 316 F.3d 737, 743 (8th Cir. 2002) (approving the district court's definition of "passing off" as being "[a]ny conduct, the nature and probable tendency of effect of which is to deceive the public so as to 'pass off' the goods or business of one person as and for the goods or business of another") (alteration in original) (quotation omitted). Regardless of whether Fair Isaac's passing off claims under the MDTPA necessarily fail because the Lanham Act claims fail,[1] the Court finds that no credible evidence adduced during the trial supports the finding that Defendants engaged in conduct that (1) deceived or was likely to deceive consumers exercising ordinary care and (2) induced consumers to purchase Defendants' products and services in the belief that they were those of Fair Isaac. The Court finds that the complained of conduct by the Defendants did not cause deception or likely deception and did not induce consumers to purchase Defendants products or services in the belief that they were those of Fair Isaac; rather to the extent that deception or confusion occurred, it was caused by consumers being generally unfamiliar with the intricacies of the credit scoring industry. Fair Isaac's passing off claims fail.

Lastly, after Fair Isaac limited during the trial its claims against VantageScore to equitable relief only, the Court submitted only liability questions to the jury regarding VantageScore. In light of the jury's finding on the unfair competition and infringement claims

---

[1] As the Court indicated during the proceedings on November 19, 2009, Fair Isaac's passing off claims under the MDTPA are largely coextensive with its claims under the Lanham Act. See Transclean Corp. v. Bridgewood Servs., Inc., 77 F. Supp. 2d 1045, 1091-92 (D. Minn. 1999) (holding that "in the context of trademark infringement, the standards employed under the Lanham Act and the [MDTPA] are substantially the same"). But see United HealthCare Ins. Co. v. AdvancePCS, No. Civ. 01-2320, 2002 WL 432068, at *12 n.15 (D. Minn. Mar. 18, 2002) (stating that "the MDTPA overlaps with the Lanham Act in certain contexts, but is not confined to the metes and bounds of the federal statute").

and the Court's decision on the passing off claims, liability as to VantageScore has not been proved, which precludes any injunctive relief.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court finds in favor of Experian and Trans Union on Fair Isaac's keyword advertising claims;

2. The Court finds in favor of Defendants on Fair Isaac's passing off claims; and

3. Fair Isaac's failure to establish liability forecloses injunctive relief from VantageScore.

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  November 25, 2009.