**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Fair Isaac Corporation; and myFICO Consumer Services, Inc.; <br><br> Plaintiffs, <br><br> v. <br><br> Experian Information Solutions, Inc.; Trans Union LLC; VantageScore Solutions, LLC; and Does I through X; <br><br> Defendants. | Civil Action No: <br> 0:06-cv-04112 (ADM/JSM) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF A MOTION FOR AN AMENDED JUDGMENT AND FOR AN ORDER DIRECTING CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,083,563**

**BACKGROUND**

Defendants VantageScore Solutions, LLC ("VantageScore"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("TU") (collectively, "Defendants") submit this Memorandum in support of their motion for an amended judgment pursuant to Fed. R. Civ. P. 52(b) and 59(e) and for an order directing the United States Patent and Trademark Office ("PTO") to cancel the U.S. Trademark Registration No. 3,083,563 for the mark "300-850" currently owned by Fair Isaac Corporation ("FICO").

On February 27, 2009, each Defendant filed a counterclaim alleging that FICO committed fraud on the PTO during the course of the application process for a federal trademark registration for "300-850". On November 20, 2009, the jury found that FICO knowingly made a false representation to the PTO with the intent to deceive the PTO and

1

that the PTO relied on FICO's false representation when the PTO issued a trademark registration for "300-850." In addition, the jury found that "300-850" has not acquired secondary meaning and therefore is not a valid, protectable trademark. On November 25, 2009, the Court entered a final order and judgment in favor of Defendants on their counterclaims, but did not specifically address the relief sough by Defendants' on their counterclaims.[1]

In their respective counterclaims, Defendants requested, among other things, that the Court issue an order, pursuant to 15 U.S.C. § 1119, directing the PTO to cancel the "300-850" registration (Reg. No. 3,083,563). (Docket Nos. 606-608.) Under Section 37 of the Lanham Act, this Court has the authority to direct the PTO to cancel FICO's registration for "300-850." The jury verdict supports such an order, and Defendants have standing to request such relief. Defendants thus request this Court to grant their motion, amend its final order and judgment and/or issue an order directing the PTO to cancel FICO's registration for "300-850." *See* 15 U.S.C. § 1119.

**ARGUMENT**

**I.      Standard.**

Where, as here, a district court has issued a final order, Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure give the district court the "power to correct its own mistakes in the time period immediately following entry of judgment." *Norman v.*

---

[1] Although the Court's November 25, 2009 order stated that the Court was not ordering any injunctive relief, it is unclear whether the Court intended to deny injunctive or any other relief related to Defendants' counterclaims.

*Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996)(citing *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450 (1982)); *see U.S. Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 180 n. 9 (3d Cir.1981), *cert. denied,* 456 U.S. 961 (1982)(remanding a claim to the district court to make conclusions of law where the claim was tried but not determined by the district court and stating "it is clear that the district court has the power under Rules 52(b) and 59(e), read together, to alter or add to its conclusions of law where appropriate." (citing 5A *Moore's Federal Practice* § 52.11(2) (2d ed.)); *see also* 12 James Wm. Moore et al., *Moore's Federal Practice*, §§ 59.30[1], 59.30[5][a][iv] (3d ed. 1999); *cf* 9 James Wm. Moore et al., *Moore's Federal Practice*, § 52.60[1] (3d ed. 1997)("Rule 52(b) motions are often accompanied by, or brought simultaneously with, Rule 59(e) motions to amend the judgment."). Although such amendments are to be used sparingly, a motion will be granted if it is necessary to prevent manifest injustice or for other good cause. 11 Charles Alan Wright, Arthur R. Miller & MaryKay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).

For example, if a court's original final judgment failed to provide relief on a certain claim due to mistake or oversight, the court may amend its final judgment to grant such new or additional relief. "Under Rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself." *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987)(citations omitted);[2]

---

[2] Here, unlike the situation in *Ray E. Friedman & Co.*, Defendants are not trying to expand the judgment to include issues not raised at trial. The issue of cancellation of the registration due to fraud was not only pled by Defendants in their counterclaims but the factual basis to support such cancellation was determined by the jury.

3

*see U.S. Gypsum* 688 F.2d at 179-80 (stating "[t]he Rules recognize that judges will occasionally overlook issues, especially in a complex case" and Rule 52(b) permits counsel to ask the court to correct any "oversights that require correction."); 9 James Wm. Moore et al., *Moore's Federal Practice*, § 52.60[3] (3d ed.)(discussing purpose of Rule 52(b) and stating "[a]ny party may move the court to amend or supplement the findings to correct a manifest error in the court's findings of fact or conclusions of law"); *Clark v. Nix*, 578 F. Supp. 1515, 1516 (S.D. Iowa 1984)(stating that the "purpose of Rule 52(b) is to allow the trial court to correct manifest errors of law or fact").

Here, in light of the jury's verdict and the Court's entry of judgment in favor of Defendants on their counterclaims, the Court should amend its judgment to grant Defendants relief on their counterclaim and issue an order for the cancellation of FICO's "300-850" registration.

## II.     **Defendants Have a Real Interest in the Cancellation of FICO's Registration of "300-850".**

Defendants have standing to seek cancellation of FICO's trademark registration under Section 14 of the Lanham Act. Courts have determined that standing requires only "that the cancellation petitioner plead and prove facts showing a 'real interest' in the proceeding in order to establish standing." *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984)(affirming that fish canner who sought to cancel trademark registration based upon fraud had standing where *inter alia* the sales and promotion efforts of canner under similar trademark evidenced a pecuniary interest in the mark)(citing *Int'l Order of Job's Daughters,* 727 F.2d, 1087, 1092 (Fed. Cir.1984)).

Although "[n]o absolute test can be laid down for what must be proved," a cancellation petitioner must show that he is "more than an intermeddler" and instead has a personal interest in the cancellation of the trademark, and that there is a "real controversy between the parties." *Lipton Industries, Inc. v. Ralston Purina Co*, 670 F.2d 1024, 1028-29 (3d Cir. 1982).

Here, it is beyond dispute that Defendants have a real and cognizable interest in the cancellation of the "300-850" registration. On April 18, 2006, FICO obtained Reg. No. 3,083,563 for "300-850" in connection with "credit scoring; credit and risk management" services. After Experian and TU launched the VantageScore credit scoring service, FICO, relying on the registration, sued Defendants for trademark infringement and unfair competition based upon Defendants' use of the same or overlapping credit score ranges in connection with Defendants' competing credit scoring services, namely the VantageScore, PLUS Score, and TrueCredit credit scoring services. Indeed, throughout this litigation and at trial, the crux of FICO's allegations, argument, and requested relief was that its registration for the term "300-850" was sufficient to prevent any competitor, let alone the Defendants here, from using any range of possible outcomes for its credit scoring services that overlaps with 300-850.

In response to FICO's allegations, Defendants not only challenged the validity of the alleged "300-850" trademark and FICO's trademark infringement claims from the outset by asserting numerous affirmative defenses, Defendants asserted a counterclaim challenging the validity of the federal registration. (Docket Nos. 606-608.)

At trial, however, FICO was not able to prove that it had a valid, protectable trademark in "300-850." Furthermore, the jury concluded that FICO made a false representation of fact with the intent to deceive to the PTO and that the PTO relied on such a representation when it issued the "300-850" registration. But for the false representations, the PTO would not have issued the registration. Defendants have thus demonstrated that they have a real interest in the cancellation of the "300-850" registration.

### III. Cancellation of FICO's Registration of "300-850" Is Proper Under Section 14 of the Lanham Act.

Section 14 of the Lanham Act provides that a federal trademark registration may be canceled if the registration was obtained fraudulently. 15 U.S.C. § 1064(3). Evidence adduced at trial demonstrated that FICO knowingly made false statements to the PTO (statements subject to the penalties provided under 18 U.S.C. § 1001) for purposes of obtaining a trademark registration for the term "300-850." The jury concluded that FICO had committed fraud on the PTO when obtaining its registration for "300-850." Thus, cancellation of the registration "300-850" is proper under Section 14 of the Lanham Act.

### IV. This Court Has Concurrent Jurisdiction to Cancel FICO's Registration of "300-850" Under Section 37 of the Lanham Act.

Section 37 of the Lanham Act, 15 U.S.C. § 1119, empowers this Court to issue an order cancelling FICO's fraudulently obtained registration of "300-850," specifically providing that:

> In any action involving a registered mark the court may determine the right to registration, *order the cancellation of registrations*, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect

6

> to the registrations of any party to the action. Decrees and orders shall be
> certified by the court to the Director, who shall make appropriate entry
> upon the records of the Patent and Trademark Office, and shall be
> controlled thereby.

15 U.S.C. § 1119 (emphasis added).

Although the PTO provides one means to secure the cancellation of a trademark registration, Section 37 of the Lanham Act provides a district court with concurrent power to order cancellation to permit an entire controversy to be expediently resolved in one forum. *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 875 (8th Cir. 1994)(affirming district court's cancellation of a plaintiff's registered trademarks under the Lanham Act where marks were "neither registerable or protectable"); *see also Nolan, LLC v. EZ Moving & Storage West, Inc.*, No. 05-70982, 2005 WL 2063949, at *1-2 (E.D. Mich. Aug. 24, 2005)(denying motion to stay court proceedings pending the outcome of cancellation proceedings in the USPTO and noting that federal courts have "concurrent jurisdiction" and "[d]ecisions by the federal court are binding on the TTAB and the USPTO").

Here, expediency clearly would be served if the Court were to grant Defendants' motion to cancel the "300-850" registration. Defendants requested this specific relief when pleading their counterclaims. They have prevailed on those counterclaims, and they now wish to avoid having to obtain entry of this same finding by the PTO, which would in turn unnecessarily prolong this matter and generate additional costs and attorneys' fees. The jury has already found that FICO committed fraud on the PTO, which is a finding that is dispositive on the pending PTO Cancellation proceeding

7

between VantageScore and FICO concerning the "300-850" registration.[3] Furthermore, the jury found that "300-850" has not acquired secondary meaning and therefore is not, and indeed has never been, a valid, protectable trademark.  As a result, cancellation is appropriate under these circumstances and is a natural extension of the jury's verdict. Consequently, Defendants request that the Court acknowledge the jury's decision, amend its final judgment, and issue an order cancelling FICO's "300-850" registration.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court amend its final judgment, enter judgment against FICO, and grant Defendants the following relief[4]:

1. An order directing the PTO to cancel Reg. No. 3,083,563 pursuant to 15 U.S.C. § 1119;  and

2. Such other and further relief as the Court deems just and proper.

---

[3] The Trademark Trial and Appeal Board issued an order on January 16, 2008 suspending Cancellation No. 92/047218 on the basis that the civil action and Cancellation proceeding involved common issues of law and fact, and, thus, a decision by this Court could be dispositive of the issues being litigated in the Cancellation proceeding.

[4] Separately, Defendants have moved for reasonable attorneys' fees and costs under Section 35 of the Lanham Act. (Docket No. 972)

Respectfully submitted this 10th day of December, 2009.

        KELLY & BERENS, P.A.

        By:   s/ Justi R. Miller
        Barbara Podlucky Berens (MN #209788)
        Justi R. Miller (MN #0387330)
        3720 IDS Center
        80 South Eighth Street
        Minneapolis, MN 55402
        Tel: (612) 349-6171
        Fax: (612) 349-6416

        *Attorneys for Defendant*
        *VantageScore Solutions, LLC (and authorized*
        *to sign on behalf of all Defendants)*


        Mark A. Jacobson (MN Bar #188943)
        Christopher R. Sullivan (MN Bar #0343717)
        LINDQUIST & VENNUM, P.L.L.P.
        4200 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402
        (612) 371-3211
        (612) 371-3207 (facsimile)

        M. Elaine Johnston
        Robert A. Milne
        Jack E. Pace III
        WHITE & CASE LLP
        1155 Avenue of the Americas
        New York, NY 10036-2787
        (212) 819-8200
        (212) 354-8113 (facsimile)

        *Attorneys for Defendant Experian*
        *Information Solutions, Inc.*

Lewis A. Remele, Jr. (MN Bar #90724)
Christopher R. Morris (MN Bar #230613)
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Tel: (612) 376-1601
Fax: (612) 333-8829

James K. Gardner
Ralph T. Russell
Dao L. Boyle
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
Tel: (312) 269-8030
Fax: (312) 269-1747

*Attorneys for Defendant
Trans Union LLC*